MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
jnadolenco@mayerbrown.com
STEVEN E. RICH (SBN 198412)
srich@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone:  (213) 229-9500
Facsimile:   (213) 625-0248

Attorneys for Defendant
CITIMORTGAGE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS ROSAS; STEVEN ZIVANIC; YVONNE ZIVANIC; FERNANDO HINNAOUI; MARTHA V. HINNAOUI; SANDRA ENSHIWAT; ALI REZA AMIRJALAIY; KIAN KAMRANI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARNEGIE MORTGAGE, LLC; CITIMORTGAGE, INC.; CAL-WESTERN RECONVEYANCE CORPORATION; WASHINGTON MUTUAL BANK, F.A.; JP MORGAN CHASE BANK, N.A.; BANK OF AMERICA; QUALITY LOAN SERVICE CORPORATION; FEDERAL NATIONAL MORTGAGE ASSOCIATION; INDYMAC BANK F.S.B.; DEUTSCHE BANK NATIONAL TRUST COMPANY; ATLANTIC & PACIFIC FORECLOSURE SERVICES; WELLS FARGO BANK, N.A.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV11-07692 CAS (CWx)<br><br>**[PROPOSED] ORDER GRANTING CITIMORTGAGE, INC.'S MOTION TO DISMISS COMPLAINT**<br><br>Date:     December 5, 2011<br>Time:    10:00 a.m.<br>Judge:   Hon. Christina A. Snyder<br><br>Complaint Filed: August 17, 2011 |

---

[PROPOSED] ORDER GRANTING CITIMORTGAGE, INC.'S MOTION TO DISMISS COMPLAINT;
CASE NO. CV-11-07692 CAS (CWx)

700657695.1

# [PROPOSED] ORDER GRANTING MOTION TO DISMISS

Defendant CitiMortgage, Inc.'s ("Citi") Motion to Dismiss Complaint (the "Motion to Dismiss") came on for a regularly scheduled hearing on December 5, 2011 at 10:00 a.m., in Courtroom 5 of the above-captioned Court, the Honorable Christina A. Snyder presiding. Appearances were as noted on the record.

The Court, having considered the papers filed in support of and in opposition to the Motion to Dismiss, the pleadings and files in this action, and the arguments of counsel at the hearing on the Motion to Dismiss, hereby:

**GRANTS** Citi's Request for Judicial Notice and takes judicial notice of the documents attached as exhibits thereto; and

**GRANTS** the Motion to Dismiss with prejudice as to each of plaintiff Jose Luis Rosas's ("Rosas") claims against Citi pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that they fail to state a claim upon which relief can be granted (*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), and on the grounds set forth below.

## I. COUNTS I AND IV FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In Count I (Compl. ¶¶ 150-156), Rosas asserts a claim for breach of contract, and in Count IV (Compl. ¶¶ 173-177), Rosas asserts a claim for breach of an implied covenant. The Court dismisses Counts I and IV with prejudice for the following reasons, any one of which is sufficient to require dismissal.

First, Rosas is not party to the Servicer Participation Agreement ("SPA") entered into between Citi and Fannie Mae, and he may not sue for its alleged breach as a third-party beneficiary. Rosas has not shown and cannot show that the contracting parties intended to make Rosas entitled to a benefit promised in the SPA.

Second, because Rosas is not a third-party beneficiary of the SPA, he cannot state a claim for breach of any implied covenant in the SPA.

## II. COUNT II FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In Count II (Compl. ¶¶ 157-164), Rosas asserts a due process claim. The Court dismisses Count II for the following reasons, any one of which is sufficient to require dismissal.

First, Rosas has no private right of action against Citi based on alleged Home Affordable Modification Program ("HAMP") violations.

Second, Citi, at all relevant times, was not a state actor.

Third, HAMP does confer a protected property interest.

## III. COUNT V FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In Count V (Compl. ¶¶ 178-187), Rosas asserts a Cal. Civ. Code § 2923.5 claim. The Court dismisses Count V for the following reasons, any one of which is sufficient to require dismissal.

First, Section 2923.5 applies only to mortgages or deeds of trust recorded from January 1, 2003 to December 31, 2007, but the deed of trust governing Rosas's loan was recorded on March 21, 2008.

Second, even if Rosas's loan were covered by Section 2923.5, the complaint makes clear that Citi complied with any obligations that it may have under that statute.

Third, the complaint does not allege that Citi failed to contact Rosas before filing a notice of default.

/ / /

/ / /

/ / /

## IV. COUNT VI FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In Count VI (Compl. ¶¶ 188-210), Rosas asserts a wrongful foreclosure claim. The Court dismisses Count VI with prejudice for the following reasons, any one of which is sufficient to require dismissal.

First, while the complaint alleges that the Rosas's house was "scheduled to be auctioned on August 18, 2011" (Compl. ¶ 76), it does not allege that any such sale occurred.

Second, the complaint fails to allege that Rosas has tendered the amount due on his loan.

Third, even assuming Citi does not have a beneficial interest in Rosas's note, as alleged, Cal. Civ. Code § 2924 does not require such an interest to commence a non-judicial foreclosure sale.

Fourth, any foreclosure cannot be wrongful because (i) Rosas admits that he defaulted on his mortgage, and (ii) Rosas's deed permits foreclosure upon default.

## V. COUNT VII FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In Count VII (Compl. ¶¶ 211-218), Rosas asserts a quite title claim. The Court dismisses Count VII for the following reasons, any one of which is sufficient to require dismissal.

First, Rosas has not tendered payment on his loan.

Second, Rosas's loan has not been paid off through any securitization or credit default swap.

/ / /

/ / /

/ / /

/ / /

-3-

[PROPOSED] ORDER GRANTING CITIMORTGAGE, INC.'S MOTION TO DISMISS COMPLAINT; CASE NO. CV-11-07692 CAS (CWx)

700657695.1

1     Third, the complaint is not verified as required by Cal. Civ. Proc.
2 § 761.020, and does not and cannot plausibly allege that Rosas is entitled to title on
3 the property as required by Cal. Civ. Proc. § 761.020(b).

5 Dated: _____
                                                              Honorable Christina A. Snyder
6                                                               United States District Court Judge

-4-
[PROPOSED] ORDER GRANTING CITIMORTGAGE, INC.'S MOTION TO DISMISS COMPLAINT;
CASE NO. CV-11-07692 CAS (CWx)

700657695.1