BINGHAM MCCUTCHEN LLP
Peter Obstler (SBN 171623)
peter.obstler@bingham.com
Zachary J. Alinder (SBN 209009)
zachary.alinder@bingham.com
Margaret A. DeGooyer (SBN 234839)
margaret.degooyer@bingham.com
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286

Attorneys for Defendant
JPMorgan Chase Bank, N.A., including as
acquirer of certain assets and liabilities of
Washington Mutual Bank from the FDIC, acting
as receiver

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS ROSAS; STEVEN ZIVANIC; YVONNE ZIVANIC; FERNANDO HINNAOUI; MARTHA V. HINNAOUI, SANDRA ENSHIWAT; ALI REZA AMIRJALALY; KIAN KAMRANI ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>CARNEGIE MORTGAGE, LLC.; CITIMORTGAGE, INC.; CAL-WESTERN RECONVEYANCE CORPORATION; WASHINGTON MUTUAL BANK, F.A.; JP MORGAN CHASE BANK, N.A.; BANK OF AMERICA; QUALITY LOAN SERVICE CORPORATION; FEDERAL NATIONAL MORTGAGE ASSOCIATION; INDYMAC BANK | Case No. CV-11-07692 CAS (CWx)<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY BRIEF AND NOTICE OF PLAINTIFFS' NON-OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**<br><br>Hearing Date: November 14, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 2nd Floor<br>Judge: Hon. Christina A. Snyder<br>Complaint filed: August 17, 2011 |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | F.S.B.; DEUTSCHE BANK NATIONAL TRUST COMPANY; ATLANTIC & PACIFIC FORECLOSURE SERVICES; WELLS FARGO BANK, N.A.; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>       Defendants. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs Jose Luis Rosas, Steven Zivanic, Yvonne Zivanic, Fernando Hinnaoui, Martha V. Hinnaoui, Sandra Enshiwat, Ali Reza Amirjalaly, and Kian Kamrani ("Plaintiffs") have not opposed the Motion to Dismiss submitted by Defendant JPMorgan Chase Bank, N.A., including as acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC, acting as receiver ("Chase"), seeking an order from the Court dismissing the Complaint in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiffs' deadline for filing and serving their opposition was October 24, 2011. If Plaintiffs had opposed the Motion, Chase's deadline for filing and serving any reply would have then been today, October 31, 2011.

Pursuant to Local Rule 7-12, Plaintiffs' failure to file an opposition to Chase's Motion to Dismiss should be deemed as Plaintiffs' consent to this Court granting Chase's Motion in its entirety. *See* C.D. Cal. Civ. L.R. 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."). Consistent with Local Rule 7-12, Courts in this district generally dismiss actions where the Plaintiffs have failed to file an opposition. *See, e.g., Johnson v. Winn Properties*, 2009 WL 223836 at * 1 (C.D. Cal. Jan. 28, 2009) (dismissing case within days of plaintiff's failure to oppose motion to dismiss); *Plascencia v. Recontrust Co.*, 2009 WL 250930 at *1 (C.D. Cal. Jan. 29, 2009) (same); *Naylor v. Flavan*, 2009 WL 1468708 at *8 (C.D. Cal. May 19, 2009) ("plaintiff's failure to file opposition to defendant's motion provides an independent and sufficient basis for dismissal of this action.").

These dismissals are also in accord with Ninth Circuit law. *See, e.g., Glassman v. Raytheon Non-Bargaining Retirement Plan*, 259 Fed.Appx. 932; 2007 WL 4386253 at *1 (9th Cir. 2007) (Central District did not abuse its discretion in dismissing complaint for failure to comply with Local Rule 7-12 when opposition

was filed four days late) citing *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

Even if Plaintiffs had filed an opposition, this matter would still be properly subject to dismissal (a) under 12 U.S.C. § 1818(i) because the claims could "affect the enforcement" of an OCC consent order, (b) because the claims are preempted, and (c) because each cause of action independently fails to state a claim upon which relief may be granted.

Accordingly, because (1) Plaintiffs have not opposed Chase's Motion and the deadline for opposing the Motion passed one week ago, (2) Plaintiffs' Complaint fails for lack of subject matter jurisdiction under Rule 12(b)(1), including pursuant to Section 1818(i) of the Federal Deposit Insurance Act, and, (3) Plaintiffs' Complaint also is preempted and fails to state a viable claim against Chase under Rule 12(b)(6), as set forth in the Motion (*see* Docket No. 43), Chase respectfully requests that the Court dismiss Plaintiffs' Complaint against Chase in its entirety and with prejudice. Chase further respectfully submits that the Court should grant this Motion without the need for a hearing, and therefore, the hearing, currently set for November 14, 2011, should be taken off calendar.[1]

Dated: October 31, 2011            BINGHAM McCUTCHEN LLP

By:   /s/ Peter Obstler
Peter Obstler
Attorneys for Defendant
JPMorgan Chase Bank, N.A., including as acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC, acting as receiver

---

[1] In the event that Plaintiffs file, and the Court accepts submission of, any belated opposition to Chase's Motion to Dismiss, Chase respectfully requests that the Court grant 14 days from the date of the filing of any such papers to file a reply brief, and that the Court reschedule the hearing to a time convenient for the Court that would allow Chase an opportunity to reply.