1  BINGHAM MCCUTCHEN LLP
2  Peter Obstler (SBN 171623)
   peter.obstler@bingham.com
3  Zachary J. Alinder (SBN 209009)
   zachary.alinder@bingham.com
4  Margaret A. DeGooyer (SBN 234839)
   margaret.degooyer@bingham.com
5  Three Embarcadero Center
   San Francisco, CA  94111-4067
6  Telephone: 415.393.2000
7  Facsimile: 415.393.2286

8  Attorneys for Defendant
   Deutsche Bank National Trust Company, in its
9  capacity as Trustee of Washington Mutual
   Mortgage Securities Corp. 2005-AR6
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14  JOSE LUIS ROSAS; STEVEN            Case No. CV-11-07692 CAS (CWx)
    ZIVANIC; YVONNE ZIVANIC;
15  FERNANDO HINNAOUI; MARTHA          **REPLY BRIEF AND NOTICE OF**
    V. HINNAOUI, SANDRA                **PLAINTIFFS' NON-OPPOSITION**
16  ENSHIWAT; ALI REZA                 **TO JOINDER OF DEUTSCHE BANK**
    AMIRJALALY; KIAN KAMRANI           **NATIONAL TRUST COMPANY, IN**
17  ON BEHALF OF THEMSELVES            **ITS CAPACITY AS TRUSTEE OF**
    AND ALL OTHERS SIMILARLY           **WASHINGTON MUTUAL**
18  SITUATED,                          **MORTGAGE SECURITIES CORP.**
                                       **2005-AR6, IN JPMORGAN CHASE**
19                                     **BANK, N.A.'S MOTION TO DISMISS**
                  Plaintiffs,          **COMPLAINT PURSUANT TO FED.**
20                                     **R. CIV. P. 12(B)(1) AND 12(B)(6)**
            v.
21

22  CARNEGIE MORTGAGE, LLC.;
    CITIMORTGAGE, INC.; CAL-           Hearing Date: November 14, 2011
23  WESTERN RECONVEYANCE              Time: 10:00 a.m.
    CORPORATION; WASHINGTON            Place: Courtroom 5, 2nd Floor
24  MUTUAL BANK, F.A.; JP MORGAN       Judge: Hon. Christina A. Snyder
    CHASE BANK, N.A.; BANK OF          Complaint filed: August 17, 2011
25  AMERICA; QUALITY LOAN
    SERVICE CORPORATION;
26  FEDERAL NATIONAL MORTGAGE
    ASSOCIATION; INDYMAC BANK
27  F.S.B.; DEUTSCHE BANK
28

---

REPLY AND NOTICE OF PLAINTIFFS' NON-OPPOSITION TO JOINDER IN MOTION
TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)

1   NATIONAL TRUST COMPANY;
    ATLANTIC & PACIFIC
2   FORECLOSURE SERVICES; WELLS
3   FARGO BANK, N.A.; AND DOES 1
    THROUGH 10, INCLUSIVE,
4
5              Defendants.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY AND NOTICE OF PLAINTIFFS' NON-OPPOSITION TO JOINDER IN MOTION
TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)

1        **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2        **PLEASE TAKE NOTICE THAT** Plaintiffs Jose Luis Rosas, Steven

3 Zivanic, Yvonne Zivanic, Fernando Hinnaoui, Martha V. Hinnaoui, Sandra

4 Enshiwat, Ali Reza Amirjalaly, and Kian Kamrani ("Plaintiffs") have not opposed

5 the Motion to Dismiss submitted by Defendant JPMorgan Chase Bank, N.A.,

6 including as acquirer of certain assets and liabilities of Washington Mutual Bank

7 from the FDIC, acting as receiver, seeking an order from the Court dismissing the

8 Complaint in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and

9 12(b)(6) (the "Chase Motion to Dismiss"), nor have they opposed the Joinder

10 therein submitted by Defendant Deutsche Bank National Trust Company, in its

11 capacity as Trustee of Washington Mutual Mortgage Securities Corp. 2005-AR6

12 ("DBNTC").  Plaintiffs' deadline for filing and serving their opposition to the

13 Chase Motion to Dismiss, and to DBNTC's Joinder, was October 24, 2011.  If

14 Plaintiffs had opposed the Motion and Joinder, the deadline for filing and serving

15 any reply would have then been today, October 31, 2011.

16        Pursuant to Local Rule 7-12, Plaintiffs' failure to file an opposition to the

17 Chase Motion to Dismiss and DBNTC's Joinder should be deemed as Plaintiffs'

18 consent to the granting of Chase's Motion and DBNTC's Joinder in their entirety.

19 *See* C.D. Cal. Civ. L.R. 7-12 ("The failure to file any required paper, or the failure

20 to file it within the deadline, may be deemed consent to the granting or denial of

21 the motion.").  Consistent with Local Rule 7-12, Courts in this district generally

22 dismiss actions where the Plaintiffs have failed to file an opposition.  *See, e.g.,*

23 *Johnson v. Winn Properties*, 2009 WL 223836 at * 1 (C.D. Cal. Jan. 28, 2009)

24 (dismissing case within days of plaintiff's failure to oppose motion to dismiss);

25 *Plascencia v. Recontrust Co.*, 2009 WL 250930 at *1 (C.D. Cal. Jan. 29, 2009)

26 (same); *Naylor v. Flavan*, 2009 WL 1468708 at *8 (C.D. Cal. May 19, 2009)

27 ("plaintiff's failure to file opposition to defendant's motion provides an

28 independent and sufficient basis for dismissal of this action.")

1       These dismissals are also in accord with Ninth Circuit law. *See, e.g.,*

2 *Glassman v. Raytheon Non-Bargaining Retirement Plan*, 259 Fed.Appx. 932; 2007

3 WL 4386253 at *1 (9th Cir. 2007) (Central District did not abuse its discretion in

4 dismissing complaint for failure to comply with Local Rule 7-12 when opposition

5 was filed four days late) citing *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir.

6 1995).

7       Even if Plaintiffs had filed an opposition, this matter would still be properly

8 subject to dismissal (a) under 12 U.S.C. § 1818(i) because the claims could "affect

9 the enforcement" of an OCC consent order, (b) because the claims are preempted,

10 and (c) because each cause of action independently fails to state a claim upon

11 which relief may be granted.

12       Accordingly, because (1) Plaintiffs have not opposed Chase's Motion or

13 DBNTC's Joinder therein and the deadline for opposing the Motion passed one

14 week ago, (2) Plaintiffs' Complaint fails for lack of subject matter jurisdiction

15 under Rule 12(b)(1), including pursuant to Section 1818(i) of the Federal Deposit

16 Insurance Act, and, (3) Plaintiffs' Complaint also is preempted and fails to state a

17 viable claim against Chase or DBNTC under Rule 12(b)(6), as set forth in the

18 Motion (*see* Docket No. 43) and Joinder (*see* Docket No. 45), DBNTC respectfully

19 requests that the Court dismiss Plaintiffs' Complaint against DBNTC in its entirety

20 and with prejudice.  DBNTC further respectfully submits that the Court should

21 grant Chase's Motion and DBNTC's Joinder without the need for a hearing, and

22 therefore, the hearing, currently set for November 14, 2011, should be taken off

23 calendar.[1]

24

---

25 [1] In the event that Plaintiffs file, and the Court accepts submission of, any belated
opposition to Chase's Motion to Dismiss or DBNTC's Joinder, DBNTC
26 respectfully requests that the Court grant 14 days from the date of the filing of any
such papers to file a reply brief, and that the Court reschedule the hearing to a time
27 convenient for the Court that would allow DBNTC an opportunity to reply.

28

1    Dated:  October 31, 2011        BINGHAM McCUTCHEN LLP

2

3                            By:        /s/ Peter Obstler

4                                   Peter Obstler
                           Attorneys for Defendant

5            Deutsche Bank National Trust Company, in
          its capacity as Trustee of Washington Mutual
             Mortgage Securities Corp. 2005-AR6

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY AND NOTICE OF PLAINTIFFS' NON-OPPOSITION TO JOINDER IN MOTION
TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)