Motaz M. Gerges, Esq. (SBN 202175)
LAW OFFICE OF MOTAZ M. GERGES
19510 Ventura Blvd., Suite 101
Tarzana CA 91356

Vip Bhola, Esq. (SBN 183980)
LAW OFFICES OF VIP BHOLA
21550 Oxnard Street, Third Floor
Woodland Hills CA 91367

Christopher G. Weston, Esq. (SBN 174808)
WESTERN LAW CONNECTION
4311 Wilshire Blvd. Suite 615
Los Angeles CA 90010

Email: classactioncomplaint@gmail.com

Phone:   (855) 525-2922
         (818) 514-6514
Fax:     (818) 996-0100

Attorneys for Plaintiff and
The Class Members

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Luis Rosas; Steven Zivanic; Yvonne Zivanic; Fernando Hinnaoui; Martha V. Hinnaoui, Sandra Enshiwat; Ali Reza Amirjalaly; Kian Kamrani on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Carnegie Mortgage, LLC.; CitiMortgage, Inc.; Cal-Western Reconveyance Corporation; Washington Mutual Bank, F.A.; JP Morgan Chase Bank, N.A.; Bank of America; Quality Loan Service Corporation; Federal National Mortgage Association; Indymac Bank F.S.B.; Deutsche Bank National Trust Company; Atlantic & Pacific Foreclosure Services; Wells Fargo Bank, N.A.; and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO.:CV11-07692 CAS (CWx)<br><br>PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT<br><br>Dates:     December 5, 2011<br>Time:      10:00 A.M.<br>Courtroom: "5"<br><br>Hon. Christina A. Snyder |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs move the Court for leave to file the Plaintiffs' First Amended Class Action Complaint. In accordance with the LCvR 7(i) and LCvR 15.1, a copy of the proposed First Amended Class Action Complaint accompanies this motion.

This motion is timely and, because the proposed amendment which clarifies and narrows the Plaintiffs' allegations, pose no surprise or prejudice to any party, this motion should be granted in light of the liberality required by the rules and Supreme Court precedent.

Leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). It is thus well established that amendments must be allowed absent some good reason justifying denial of leave to amend. *E.g., Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). No such good reason exists here.

The changes proposed in the first amended class action complaint merely clarify and narrow the issues to be litigated in this action. In particular, the Plaintiffs have attempted to clarify the nature of plaintiffs' claims and have clarified the allegations that were raised by defendants and have additionally added more clarification that might have given opposing litigants the impression that the Plaintiffs were alleging a facial challenge to the allegation in the Complaint. Amendments that merely clarify or subtract allegations previously made are not likely to cause surprise and are routinely permitted. *See, e.g., Associated Musicians v.Parker Meridien Hotel*, 145 F.3d 85, 89-90 (2d Cir. 1998); *Allen v. Nat. Video, Inc.*, 610 F.Supp. 612, 621 (S.D.N.Y. 1985).

## CONCLUSION

For these reasons, the Court should grant the Plaintiffs' motion for leave to file their First Amended Class Action Complaint.

| | |
|---|---|
| Respectfully submitted, | LAW OFFICE OF MOTAZ M. GERGES |
| Dated:    November 06, 2011 | /S/ Motaz M. Gerges, Esq. |
| | Motaz M. Gerges, Esq. |
| | Vip Bhola, Esq. |
| | Christopher G. Weston, Esq. |
| | Attorneys for Plaintiff and Class Members |

**PROOF OF SERVICE**

I am a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above entitled action; my business address is 7252 Remmet Avenue, Canoga Park, CA 91303.

On **November 07, 2011** I served the foregoing documents described **SECOND AMENDED CLASS ACTION COMPLAINT** to the following addresses:

[ ] Personal Service

[] fax

[X] **Electronic service ECF** I am "readily familiar" with this firm's practice of collecting and processing correspondence for Electronic Service. Under that practice it would be transmitted to the United States District Court, Central District of California on that same day with a copy forwarded to all parties registered to receive such service.

[ ] Express Mail

[] (By Mail) I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with US postal service on that same day with postage hereon fully prepaid at Canoga Park, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal

1 cancellation date or postage meter date is more than one day after the date of
2 deposit for mailing in affidavit.
3 Executed on November 7, 2011, at Canoga Park, California.
4 [ ](State) I declare under penalty of perjury under the laws of the State of
5 California.
6 **[X] (Federal) I declare that I am employed in the office of a member of the**
7 **bar of this district at whose direction the service was made.**
8 .

/s/ Amir Shaw
Amir Shaw