NOSSAMAN LLP
STEPHEN P. WIMAN (SBN 54825)
swiman@nossaman.com
AMBER M. GRAYHORSE (SBN 229059)
agrayhorse@nossaman.com
777 South Figueroa Street, 34th Floor
Los Angeles, CA  90017
Telephone:  (213) 612-7800
Facsimile:  (213) 612-7801

Attorneys for Defendant Carnegie Mortgage, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Luis Rosas; Steven Zivanic; Yvonne Zivanic; Fernando Hinnaoui; Martha V. Hinnaoui, Sandra Enshiwat; Ali Reza Amirjalaly; Kian Kamrani on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Carnegie Mortgage, LLC.; CitiMortgage, Inc.; Cal-Western Reconveyance Corporation; Washington Mutual Bank, F.A.; JP Morgan Chase Bank, N.A.; Bank of America; Quality Loan Service Corporation; Federal National Mortgage Association; Indymac Bank F.S.B.; Deutsche Bank National Trust Company; Atlantic & Pacific Foreclosure Services; Wells Fargo Bank, N.A.; and DOES 1-10 inclusive,<br><br>        Defendants. | Case No: CV-11-07692 CAS (CWx)<br><br>(Hon. Christine A. Synder)<br><br>**DEFENDANT CARNEGIE MORTGAGE, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing<br>Date:   December 5, 2011<br>Time:   10:00 a.m.<br>Dept.:   5<br><br>Date Action Filed:  August 17, 2011<br>Trial Date:   None Set |

414890_1.DOC

# I.    INTRODUCTION

On August 17, 2011, plaintiffs filed a complaint in state court seeking injunctive and declaratory relief from defendant Carnegie Mortgage, LLC ("Carnegie") on six (6) causes of action.  After properly removing the action to federal court, Carnegie filed a timely motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted (the "Motion to Dismiss").[1]  (Dkt. No. 35.)  The Motion to Dismiss seeks dismissal with prejudice (i.e., without granting plaintiffs' leave to amend the Complaint).  Plaintiffs failed to file a timely opposition to the Motion to Dismiss.  Although plaintiffs were put on notice of the deficiencies in the Complaint as early as September 19, 2011, (when Carnegie conferred with them regarding the Motion to Dismiss) they waited to seek leave to amend the Complaint until _after_ they missed their deadline to file an opposition to the Motion to Dismiss or amend the Complaint as a matter of right under Rule 15(a)(1).  Like the initial Complaint, the only plaintiff that alleges any claims against Carnegie is Jose Luis Rosas ("Rosas").[2]

The Motion to Amend should be dismissed for the following reasons:

1.    The Motion is procedurally deficient, because (a) it is an attempted improper end-run around plaintiffs' failure to timely oppose the Motion to Dismiss, and (b) does not comply with the Local Rules.

2.    Plaintiffs failed to satisfy their burden of demonstrating good cause for the Court to grant the Motion to Amend.

3.    The Motion is futile, because the proposed Amended Complaint (a) asserts the same 6 causes of action against Carnegie that are the subject of the Motion to

---

[1]  The Federal Rules of Civil Procedure are hereinafter referred to as "Rule __."

[2]  Because the only connection that any of the plaintiffs have with Carnegie is the loan that Carnegie issued to Rosas, this brief will refer to Rosas and his allegations in the proposed Amended Complaint against Carnegie, as opposed to all plaintiffs.  Notwithstanding, because the Motion to Amend is brought on behalf of all plaintiffs, Carnegie will refer to the Motion as that of all plaintiffs.

1  Dismiss that plaintiffs failed to oppose, and (b) fails to state a claim on which relief can
2  be granted as to the five (5) new causes of action for violation of the Due Process Clause
3  of the Fifth Amendment of the U.S. Constitution, quasi-contract, "no contract," and
4  declaratory and injunctive relief.

5         Accordingly, Carnegie requests that the Court deny the Motion to Amend
6  and dismiss this action with prejudice as requested in Carnegie's unopposed Motion to
7  Dismiss.

8  **II.   THE COURT SHOULD DENY THE MOTION TO AMEND.**

9      **A.   <u>The Motion to Amend is Procedurally Deficient.</u>**

10        **1.   The Court Should Estop Plaintiffs From Seeking Relief From**
11              **Their Failure to Timely Oppose Carnegie's Motion to Dismiss.**

12        Plaintiffs were required to file an opposition, if any, to Carnegie's Motion to
13 Dismiss on or before October 24, 2011 pursuant to Local Rule 7-9.  Local Rule 7-12
14 specifically authorizes the Court to decline to consider any memorandum or paper not
15 filed within the deadline set by order or local rule and deem a failure to file a timely
16 opposition as consent to the granting of the motion.  Consistent with Local Rule 7-12,
17 courts in this district generally dismiss actions where plaintiffs failed to file timely
18 oppositions.  *See, .e.g, Johnson v. Winn Props.*, Case No. EDCV 08-0091 SGL (OPx),
19 2009 U.S. Dist. LEXIS 8891 (C.D. Cal. Jan. 28, 2009) (dismissing case within days of
20 plaintiff's failure to file an opposition); *Plascencia v. Recontrust Co.*, Case No. ED CV
21 09-00037-SGL (OPx), 2009 U.S. Dist. LEXIS 9839 (C.D. Cal. Jan. 29, 2009) (same); *see*
22 *also Glassman v. Raytheon Non-Bargaining Retirement Plan*, 259 Fed.Appx. 932, No.
23 05-56896, 2007 U.S. App. LEXIS 29129, *1-2 (9th Cir. 2007) (Central District did not
24 abuse discretion in dismissing complaint for failure to comply with Local Rule 7-12
25 when opposition was filed four days late).  Having received no opposition from plaintiffs,
26 Carnegie filed a Reply to Plaintiffs' Non-Opposition on October 28, 2011, requesting that
27 the Court deem plaintiffs' failure to file a timely opposition as consent to granting the
28 Motion to Dismiss. (Dkt. No. 58.)  Plaintiffs failed to respond to this request.

1    As an alternative to filing an opposition to Carnegie's Motion to Dismiss,

2   Plaintiffs could have filed an amended complaint as a matter of course on or before

3   November 3, 2011 pursuant to Rule 15(a)(1)(B). Plaintiffs failed to do so.

4    Now, after having done nothing to oppose Carnegie's Motion to Dismiss,

5   plaintiffs seek belated leave to avoid dismissal of their action by filing an amended

6   complaint. Plaintiffs' attempted end-run around their failure to timely oppose Carnegie's

7   Motion to Dismiss or amend the complaint prior to November 3, 2011 should not be

8   condoned.

9    **2.    The Court Should Decline to Consider the Motion For Failing to**

10   **Comply with the Courts' Local Rules.**

11    Under Local Rule 6-1, "every motion shall be presented by written notice of

12   motion." The "notice of motion shall contain a concise statement of relief or Court action

13   the movant seeks." L.R. 7-4. Further, under Local Rule 7-3, "counsel contemplating the

14   filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably

15   in person, the substance of the contemplated motion and any potential resolution."

16   Plaintiffs have failed to comply with every one of these rules – they did not contact

17   Carnegie's counsel regarding the Motion to Amend, let alone attempt to thoroughly

18   discuss the motion or obtain written consent to amend pursuant to Rule 15(a)(2),[3] and

19   they did not file a notice of their Motion to Amend. Having failed to comply with the

20   Court's local rules, Carnegie requests that the Court decline to consider the Motion to

21   Amend as procedurally deficient.

22    Alternatively, if the Court is inclined to grant the Motion to Amend,

23   Carnegie requests that, pursuant to its authority under Local Rule 83-7, the Court subject

24

25   [3] In fact, after receiving the Motion to Amend, Carnegie's counsel requested plaintiffs to
     send a redline copy of the proposed Amended Complaint to identify the proposed new
26   allegations. As of the date of this filing, plaintiffs have not responded to this request. For
     the Court's convenience, Carnegie attaches as ***Exhibit A*** hereto a copy of a document
27   that reflects a comparison of the allegations in the Complaint and the proposed Amended
28   Complaint.

1   plaintiffs and/or their counsel to monetary sanctions, costs and attorneys' fees associated
2   with opposing the Motion to Amend and Proposed Amended Complaint, and any other
3   such sanction the Court may deem appropriate given plaintiffs' failure to timely oppose
4   the Motion to Dismiss and complete disregard for the Local Rules.  *See, e.g.*, *Figueroa v.*
5   *Gates*, Case No. CV 00-4158 ABC (BQRx), 2002 U.S. Dist. LEXIS 27908, *13  (C.D.
6   Cal. Nov. 15, 2002) (ordering counsel to pay reaosnable attorneys' fees for filing a late
7   motion without conferring with counsel in violation of Local Rules, including Local Rule
8   7-3).

9   **B.** **The Motion to Amend is Futile Because the Proposed Amended**
10      **Complaint Fails to State A Claim Upon Which Relief Can Be Granted**
11      **From Carnegie.**

12          As the moving party, plaintiffs have the burden to demonstrate good cause
13  exists for the Court to grant their Motion to Amend.  The granting or denial of leave to
14  amend rests in the sound discretion of the trial court, and will be reversed only for abuse
15  of discretion.  *Swanson v. United States Forest Servs.*, 87 F.3d 339, 343 (9th Cir. 1996).
16  A motion for leave to amend may be denied if it appears to be futile or legally
17  insufficient.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *In re Wray*,
18  258 B.R. 777, 784 (Bankr. D. Idaho 2001).  That is, leave to amend should be denied if
19  the proposed amendment is futile or would be subject to dismissal.  *Saul v. United States*,
20  928 F.2d 829, 843 (9th Cir. 1991).

21          **1.** **Plaintiffs Have Failed to Demonstrate Good Cause Exists for**
22              **Granting the Motion to Amend.**

23          The only basis Plaintiffs rely on in requesting the Court to grant them leave
24  to amend the proposed Amended Complaint is (1) the general liberality to "freely give[
25  leave to amend pleadings] when justice so requires" and (2) their claim that the proposed
26  amendments "merely clarify and narrow the issues to be litigated in this action."  (Mot. at
27  2.)  In reality, the proposed amendments allege additional general allegations regarding
28  the Home Affordable Modification Program ("HAMP"), restate the initial 6 causes of

1    action that are at issue in Carnegie's unopposed Motion to Dismiss, and add 5 new causes

2    of action that fail to state a claim upon which relief can be granted.  This is far from a

3    demonstration of good cause, particularly in light of the fact that the unopposed Motion

4    to Dismiss is currently before the Court.

                 **2.**      **Plaintiffs' Recitation of the 6 Causes of Action Included in the**

                            **Complaint is Futile for the Reasons Set Forth in Carnegie's**

                            **Motion to Dismiss.**

         Plaintiffs' proposed Amended Complaint alleges nearly *verbatim* the same 6

causes of action that are the subject of Carnegie's unopposed motion to dismiss.[4]  The

only changes to these existing causes of action are:

- General allegations about HAMP and purported violation of

        Rosas' constitutional rights to due process by the *U.S.*

        *Government's* and lenders and mortgage loan services that

        agreed to provide modifications through and administer

        HAMP.  (Proposed FAC ¶¶ 16-20, 44, 147-218.)  Although

        Rosas identifies Carnegie along with all other

        lender/servicer defendants in these allegations, he fails to

        allege around the judicially noticeable documents filed in

        support of Carnegie's Motion to Dismiss that show that

        Carnegie is not one of the HAMP servicers that purportedly

        violated the rights of the only plaintiff alleged to have any

        relationship with Carnegie – Rosas (Request for Judicial

        Notice ("RJN"), Dkt. No. 35, Ex. 6).

---

[4]  The re-alleged 6 causes of action are the Third, Fourth, Sixth, Seventh and Eighth causes of action in the proposed Amended Complaint.

DEFENDANT CARNEGIE MORTGAGE, LLC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT

- Additional allegations in Rosas' cause of action for violation of California's foreclosure statute (Civil Code § 2923.5) about purported communications between "plaintiffs" and "Defendants Carnegie; Citi; WAMU, Chase; BOA; Wells Fargo and Indymac" on "about unknown date" regarding Rosas' defaults on his respective loan and alleged deficiencies in the notices of default that certain defendants recorded in County Recorders' offices. (Proposed FAC ¶¶ 269-270, 275-276.) These allegations do not save this cause of action from the deficiencies discussed in Carnegie's Motion to Dismiss, because (1) Section 2923.5 does not apply to Rosas' deed of trust, and (2) Carnegie did not participate in the notice of default or trustee sale that was recorded regarding Rosas Property[5] because it had sold its interest in the Rosas Loan more than two years before the notice of trustee's sale was recorded. (Mot. Dismiss, Dkt. No. 34 at 13-15.)

- Additional allegations in Rosas' cause of action for wrongful foreclosure alleging that servicers that purchased loans did not have the authority to initiate foreclosure against plaintiffs' properties. (Proposed FAC ¶¶ 296-299.) These allegations do not save this cause of action from the deficiencies discussed in Carnegie's Motion to Dismiss, because (1) Carnegie never initiated foreclosure proceedings

---

[5]  Terms that were defined in Carnegie's Motion to Dismiss are referred to herein as defined in that motion.

against the Rosas Property so this claim does not pertain to Carnegie, (2) Rosas' allegations abut the assignment/transfer of Carnegie's interest in the Rosas Loan to defendant CitiMortgage, Inc. fail as a matter of law, and (3) Rosas' failure to tender full performance is fatal to his wrongful foreclosure claim.  (Mot. Dismiss, Dkt. No. 34 at 15-17.)

Because the proposed Amended Complaint does not add any allegations that would preclude the existing 6 causes of action against Carnegie from dismissal with prejudice, Rosas' request to re-allege these 6 causes of action should be denied as futile.

Additionally, plaintiffs' recitation of allegations concerning their attempt to bring this as a putative class action fails as a matter of law as a whole (Proposed FAC ¶¶ 219-226), because they are based on the California statutory class action requirements rather than Rule 23's class action requirements.

3.    **Rosas' Additional 5 Proposed Causes of Action Against Carnegie are Futile.**

a.    **Rosas' Proposed First and Second Causes of Action for "Violation of Due Process" Fail to State a Claim Upon Which Relief Can Be Granted Against Carnegie.**

As discussed in Carnegie's Motion to Dismiss, Rosas cannot assert a violation of due process claim against Carnegie as a matter of law because Carnegie is not a state actor and HAMP did not create a protected property interest within the meaning of the Due Process Clause.  (Mot. Dismiss, Dkt. No. 34 at 11-13.)  Because Carnegie is not a state actor, let alone a legislative body, it does not have the authority to promulgate the regulations, guidelines or rules that Rosas seeks in the proposed First and Second Causes of Action.  (Proposed FAC ¶¶ 227-239.)  For the reasons set forth in Carnegie's Motion to Dismiss, these two proposed causes of action fail to state a claim upon which relief can be granted against Carnegie and are therefore futile.

b.   **Rosas' Proposed Tenth Cause of Action for "Quasi Contract" Fails to State a Claim Upon Which Relief Can Be Granted Against Carnegie.**

In his proposed Tenth Cause of Action, Rosas alleges that Carnegie (1) demanded and collected monthly mortgage payments from Rosas, (2) knew it was not the beneficiary under Rosas' promissory note when it "acquired the mortgage[]" and therefore did not acquire any rights from the "original lender[]" to accept Rosas' payments, and (3) has been unjustly enriched. Like the proposed Eighth Cause of Action, this claim does not pertain to Carnegie. (Proposed FAC ¶¶ 308-312.) As shown in Carnegie's Motion to Dismiss and judicially noticeable documents, Carnegie is the "original lender" that issued a loan to Rosas on March 17, 2008. (Mot. Dismiss, Dkt. No. 34, at 2; RJN, Dkt. No. 35, Ex. 1.) Thus, it cannot be disputed that Carnegie did have the right to accept mortgage payments from Rosas for the short period of time that it owned and serviced Rosas' loan. Because Rosas' proposed Tenth Cause of Action fails to state a claim upon which relief can be granted against Carnegie, it is futile.

c.   **Rosas' Proposed Eleventh Cause of Action for "No Contract" Fails to State a Claim Upon Which Relief Can Be Granted Against Carnegie.**

In his proposed Eleventh Cause of Action, Rosas claims that the Rosas Note is "*void ab initio*" because he alleges there was no meeting of the minds between him and Carnegie when they entered into the Rosas Note. The basis for this claim is that Carnegie allegedly (1) routinely approved predatory real estate loans to unqualified buyers between 2006 and 2010, (2) pre-sold Rosas' mortgage, (3) expected Rosas to default and that Carnegie would profit from such default, and (4) failed to disclose to Rosas that its economic interests were adverse to Rosas, while Rosas expected that he would borrow money from Carnegie, pay it back and then own the Rosas Property. (Proposed FAC ¶¶ 313-325.)

1    In *Javaheri v. JPMorgan Chase Bank, N.A.*, Case No. CV 10-08185
2    ODW(FFMx), 2011 U.S. Dist. LEXIS 36469 (C.D. Cal. Mar. 24, 2011), a court in this
3    district dismissed the same "No Contract" claim a borrower made against a lender.
4    Despite framing the claim as one based on the absence of a contract, the court interpreted
5    the claim as one of fraud because the borrower alleged that his "participation in the
6    mortgage contract was procured by overt and covert misrepresentations and
7    nondisclosures." *Id.* at *10.  When stating a claim for fraud, Rule 9(b) requires a party to
8    "state with particularity the circumstances constituting fraud or mistake" to enable a
9    defendant to "prepare an adequate answer." *Id.* at *10-11 (inner citations omitted); FED.
10   R. CIV. P. 9(b).  To satisfy this heightened pleading standard, a borrower (like Rosas)
11   must allege specific facts as to times, dates, places, benefits received. *Javaheri*, 2011
12   U.S. Dist. LEXIS 36469, at *11.  When the defendant is corporation (like Carnegie), the
13   plaintiff must further allege "the names of the persons who made the allegedly fraudulent
14   representations, their authority to speak, to whom they spoke, what they said or wrote,
15   and when it was said or written." *Id.*  Moreover, "[p]laintiffs are required to differentiate
16   their allegations when more than one defendant is accused of fraud; [p]laintiffs cannot
17   simply lump defendants together." *Lipscomb v. Mortgage Elec. Registration Sys.*, Case
18   No. 1:11-CV-497 AWI (JLT), 2011 U.S. Dist. LEXIS 85503 (E.D. Cal. Aug. 2, 2011).

19   In *Javaheri*, 2011 U.S. Dist. LEXIS 36469, the court held that the
20   borrower's failure to allege any facts regarding the lender's supposed expectations and
21   misrepresentations resulted in conclusory allegations with regard to the lender's alleged
22   fraudulent scheme that fell exceedingly short of the Rule 9(b) requirements. *Javaheri*,
23   2011 U.S. Dist. LEXIS 36469, at *11.  Rosas makes this same fraudulent allegation
24   asserted in *Javaheri*– that his "participation in the mortgage contracts [was] procured by
25   overt and covert misrepresentations and nondisclosures."  (Proposed FAC ¶ 323.)  And,
26   like the borrower in *Javaheri*, Rosas fails to allege any facts regarding Carnegie's
27   supposed expectations and misrepresentations, without any information as to the who,
28   what, where, and why concerning his allegations.  Accordingly, like the borrower in

1   *Javaheri*, Rosas' Proposed Eleventh Cause of Action fails to assert a claim upon which
2   relief can be granted against Carnegie, and is therefore futile.

3            **d.      Rosas' Proposed Twelfth Cause of Action for "Declaratory**
4                      **and Injunctive Relief Applicable to Each Cause of Action"**
5                      **Fails to State a Claim Upon Which Relief Can Be Granted**
6                      **Against Carnegie.**

7            In his proposed Twelfth Cause of Action, Rosas seeks a judicial
8   determination of his rights and duties as to the Rosas Note and deed of trust, and
9   Carnegie's right to proceed with non-judicial foreclosure on the Rosas Property
10  (Proposed FAC ¶¶ 326-330.).  Like Rosas' wrongful foreclosure claim, this claim does
11  not appear to concern Carnegie, because Carnegie is no longer the owner of the Rosas
12  Loan and has never initiated foreclosure proceedings against the Rosas Property.
13  Therefore, there is no actual controversy between Rosas and Carnegie.  "Jurisdiction to
14  award declaratory relief exists only in a case of actual controversy." *Am. States Ins. Co. v.*
15  *Kearns*, 15 F.3d 142, 143 (9th Cir. 1994).  The lack of such controversy between Rosas
16  and Carnegie is fatal to Rosas's proposed Twelfth Cause of Action.  The proposed claim
17  is therefore futile.

18  **III.     CONCLUSION**

19           For the foregoing reasons, Carnegie requests that the Court deny Motion to
20  Amend and dismiss plaintiffs' Complaint against Carnegie with prejudice.

21
22  Dated:  November 14, 2011              NOSSAMAN LLP
                                           STEPHEN P. WIMAN
23                                         AMBER M. GRAYHORSE

24
25                                         By: _____
                                               Amber M. Grayhorse
26                                         Attorneys for Defendant Carnegie Mortgage,
                                           LLC
27
28

414890_1.DOC                               -10-