Stuart B. Wolfe (SBN 156471)
sbwolfe@wolfewyman.com
Cathy L. Granger (SBN 156453)
clgranger@wolfewyman.com
WOLFE & WYMAN LLP
2301 Dupont Drive, Suite 300
Irvine, California 92612-7531
Telephone:  (949) 475-9200
Facsimile:   (949) 475-9203

Attorneys for Defendants
WELLS FARGO BANK N.A., AS TRUSTEE FOR CARRINGTON
MORTGAGE LOAN TRUST, SERIES 2006-NC3 ASSET-BACKED
PASS THROUGH CERTIFICATES (erroneously sued herein as
WELLS FARGO BANK, N.A.) and ATLANTIC & PACIFIC
FORECLOSURE SERVICES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Luis Rosas; Steven Zivanic; Yvonne Zivanic; Fernando Hinnaoui; Martha V. Hinnaoui, Sandra Enshiwat; Ali Reza Amirjalaly; Kian Kamrani on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Carnegie Mortgage, LLC.; CitiMortgage, Inc.; Cal-Western Reconveyance Corporation; Washington Mutual Bank, F.A.; JP Morgan Chase Bank, N.A.; Bank of America; Quality Loan Service Corporation; Federal National Mortgage Association; Indymac Bank F.S.B.; Deutsche Bank National Trust Company; Atlantic & Pacific Foreclosure Services; Wells Fargo Bank, N.A.; and DOES 1-10 inclusive,<br><br>Defendants. | Case No. CV11 07692 CAS (CWx)<br><br>OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT<br><br>Date:       December 5, 2011<br>Time:       10:00 a.m.<br>Courtroom: 5<br><br>Hon. Christina A. Snyder |

1

OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT - CV11 07692 CAS

945582.1

TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD HEREIN:

Pursuant to L.R. 7-9, Defendants Wells Fargo Bank N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC3 Asset-Backed Pass Through Certificates (erroneously sued herein as Wells Fargo Bank, N.A.) ("Wells Fargo as Trustee") and Atlantic & Pacific Foreclosure Services ("A&P") hereby respond to and oppose Plaintiffs' Motion for Leave to File First Amended Class Action Complaint as follows:

## I. PLAINTIFFS' MOTION IS AN INEFFICIENT EFFORT TO SKIRT THE EFFECT OF DEFENDANTS' STILL-VALID MOTION TO DISMISS.

On October 13, 2011, Wells Fargo as Trustee and A&P duly filed a Motion to Dismiss the Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(6), arguing Plaintiffs failed to allege facts sufficient to state any cause of action. [Dkt. 32] After a continuance of the initial hearing date on the Court's own motion, that matter is presently scheduled for hearing on **November 21, 2011.**

Plaintiffs failed to file any opposition to Defendants' motion.

Instead, well after their deadline to file an opposition to the Motion to Dismiss, Plaintiffs filed what amounts to a counter-motion, seeking leave to file a First Amended Class Action Complaint. [Dkt 62]

Plaintiff's Motion ignores the arguments raised in Defendants' Motion to Dismiss. Plaintiffs' one-page Motion does not so much as acknowledge, much less address, the substantive points and authorities cited in Defendant's Motion, pursuant to which Wells Fargo as Trustee and A&P argue that:

• Plaintiffs' contract-based causes of action fail because Plaintiffs are not parties to, or intended third party beneficiaries of, the "HAMP Contract" on which they base said causes of action;

• Plaintiffs' Due Process claims fail, since (1) there is no private right of action under HAMP; and (2) as non-public entities, Wells Fargo as Trustee and A&P

have no duty or ability to enforce Constitutional rights; and (3) there is no protected property interest under HAMP on which Plaintiffs may soundly premise their Due Process claims;

- Plaintiffs Amirjalaly and Kamrani cannot seek relief under California Civil Code section 2923.5, because the foreclosure proceedings involving their property have already concluded in a trustee's sale;

- Plaintiffs' wrongful foreclosure and quiet title claims fail, first, because Plaintiffs' note-possession theories are wrong as a matter of law and, second, because Plaintiffs' failure to tender the amount owing on the loan means they have failed to do equity, as they must in order to obtain equitable relief.

The proposed First Amended Class Action Complaint attached to Plaintiffs' Motion for Leave to Amend makes clear that Plaintiffs intend to persist in efforts to pursue the same meritless theories already addressed in Defendants' pending Motion to Dismiss. For instance, despite overwhelming authority cited by Defendants to the effect that private plaintiffs have no standing to sue for alleged breaches of the so-called "HAMP Contract"[1] (as alleged in the first and fourth causes of action in the presently-operative Complaint), the Plaintiffs' Motion asks the Court for permission to continue pursuing such claims (the third and sixth causes of action in the proposed First Amended Complaint).

Likewise, in the face of abundant authority demonstrating their Due Process cause of action against Wells Fargo as Trustee and A&P is dead on arrival (for multiple reasons),[2] Plaintiffs' Motion for Leave to Amend simply presses on, seeking to maintain the same Due Process claim (the fourth cause of action in the proposed First Amended Complaint) – and two new ones (the first and second causes of action in the proposed new pleading). Plaintiffs simply ignore the substantial and compelling authority under which Wells Fargo as Trustee and A&P argue they are

---

[1] See, Defendants' Motion to Dismiss [Dkt. 32] pp. 4-7.
[2] See, Defendants' Motion to Dismiss [Dkt. 32] pp. 7-11.

not state actors having any ability or authority to enforce Plaintiffs' purported Constitutional rights.

Other than the inclusion of newly-inserted legal conclusions masquerading as allegations of fact (¶¶ 16-18, 147-218), the proposed First Amended Complaint differs from the original one only by adding new causes of action (the tenth through twelfth) that are all premised on the vaguely-alleged theory that the Plaintiffs' loan obligations are either unenforceable or were extinguished when their loan was ostensibly securitized. (Proposed First Amended Complaint, ¶¶ 316-327.)

To the extent the proposed First Amended Complaint contains new theories of law that Defendants might address in a responsive pleading, Wells Fargo as Trustee and A&P submit the most efficient course would be for the Court to first, or simultaneously, consider and rule on the pending Motion to Dismiss, to potentially dispose of those significant elements of the complaint whose infirmities have already been briefed. I.e., Zinnel v. CitiMortgage, 2011 WL 4048517 *9 (E.D.Cal. Sept. 9, 2011).

## II. CONCLUSION.

In light of the foregoing, Defendants Wells Fargo as Trustee and A&P respectfully request that the Court deny Plaintiffs' Motion for Leave to Amend and, instead, allow the Court's impending ruling on Defendants' Motion to Dismiss to guide the parties' pleading efforts.

DATED: November 14, 2011         WOLFE & WYMAN LLP
                                 By: ___/s/ Cathy L. Granger___
                                     STUART B. WOLFE
                                     CATHY L. GRANGER
                                 Attorneys for Defendants
                                 **WELLS FARGO BANK N.A., AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC3 ASSET-BACKED PASS THROUGH CERTIFICATES** (erroneously sued herein as **WELLS FARGO BANK, N.A.**) and **ATLANTIC & PACIFIC FORECLOSURE SERVICES**

**PROOF OF SERVICE**

STATE OF CALIFORNIA ) 
) ss.
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2301 Dupont Drive, Suite 300, Irvine, California 92612-7531.

On November 14, 2011, I served the document(s) described as **OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE OT FILE FIRST AMENDED CLASS ACTION COMPLAINT** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐ **BY MAIL**: as follows:

  ☐ **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☒ **BY ELECTRONIC ACCESS** Pursuant to Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to the Central District Court website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☐ **BY CERTIFIED MAIL** as follows: I am "readily familiar" with Wolfe & Wyman LLP's practice for the collection and processing of correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, Return Receipt Requested, on the above date according to Wolfe & Wyman LLP's ordinary business practice.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☒ **FEDERAL** I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on November 14, 2011, at Irvine, California.

*/s/ Theresa Fontes*
Theresa Fontes

914051.1

# SERVICE LIST
## United States District Court Case No. 2:11-cv-07692-RSWL-CW
### Rosas v. Carnegie Mortgage, LLC
W&W File No. 1415-065
[Revised:9/6/11]

| | |
|---|---|
| Motaz M. Gerges, Esq.<br>LAW OFFICE OF MOTAZ M. GERGES<br>19510 Ventura Blvd., Suite 101<br>Tarzana, CA 91356 | Attorneys for Plaintiff and the Class Members<br><br>818-514-6514<br>818-996-0100 FAX<br>gergeslaw@yahoo.com |
| Vip Bhola, Esq.<br>LAW OFFICES OF VIP BHOLA<br>21550 Oxnard Street, Third Floor<br>Woodland Hills, CA 91367 | Attorneys for Plaintiff and the Class Members<br><br>818-224-6650<br>818-221-0302 FAX |
| Christopher G. Weston, Esq.<br>WESTERN LAW CONNECTION<br>4311 Wilshire Blvd., Suite 615<br>Los Angeles, CA 90010 | Attorneys for Plaintiff and the Class Members<br><br>323-936-0815<br>323-936-0700 FAX |
| Amber M. Grayhorse, Esq.<br>Stephen P. Wiman, Esq.<br>NOSSAMAN LLP<br>777 South Figueroa Street, 34th Floor<br>Los Angeles, CA 90017 | Attorneys for Carnegie Mortgage LLC<br><br>213-612-7800<br>213-612-7801 FAX |
| John Nadolenco, Esq.<br>Steven E. Rich, Esq.<br>MAYER BROWN LLP<br>350 South Grand Avenue, 25th Floor<br>Los Angeles, CA 90071 | Attorneys for CitiMortgage, Inc.<br><br>213-229-9500<br>213-625-0248 FAX |
| P. Patty Li, Esq.<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>350 South Grand Avenue, Suite 2100<br>Los Angeles, CA 90071 | Attorneys for Federal National Mortgage Association<br><br>213-443-5300<br>213-443-5400 FAX |
| Ruby Wayne Wood, Esq.<br>Hong-An Vu, Esq.<br>GOODWIN PROCTER LLP<br>601 S. Figueroa Street, 41st Floor<br>Los Angeles, CA 90017 | Attorneys for Bank of America, N.A.<br><br>213-426-2500<br>213-623-1673 FAX |

914051.1

| | | |
|---|---|---|
| 1 | Peter Obstler, Esq. | Attorneys for JP Mortgage Chase Bank, |
| 2 | Zachary J. Alinder, Esq. | N.A.; Deutsche Bank National Trust |
| | BINGHAM MCCUTCHEN LLP | Company, in its capacity as Trustee of |
| 3 | Three Embarcadero Center | Washington Mutual Mortgage Securities |
| | San Francisco. CA 94111 | Corp. 2005-AR6 |
| 4 | | |
| | Noah Levine, Esq. | Attorneys for Federal National Mortgage |
| 5 | WILMER CUTLER PICKERING HALE | Association |
| | AND DOOR LLP | |
| 6 | 399 Park Avenue | 212-230-8875 |
| | New York, NY 10022 | 212-230-8888 FAX |
| 7 | | Noah.levine@wilmerhale.com |

914051.1