1   Ruby Wayne Wood (SBN 229538)
    *rwood@goodwinprocter.com*
2   Hong-An Vu (SBN 266268)
    *hvu@goodwinprocter.com*
3   **GOODWIN PROCTER LLP**
    601 S Figueroa Street, 41st Floor
4   Los Angeles, CA 90017
    Tel.: 213.426.2500
5   Fax: 213.623.1673

6   Attorneys for Defendant
    **BANK OF AMERICA, N.A.**
7   (Erroneously sued as Bank of America)

8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11                          **WESTERN DIVISION**

| | |
|---|---|
| 12  Jose Luis Rosas; Steven Zivanic; Yvonne Zivanic; Fernando Hinnaoui; | Case No. 2:11-CV-07692-CAS (CWx) |
| 13  Martha V. Hinnaoui, Sandra Enshiwat; Ali Reza Amirjalaly; Kian Kamrani on | **DEFENDANT BANK OF AMERICA, N.A'S OPPOSITION TO** |
| 14  behalf of themselves and all other similarly situated, | **PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED** |
| 15            Plaintiffs, | **CLASS ACTION COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 16       vs. | **THEREOF** |
| 17  Carnegie Mortgage, LLC; CitiMortgage, | |
| 18  Inc.; Cal-Western Reconveyance Corporation; Washington Mutual Bank, | Date:  December 5, 2011 |
| 19  F.A.; JP Morgan Chase Bank, N.A.; Bank of America; Quality Loan Service | Time:  10:00 a.m.  Place: Courtroom 5 |
| 20  Corporation; Federal National Mortgage Association; Indymac Bank F.S.B.; | Spring Street Courthouse  Judge: Hon. Cristina A. Snyder |
| 21  Deutsche Bank National Trust Company; Atlantic & Pacific | |
| 22  Foreclosure Services; Wells Fargo Bank, N.A.; and DOES 1-10 inclusive, | Date of Removal: September 16, 2011  Date Action Filed: August 17, 2011 |
| 23 | Trial Date: None |
| 24            Defendants. | |

25

26

27

28

LIBA/2238058.1

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ................................................................................ 1

II.     BACKGROUND ................................................................................. 1

III.    ARGUMENT ...................................................................................... 2

    A.      The Proposed Complaint Cannot Survive a Motion to Dismiss. ......... 2

    B.      Plaintiffs Have Not Cured the Defects in their Original
        Complaint. ................................................................................... 3

    C.      Plaintiffs Fail to State a Claim for Any Violation of Due
        Process ........................................................................................ 5

    D.      Plaintiffs' Quasi Contract Cause of Action Fails to State a
        Claim. ......................................................................................... 6

    E.      Plaintiffs' Cause of Action for No Contract Fails to State a
        Claim. ......................................................................................... 9

    F.      Plaintiffs' Cause of Action for Declaratory and Injunctive
        Relief is Futile as No Such Cause of Action Exists ........................... 11

IV.     CONCLUSION ................................................................................. 12

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4

5

*Alicea v. GE Money Bank*
    No. C 09-00091 SBA, 2009 WL 2136969 (N.D. Cal. July 16, 2009) ............5, 8

6

7

*Ashcroft v. Iqbal*
    129 S. Ct. 1937 (2009) ........................................................................................3

8

9

*Ashker v. Schwarzenegger*
    No. C 05-03286 CW, 2007 WL 4570607 (N.D. Cal. Dec. 26, 2007)..................3

10

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ...........................................................................................3

11

12

*Canales v. Federal Home Loan Mortg. Corp.*
    No. CV 11–2819 PSG, 2011 WL 3320478 (C.D. Cal. Aug. 1, 2011) ...........4, 11

13

14

*Comer v. Micor, Inc.*
    436 F.3d 1098 (9th Cir. 2006) ...........................................................................9

15

16

*Fammilop v. Wells Fargo Bank, N.A.*
    No. CV 10-5977 AHM, 2011 U.S. Dist. LEXIS 3249
    (C.D. Cal. Jan. 4, 2011) .....................................................................................8

17

18

*Grant v. Aurora Loan Servs.*
    No. CV 09-08174-MMM, 2010 U.S. Dist. LEXIS 98034
    (C.D. Cal. Sept. 10, 2010) .................................................................................8

19

20

*Green v. Alliance Title*
    2010 WL 3505072 (E.D. Cal. Sept. 2, 2010) ....................................................8

21

22

*Griggs v. Pace American Group, Inc.*
    170 F.3d 877 (9th Cir. 1999) .............................................................................2

23

24

*Javaheri v. JPMorgan Chase Bank, N.A.*
    No. CV 10-08185 ODW, 2011 WL 1131518
    (C.D. Cal. Mar. 24, 2011)................................................................................10

25

26

*Jenkins v. MCI Telcoms. Corp.*
    973 F.Supp. 1133 (C.D.Cal.1997)...................................................................11

27

28

*Johnson v. Buckley*
  356 F.3d 1067 (9th Cir. 2004) ............................................................ 2

*Lierboe v. State Farm Mut. Auto. Ins. Co.*
  350 F.3d 1018 (9th Cir. 2003) ............................................................ 3

*Lipscomb v. Mortgage Elec. Registration Sys.*
  No. 1:11-CV-497 AWI (JLT), 2011 WL 3361132
  (E.D. Cal. Aug. 3, 2011) .................................................................. 11

*Lopez v. Chase Home Fin., LLC*
  2009 U.S. Dist. LEXIS 35206 (E.D. Cal. Apr. 8, 2009) ...................... 8

*Lugar v. Edmondson Oil Co.*
  457 U.S. 922 (1982) ........................................................................... 6

*Neal v. E-Trade Bank*
  No. S-11-0954 FCD/GGH, 2011 WL 3813158 (E.D. Cal. Aug. 26, 2011) ......... 5

*Nguyen v. BAC Home Loan Services, LP*
  No. C-10-01712 RMW, 2010 WL 3894986 (N.D. Cal. Oct. 1, 2010) ................ 6

*Omega v. Wells Fargo & Co.*
  No. C 11-02621 JSW, 2011 WL 4345046 (N.D. Cal. Sep. 14, 2011) ................ 4

*Oracle Corp. v. DrugLogic, Inc.*
  2011 WL 3443889 (N.D. Cal. Aug. 8, 2011) ....................................... 3

*Orcilla v. Bank of America, N.A.*
  No. C10-03931 HRL, 2010 WL 5211507 (N.D. Cal. Dec. 16, 2010) ................ 6

*Ozogu v. CitiMortgage, Inc.*
  No. CV 10-9687 CAS, 2011 WL 2940391 (C.D. Cal. July 19, 2011) ................ 6

*Preciado v. Ocwen Loan Servicing*
  No. CV 11-1487 CAS, 2011 WL 977819 (C.D. Cal. Mar. 18, 2011) ............. 4, 5

*Saul v. United States*
  928 F.2d 829 (9th Cir. 1991) ............................................................. 3

*Shapiro v. Bank of America, N.A.*
  2011 WL 4851145 (E.D. Cal. Oct. 12, 2011) ...................................... 7

*Swain v. CACH, LLC*
  699 F.Supp.2d 1117 (N.D. Cal. 2009)....................................................................3

*Vargas v. Recontrust Co.*
  2008 U.S. Dist. LEXIS 100115 (E.D. Cal. Dec. 1, 2008)....................................8

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) ............................................................................10

*Warth v. Seldin*
  422 U.S. 490 (1975) ..............................................................................................3

*Wienke v. Indymac Bank FSB*
  No. CV 10-4082 NJV, 2011 WL 2565370 (N.D. Cal. Jun 29, 2011).................4

**CALIFORNIA CASES**

*Abdallah v. United Savs. Bank*
  43 Cal. App. 4th 1101 (1996)...............................................................................8

*Leonard v. Bank of America Nat'l Trust and Sav. Ass'n.*
  16 Cal. App. 2d 341 (1936) ..................................................................................5

*McDowell v. Watson*
  59 Cal. App. 4th 1155 (1997)..............................................................................11

*Smith v. City & County of San Francisco*
  225 Cal. App. 3d 38 (1990) ..................................................................................4

*Tri-Continent Int'l Corp. v. Paris Savings & Loan Ass'n*
  12 Cal. App. 4th 1354 (1993)...............................................................................9

**CALIFORNIA STATUTES**

Cal Civ Code § 2923.5........................................................................................2, 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. Rule 15 .........................................................................................1

Fed. R. Civ. P. Rule 9(b) .....................................................................................10

Fed. R. Civ. P. Rule 9(b)(6)................................................................................10

Fed. R. Civ. P. Rule 12(b)(6) ...................................................................................3

Local Rule 7-3 .........................................................................................................2

1  Defendant Bank of America, N.A. (erroneously sued as "Bank of America")

2  ("BOA") hereby respectfully opposes "Plaintiffs' Motion for Leave to File First

3  Amended Complaint" ("Motion").

4  **I.   <u>INTRODUCTION</u>**

5  Plaintiffs' Motion should be denied for the simple reason that it is futile.

6  Plaintiffs seek to amend their fatally deficient original complaint (the "Complaint"),

7  not to cure the defects raised by BOA and the other Defendants' motions to dismiss,

8  but rather to add "new," extraneous causes of action and allegations.  These

9  additions neither help Plaintiffs survive BOA's Motion to Dismiss (the "BOA

10  Motion to Dismiss"), nor do they accomplish Plaintiffs' stated goals of clarifying

11  and narrowing their original allegations.  (Motion at 1).  Indeed, Plaintiffs' proposed

12  First Amended Class Action Complaint ("FAC") merely repeats their original

13  deficient claims, and adds duplicative and deficient causes of action that cannot

14  survive a motion to dismiss.  *See* Declaration of Ruby Wayne Wood, Ex. 1 (redline

15  between complaint and proposed FAC).  Plaintiffs assert two additional due process

16  causes of action (bringing the total due process claims to three against BOA), which

17  highlights Plaintiffs' fundamental lack of understanding that due process claims can

18  only be brought against state actors.  Plaintiffs' "quasi contract" and "no contract"

19  causes of action fail under well-established law because they are incoherent, and

20  appear to merely attempt to circumvent the established non-judicial foreclosure

21  statutes.  Finally, their last "cause of action" for declaratory and injunctive relief

22  fails because it is not a cause of action, but is merely a form of relief.

23  Plaintiffs' proposed amended complaint is futile and simply fails to meet even

24  the liberal amendment standards of Fed. R. Civ. P. 15.  This Court should deny the

25  Motion and grant BOA's Motion to Dismiss.

26  **II.   <u>BACKGROUND</u>**

27  The original Complaint alleged six causes of action against BOA:  Breach of

28  Contract (Compl. ¶¶ 150-156), Violation of Due Process (Compl. ¶¶ 157-164);

1    Breach of the Covenant of Good Faith and Fair Dealing (Compl. ¶¶ 173-177);

2    Violation of Cal Civ Code § 2923.5 (Compl. ¶¶ 178-187); Wrongful Foreclosure

3    (Compl. ¶¶ 188-210); and Quiet Title (Compl. ¶¶ 211-218).  These allegations were

4    also asserted against defendants Carnegie Mortgage, Citi, WAMU, Chase, Wells

5    Fargo and Indymac.  BOA incorporated by reference and joined the Motion to

6    Dismiss filed by Defendant Wells Fargo with regard to the Second Cause of Action.

7    BOA contends that it is entitled to dismissal for the same reasons set forth in the

8    motions by Citi and Wells Fargo.  BOA filed its own Motion to Dismiss on October

9    14, 2011.  *See* Docket Entry No. 40.  Plaintiffs have yet to respond to any Motion to

10   Dismiss, including those that the deadline to oppose has already passed.[1]  *See* Dkt.

11   Nos. 58-60.  Instead, Plaintiffs chose to file this Motion.

12        Plaintiffs propose to file an FAC reasserting the same above causes of action,

13   but which also adds two additional due process claims and claims for quasi contract,

14   no contract, and declaratory and injunctive relief.

15   **III.  ARGUMENT**

16       **A.    The Proposed Complaint Cannot Survive a Motion to Dismiss.**

17        The proposed FAC fails because it is futile.[2]  "A district court determines the

18   propriety of a motion to amend by ascertaining the presence of any of four factors:

19   bad faith, undue delay, prejudice to the opposing party, and/or futility."  *Griggs v.*

20   *Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD*

21   *Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987)).  "Futility alone can

22   justify the denial of a motion to amend."  *Johnson v. Buckley*, 356 F.3d 1067, 1077

23   (9th Cir. 2004).  "A district court does not err in denying leave to amend where the

---

24   [1]    The deadline to oppose the BOA Motion to Dismiss is November 14, 2011.  At
25       the time of this filing, BOA has not received an opposition from Plaintiffs.

    [2]    The Motion should be denied for the additional reason that it is procedurally
26   deficient and out of compliance with Local Rule 7-3.  Plaintiffs never contacted
    Defendant BOA to "discuss thoroughly, *preferably in person*, the substance of
27   the contemplated motion and any potential resolution."  L.R. 7-3 (emphasis in
    original).  Plaintiffs have made no contact with Defendants, and thus, their
28   Motion should be denied.

1   amendment would be futile… or where the amended complaint would be subject to

2   dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).  Unlike the

3   other three factors that could support a denial of leave to amend, if a proposed

4   complaint cannot withstand a motion to dismiss, the motion to amend should be

5   denied as futile.  *Ashker v. Schwarzenegger*, No. C 05-03286 CW, 2007 WL

6   4570607, *2 (N.D. Cal. Dec. 26, 2007) (*citing to Miller v. Rykoff-Sexton*, *Inc.,* 845

7   F.2d 209, 214 (9th Cir.1988)).

8        Here, the proposed FAC does not state a viable claim against BOA.  "In order

9   to survive a motion to dismiss under Rule 12(b)(6), a complaint must 'contain either

10  direct or inferential allegations respecting all the material elements necessary to

11  sustain recovery under *some* viable legal theory'." *Oracle Corp. v. DrugLogic, Inc.*,

12  2011 WL 3443889, at *8 (N.D. Cal. Aug. 8, 2011) (quoting *Bell Atlantic Corp. v.*

13  *Twombly*, 550 U.S. 544, 562 (2007) (emphasis in original)).  Although a court must

14  accept allegations in the complaint as true when considering a motion to dismiss,

15  assertions that are bare "legal conclusions" are not entitled to the assumption of

16  truth.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Twombly*, 550 U.S. at 570.

17  Plaintiffs' new claims are based on nothing more than the type of bare assertions

18  and legal conclusions precluded by *Twombly*.

19        **B.**    **Plaintiffs Have Not Cured the Defects in their Original Complaint.**

20        Plaintiffs have failed to address any of the defects raised by BOA in its

21  Motion to Dismiss, and instead have chosen to include only additional irrelevant

22  facts in their quest to circumvent the non-judicial foreclosure process.[3]  BOA hereby

23

24  [3]   As stated in BOA's Motion to Dismiss, only two plaintiffs, the Hinnaouis, have
         made allegations specific to BOA.  It is well established that each named plaintiff
25       must show that he or she was injured by a defendant.  *See Warth v. Seldin*, 422
         U.S. 490, 502 (1975) ("Petitioners must allege and show that they personally
26       have been injured…"); *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018,
         1022 (9th Cir. 2003) (same); *Swain v. CACH, LLC*, 699 F.Supp.2d 1117, 1122-
27       23 (N.D. Cal. 2009).  As only the Hinnaouis allege allegations specific to BOA,
         all other defendants' causes of action should be dismissed as to BOA as they
28       cannot allege that they have been personally injured by BOA.

1    incorporates by reference its motion to dismiss as to Plaintiffs' original causes of

2    action, which have been re-alleged without any material changes.  *See* Wood Decl.,

3    Ex. 1.  The relevant facts and law remain the same:

4         First, HAMP does not provide a private right of action and Plaintiffs are not

5    third party beneficiaries of the BOA Servicer Participation Agreement such that they

6    can have any contract based claim against BOA.  *See e.g., Preciado v. Ocwen Loan*

7    *Servicing,* No. CV 11-1487 CAS (VBKx), 2011 WL 977819 (C.D. Cal. Mar. 18,

8    2011); *Omega v. Wells Fargo & Co.*, No. C 11-02621 JSW, 2011 WL 4345046, *4

9    (N.D. Cal. Sep. 14, 2011).  Thus, Plaintiffs' breach of contract and breach of

10   implied covenant claims (third and sixth causes of action) should be dismissed.

11   *Smith v. City & County of San Francisco*, 225 Cal. App. 3d 38, 49 (1990).

12        Second, Plaintiffs have not addressed – nor can they – the fact that Cal. Civ.

13   Code § 2923.5 does not create a private right of action for their seventh cause of

14   action.  *See e.g.*, *Canales v. Federal Home Loan Mortg. Corp.*, No. CV 11–2819

15   PSG (VBKx), 2011 WL 3320478, at *6 (C.D. Cal. Aug. 1, 2011) (violation of

16   § 2923.5 not a "cognizable" claim as there is no private right of action); *see also*

17   BOA Motion to Dismiss at 6-7.  Even if the claim were cognizable, Plaintiffs new

18   allegations state only that defendants have filed a notice of default ("NODs") in

19   accordance with Cal. Civ. Code § 2923.5.  FAC ¶ 275.  They still make no effort to

20   clarify when the filing of the NODs occurred, whether the filing of the NODs

21   occurred fewer than thirty days after defendants mailed Plaintiffs letters regarding

22   their defaults, which bank sent which plaintiff a letter, on what day the alleged letter

23   was sent, or the contents of such letter.  *See* FAC ¶ 275; *Wienke v. Indymac Bank*

24   *FSB*, No. CV 10-4082 NJV, 2011 WL 2565370, at *5 (N.D. Cal. Jun 29, 2011)

25   (dismissing cause of action for violations of § 2923.5, for, inter alia, failing to allege

26   "when and by whom the notice of default was filed.").  Plaintiffs' § 2923.5 cause of

27   action is not only deficient, it is impossible to understand what Plaintiffs believe

28

1   actually happened from either the FAC or the original Complaint.  This, too, is

2   grounds for dismissal.

3          <u>Finally</u>, Plaintiffs still have not alleged that they are ready, willing, and able

4   to tender full payment of the money they have borrowed from BOA.  Such failure

5   was and is fatal to Plaintiffs' wrongful foreclosure and quiet title claims (eighth and

6   ninth causes of action).  *E.g., Alicea v. GE Money Bank*, No. C 09-00091 SBA, 2009

7   WL 2136969, at *3 (N.D. Cal. July 16, 2009) (dismissing claims seeking to enjoin

8   foreclosure because a "valid and viable" tender is "essential to an action to cancel a

9   voidable sale under a deed of trust"); *Leonard v. Bank of America Nat'l Trust and*

10  *Sav. Ass'n.*, 16 Cal. App. 2d 341, 344 (1936) (a borrower plaintiff cannot quiet title

11  to land without first repaying the money borrowed).

12         Plaintiffs have failed to address or cure the above defects in their proposed

13  amendment.  Such failure is tantamount to admitting that these defects cannot be

14  cured.  As such, the court should deny leave to file the proposed FAC and grant

15  BOA's Motion to Dismiss.

16  **C.      <u>Plaintiffs Fail to State a Claim for Any Violation of Due Process</u>.**

17         Plaintiffs' attempt, without success, to strengthen their due process causes of

18  action by alleging additional due process related facts.  The proposed FAC's First

19  and Second Causes of Action are for violations of due process for failure to

20  promulgate certain modification rules relating to denial of modifications and the

21  right to appeal a denial – bringing the total of Plaintiffs' due process causes of

22  action against BOA to three (first, second and fourth causes of action).

23         None of Plaintiffs' new allegations in the FAC address the core problems

24  with their original due process causes of action.  HAMP does not create a private

25  right of action and BOA is not a state actor such that it can be liable for a violation

26  of procedural due process.  *See Preciado v. Ocwen Loan Servicing*, No. CV 11-1487

27  CAS (VBKx), 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011) (finding that

28  "Congress did not provide for a private right of action under HAMP"); *Neal v. E-*

1   *Trade Bank,* No. S-11-0954 FCD/GGH, 2011 WL 3813158, *3 (E.D. Cal. Aug. 26,

2   2011) ("The mere existence of a regulatory scheme which these private defendants

3   must comply with cannot convert them to state actors"); *Lugar v. Edmondson Oil*

4   *Co.*, 457 U.S. 922, 930 (1982) (due process claim can only be brought against

5   governments).

6        Moreover, HAMP is not an entitlement program such that it conveys any

7   property interest protected by the Fifth Amendment; all of Plaintiffs' claims based

8   on the Fifth Amendment must be dismissed.  *Ozogu v. CitiMortgage, Inc.*, No. CV

9   10-9687 CAS (AGRx), 2011 WL 2940391, *6 (C.D. Cal. July 19, 2011) ("Because

10  plaintiffs do not have a protected property interest in a loan modification under

11  HAMP, their Fifth Amendment claims fail as a matter of law"); *Orcilla v. Bank of*

12  *America, N.A.*, No. C10-03931 HRL, 2010 WL 5211507, *4 (N.D. Cal. Dec. 16,

13  2010); *Nguyen v. BAC Home Loan Services, LP*, No. C-10-01712 RMW, 2010 WL

14  3894986, at *5 (N.D. Cal. Oct. 1, 2010).

15       Plaintiffs' addition of deficient due process claims does not cure the fact that

16  due process claims cannot be brought against BOA.  All of Plaintiffs' due process

17  claims are subject to dismissal, and as such, leave to amend should be denied.

18       **D.    Plaintiffs' Quasi Contract Cause of Action Fails to State a Claim.**

19       Plaintiffs' "Quasi Contract" claim (tenth cause of action) fails to state a claim

20  for the simple reason that it is completely nonsensical.  In addition, it misstates the

21  facts apparent in the Hinnaouis' Deed of Trust ("DOT") and improperly asserts a

22  quasi contract where all parties admit there is a valid written contract.  *See* FAC

23  ¶¶ 6, 12, 89, 91, 95, 311.

24       Plaintiffs make a number of allegations that are not readily understandable.

25  For example, Plaintiffs allege that because BOA was not a beneficiary "under

26  Plaintiffs' Notes on the date that Defendants acquired the mortgages" that "therefore

27  Defendants did not acquire any rights from original lenders to accept or keep

28  Plaintiffs' payments."  FAC ¶ 310.  Plaintiffs go on to quote from the DOT: "'Upon

payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee."' FAC ¶ 311. From this, Plaintiffs somehow infer that the "obligations to Original Lenders under the DOT were fulfilled when Original lenders received the balance on the Note as proceeds of sale" and BOA has been "unjustly enriched by collecting monthly payments." *Id.* None of these statements state a claim upon which relief can be granted. Indeed, it is entirely unclear what Plaintiffs are even alleging.[4]

What is clear from Plaintiffs' FAC is that the Hinnaouis took out a mortgage for their home in 2007, and subsequently defaulted on that mortgage. FAC ¶¶ 91, 93. Plaintiffs acknowledge that there was a valid mortgage contract with the original lenders, American Sterling Bank, and cite to the valid Deed of Trust. FAC ¶¶ 6, 12, 89, 91, 95, 311. It is settled law in California that a claim for unjust enrichment is not cognizable, and that a cause of action in quasi contract cannot stand when a valid "express contract covering the same subject matter between the parties" exists. *Shapiro v. Bank of America, N.A.*, Case No. 2:11-CV-00576-JAM-CMK, 2011 WL 4851145, at *8 (E.D. Cal. Oct. 12, 2011) (citations omitted) (unjust enrichment claim dismissed with prejudice because "allowing amendment would be futile as to this claim"). This claim should be dismissed based solely on the fact that Plaintiffs admit that a valid mortgage contract exists.

Finally, the Hinnaouis have made no allegation that they have attempted to tender payment of their loan since their default. *See* FAC. Without tendering payment, the Hinnaouis have no standing to assert any cause of action against BOA to challenge their foreclosure. In California, the "law is long-established" that

---

[4] To the extent Plaintiffs are arguing that BOA does not have a right to collect payment from Plaintiffs, such an allegation is facially invalid as BOA is not only a valid servicer of the loan, but also the rightful assignee of the Deed of Trust, and owns all beneficial interests in the Deed of Trust and the Note. *See* Wood Decl. Ex. 2 (Assignment of Deed of Trust).

1    tender of obligation in full by plaintiff is a "prerequisite to challenge of the

2    foreclosure sale."  *Vargas v. Recontrust Co.*, 2008 U.S. Dist. LEXIS 100115, at *16

3    (E.D. Cal. Dec. 1, 2008); *Grant v. Aurora Loan Servs.*, No. CV 09-08174-MMM

4    (CTx), 2010 U.S. Dist. LEXIS 98034, at *25-26 (C.D. Cal. Sept. 10, 2010);

5    *Fammilop v. Wells Fargo Bank, N.A.*, No. CV 10-5977 AHM (FFMx), 2011 U.S.

6    Dist. LEXIS 3249, at *8 (C.D. Cal. Jan. 4, 2011) (plaintiff must offer to tender the

7    full amount owed to sustain a cause of action in regards to any aspect of the

8    foreclosure sale procedure); *Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101,

9    1109 (1996) (appellants required to allege tender of the amount of the secured

10   indebtedness to challenge foreclosure).  This rule is broad and applies to challenges

11   to foreclosure sales in many forms.  *See Green v. Alliance Title*, 2010 WL 3505072,

12   at *13 (E.D. Cal. Sept. 2, 2010) (where plaintiff alleged defendant had no standing

13   to foreclose, court found that "[w]ithout pleading tender or the ability to offer

14   tender, a plaintiff cannot state a cause of action to set aside a foreclosure sale.");

15   *Alicea v. GE Money Bank,* 2009 WL 2136969 *3 (N.D. Cal. July 16, 2009) ("When

16   a debtor is in default of a home mortgage loan, and a foreclosure is either pending or

17   has taken place, the debtor must allege a credible tender of the amount of the

18   secured debt").

19        The tender rule is an outgrowth of the equitable nature of a challenge to a

20   foreclosure, and is based upon the principle that a plaintiff seeking to invoke the

21   court's equity jurisdiction must first do equity before his claims will be heard.

22   *Lopez v. Chase Home Fin., LLC*, 2009 U.S. Dist. LEXIS 35206, at *14 (E.D. Cal.

23   Apr. 8, 2009).  Plaintiffs are in essence attempting to obtain their homes without

24   having to return to Defendants the money they borrowed in order to acquire their

25   homes.  This is clearly inequitable.  The Court should deny leave to amend because

26   Plaintiffs have not and cannot allege that they are able to tender the full amount of

27   their outstanding loan obligations, which is a prerequisite to any challenge to

28   foreclosure.

1   For these reasons, Plaintiffs have failed to state a claim for "Quasi Contract"

2   in their FAC, and thus this amendment would be futile and should be denied.

3   **E.      Plaintiffs' Cause of Action for No Contract Fails to State a Claim.**

4   Plaintiffs' "No Contract" claim (eleventh cause of action) is in essence both a

5   challenge to the foreclosure and a cause of action for fraud.

6   Plaintiffs allege that "Defendants have no rights to receive payments under

7   Plaintiffs' mortgage loans and have no rights to foreclose on Plaintiffs' Properties."

8   FAC ¶ 325.  Plaintiffs further allege that "the contracts" are void and thus,

9   Defendants do not have any rights to collect payments or foreclose on Plaintiffs'

10  properties.  *Id.*  Plaintiffs do not clarify which contract they are alleging is void.  *See*

11  FAC ¶¶ 317-320.  That alone is grounds for dismissal.

12  Plaintiffs contend that "there was no shared expectation—no meeting of the

13  minds—no contract was formed between Plaintiffs and Defendants."  FAC ¶ 319.

14  This is premised on Plaintiffs' allegations that "Plaintiffs expected that they would

15  borrow money from Defendants, they would pay it back, and then they would own

16  the Property" and that "Defendants expected that Plaintiffs would borrow money,

17  they would not be able to pay it back and then Defendants or the investors would

18  own the Properties."  *Id.*  To the extent Plaintiffs are alleging that the original loan

19  documents are void, BOA is an improperly named party as it was not a party to the

20  original "meeting of the minds."  *See Tri-Continent Int'l Corp. v. Paris Savings &*

21  *Loan Ass'n*, 12 Cal. App. 4th 1354, 1359 (1993) (contract based claims cannot be

22  brought against non-parties to the contract; s*ee also Comer v. Micor, Inc.*, 436 F.3d

23  1098, 1102 (9th Cir. 2006) (a third party beneficiary, much less a non-party to a

24  contract, cannot be bound to an agreement to which he did not agree or assent).

25  BOA did not sign a mortgage contract with the Hinnaouis, the original lender did.

26  BOA was later assigned the mortgage.  *See* Wood Decl., Ex. 2.  If Plaintiffs are

27  alleging the HAMP contract should be considered void, their claim fails as a matter

28

1   of law for all the reasons set forth *supra*, III.C:  Plaintiffs are not third party

2   beneficiaries and thus have no right to sue.

3       Incredulously, Plaintiffs allege that BOA "purchased credit default insurance

4   so that Defendants would receive the balance on the Notes when Plaintiffs

5   defaulted, in addition to any money Defendants received when they securitized the

6   Note."  FAC ¶ 320.  As servicer of the loan, BOA is a middleman who receives no

7   money from any insurance purchased.  Any such insurance goes directly to the

8   investor on behalf of whom BOA services the loan, not to BOA.  Therefore, such a

9   claim is nonsensical and should be disregarded as such.

10      To the extent Plaintiffs are asserting that the "No Contract" cause of action

11  arises from fraud, they have failed to plead in accordance with Rule 9(b) of the

12  Federal Rules of Civil Procedure.  Plaintiffs, including the Hinnaouis, allege that

13  their "participation in the mortgage contracts [was] procured by overt and covert

14  misrepresentations and nondisclosures."  FAC ¶ 323.  Plaintiffs cannot avoid the

15  requirements of Rule 9(b) by asserting a cause of action for No Contract instead of

16  fraud.  *See, e.g., Javaheri v. JPMorgan Chase Bank, N.A.,* Case No. CV 10-08185

17  ODW (FFMx), 2011 WL 1131518, at *4 (C.D. Cal. Mar. 24, 2011) (holding that No

18  Contract claim was in fact an allegation of fraud and as such fell "exceedingly short

19  of the Rule 9(b) requirements.").

20      A party claiming fraud must "state with particularity the circumstances

21  constituting fraud or mistake" to allow a defendant to "prepare an adequate answer."

22  *Id.*; *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)

23  (Plaintiffs must allege "the who, what, when, where, and how of the misconduct

24  charged" to properly plead a fraud based claim).  Where the defendant is a

25  corporation Rule 9(b) requires that a plaintiff allege "the names of the persons who

26  made the allegedly fraudulent representations, their authority to speak, to whom

27  them spoke, what they said or wrote, and when it was said or written."  *Javaheri,*

28  2011 WL 1131518, at *4.  Further, plaintiffs must not "lump multiple defendants

1   together but … differentiate their allegations … and inform each defendant

2   separately of the allegations."  *Lipscomb v. Mortgage Elec. Registration Sys.,* Case

3   No. 1:11-CV-497 AWI (JLT), 2011 WL 3361132, at *5 (E.D. Cal. Aug. 3, 2011)

4   (citation omitted).  Here, Plaintiffs make no attempt to separate the defendants or

5   plead the necessary elements with the requisite particularity to support this claim.

6   *See* FAC ¶¶ 313-325.  As this cause of action is subject to dismissal, leave to amend

7   should be denied.

8          Finally, as with Plaintiffs' cause of action under quasi-contract, Plaintiffs

9   cannot allege both that a mortgage contract exists upon which they should be

10  granted modification and an injunction against foreclosure, and at the same time

11  allege that the mortgage itself was void, but that they remain the rightful owners of

12  their houses.  It is a contradictory argument that should not be allowed to stand.  *See*

13  *supra* III.D.

14         For the reasons stated above, Plaintiffs' request to amend should be denied as

15  futile.

16     **F.     <u>Plaintiffs' Cause of Action for Declaratory and Injunctive Relief is</u>**

17         **<u>Futile as No Such Cause of Action Exists</u>.**

18         Plaintiffs' last cause of action in their FAC improperly seeks declaratory and

19  injunctive relief.  In California, it is well-settled that such a cause of action does not

20  exist, as "injunctive relief and declaratory relief are prayers for relief, not causes of

21  action."  *Canales v. Federal Home Loan Mortg. Corp.*, 2011 WL 3320478, at *10

22  (C.D. Cal. Aug. 1, 2011); *see McDowell v. Watson,* 59 Cal. App. 4th 1155, 1159

23  (1997) ("Injunctive relief is a remedy and not, in itself, a cause of action.") (citations

24  omitted); *see also Jenkins v. MCI Telcoms. Corp.,* 973 F.Supp. 1133, 1139, n.10

25  (C.D.Cal.1997) ("declaratory relief, and injunctive relief are not causes of action.

26  They are remedies . . . Therefore, they need not be addressed by this Court").  This

27  Court, too, should not allow this amendment, as it is futile and would be dismissed

28  regardless.

1  **IV.**     **CONCLUSION**

2          For all the foregoing reasons, Bank of America, N.A., requests that this Court

3  deny Plaintiffs' Motion to File First Amended Class Action Complaint in its

4  entirety, and grant BOA's Motion to Dismiss.

5

6  Dated:    November 14, 2011              Respectfully submitted,

7

8                                          By: /s/ Ruby Wayne Wood
                                               Ruby Wayne Wood
                                               *rwood@goodwinprocter.com*
9                                              Hong-An Vu
                                               *hvu@goodwinprocter.com*
10                                             **GOODWIN PROCTER** LLP

11                                         Attorneys for Defendant
                                           **BANK OF AMERICA, N.A.**
12                                         (Erroneously sued as Bank of
                                           America)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2     I am employed in the County of Los Angeles, State of California.  I am over
3  the age of 18 and not a party to the within action.  My business address is 601 S.
   Figueroa Street, 41st Floor, Los Angeles, California 90017.

4     On November 14, 2011, I served **DEFENDANT BANK OF AMERICA,
   N.A'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
5  FIRST AMENDED CLASS ACTION COMPLAINT, MEMORANDUM OF
   POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the person(s)
6  listed on the attached Service List as follows:

7

8  ☐   (MAIL) I placed the envelope for collection and mailing, following our
       ordinary business practices.  I am readily familiar with this firm's practice
9      for collecting and processing correspondence for mailing.  On the same day
       that correspondence is placed for collection and mailing, it is deposited in
10     the ordinary course of business with the United States Postal Service, in a
       sealed envelope with postage fully prepaid.  I am a resident or employed in
11     the county where the mailing occurred.  The envelope or package was
       placed in the mail at Los Angeles, California.

12 ☑   **(CM/ECF Electronic Filing) I caused the above document(s) to be
       transmitted to the office(s) of the addressee(s) listed above by electronic
13     mail at the e-mail address(es) set forth above pursuant to
       Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated
14     automatically by the ECF system upon completion of an electronic
       filing. The NEF, when e-mailed to the e-mail address of record in the
15     case, shall constitute the proof of service as required by
       Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any
16     document served in the traditional manner upon any party appearing
       pro se."**

17 ☐   (EXPRESS MAIL) I placed the envelope for collection and mailing,
18     following our ordinary business practices.  I am readily familiar with this
       firm's practice for collecting and processing Express Mail for mailing.  On
19     the same day that Express Mail is placed for collection and mailing, it is
       deposited in the ordinary course of business with the United States Postal
20     Service, in a post office, mailbox, sub-post office, substation, mail chute, or
       other like facility regularly maintained by the United States Postal Service
21     for receipt of Express Mail.

22 ☐   (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly
       maintained by Federal Express , an express service carrier, or delivered to a
23     courier or driver authorized by said express service carrier to receive
       documents, a true copy  of the foregoing document in sealed envelopes or
24     packages designated by the express service carrier, addressed as stated
       above, with fees for overnight delivery paid or provided for.

25 ☐   (MESSENGER SERVICE) I served the documents by placing them in an
26     envelope or package addressed to the persons at the addresses listed and
       provided them to a professional messenger service for service.  A separate
27     Personal Proof of Service provided by the professional messenger service
       will be filed under separate cover.

28

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on November 14, 2011, at Los Angeles, California.

_____        _____
        Britani N. Selzler
      (Type or print name)                        (Signature)

**SERVICE LIST**
*Jose Luis Rosas et al v. Carnegie Mortgage LLC et al*
United States District Court, Central District of California
Western Division - Los Angeles
Case No. 2:11-cv-07692-CAS - (CWx)

Motaz M. Gerges                                Counsel for Plaintiffs
*mgerges@aol.com*                              **JOSE LUIS ROSAS;**
**LAW OFFICES OF MOTAZ M GERGES**              **STEVEN ZIVANIC;**
19510 Ventura Boulevard, Suite 101             **YVONNE ZIVANIC;**
Tarzana, CA 91356                              **FERNANDO HINNAOUI;**
Tel:   (818) 943-0707                          **MARTHA V. HINNAOUI;**
Fax:   (818) 401-0711                          **SANDRA ENSHIWAT;**
                                               **ALI REZA AMIRJALALY;**
Christopher G. Weston                          **KIAN KAMRANI; and**
*wlconnection@aol.com*                         **ALL OTHERS SIMILARLY**
**WESTON LAW CONNECTION CORP**                 **SITUATED**
4311 Wilshire Boulevard, Suite 615
Los Angeles, CA 90010
Tel:   (323) 936-0815
Fax:   (323) 936-0700

Vipan K. Bhola
*vbhola@me.com*
**LAW OFFICES OF VIP BHOLA**
21550 Oxnard Street, 3rd Floor
Woodland Hills, CA 91367
Tel:   (818) 224-6650
Fax:   (818) 221-0302

Stephen P. Wiman                               Counsel for Defendant
*swiman@nossaman.com*                          **CARNEGIE MORTGAGE, LLC**
Amber M. Grayhorse
*agrayhorse@nossaman.com*
**NOSSAMAN LLP**
777 S. Figueroa Street, 34th Floor
Los Angeles, CA 90017
Tel:   (213) 612-7800
Fax:   (213) 612-7801

Peter Obstler                                  Counsel for Defendants
*peter.obstler@bingham.com*                    **JPMORGAN CHASE BANK**
Zachary J Alinder                              **N.A., and DEUTSCHE BANK**
*zachary.alinder@bingham.com*                  **NATIONAL TRUST COMPANY,**
**BINGHAM McCUTCHEN**                          **in its capacity as Trustee of**
Three Embarcadero Center                       **Washington Mutual Mortgage**
San Francisco, CA 94111                        **Securities Corp. 2005-AR6**
Tel:   (415) 393-2000
Fax:   (415) 393-2286

| | |
|---|---|
| 1 | Daniel J. Goulding |
| | Julie O. Molteni |
| 2 | Joshua E. Moyer |
| | **QUALITY LOAN SERVICE** |
| 3 | **CORPORATION** |
| | 2141 5th Avenue |

Daniel J. Goulding
Julie O. Molteni
Joshua E. Moyer
**QUALITY LOAN SERVICE**
 **CORPORATION**
2141 5th Avenue
San Diego, CA 92101
Tel: (619) 645-7711 x-2019
Fax: (619) 568-3518

Corporate Counsel for Defendant
**QUALITY LOAN SERVICE CORPORATION**

Steven E. Rich
*srich@mayerbrown.com*
John Nadolenco
*jnadolenco@mayerbrown.com*
**MAYER BROWN LLP**
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Tel: (213) 229-9500
Fax: (213) 625-0248

Counsel for Defendant
**CITIMORTGAGE, INC.**

Robin P. Wright
*rwright@wrightlegal.net*
Nicole K. Neff
*nneff@wrightlegal.net*
**WRIGHT FINLAY AND ZAK LLP**
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050
Fax: (949) 477-9200

Counsel for Defendant
**CAL-WESTERN RECONVEYANCE CORPORATION**

Peiyin Patty Li
*patty.li@wilmerhale.com*
**WILMER CUTLER PICKERING**
 **HALE & DORR LLP**
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300
Fax: (213) 443-5400

Counsel for Defendant
**FEDERAL NATIONAL MORTGAGE ASSOCIATION**

Stuart B. Wolfe
*sbwolfe@wolfewyman.com*
Cathy L. Granger
*clgranger@wolfewyman.com*
**WOLFE & WYMAN LLP**
2301 Dupont Drive, Suite 300
Irvine, CA 92612
Tel: (949) 475-9200
Fax: (949) 475-9203

Counsel for Defendants
**WELLS FARGO BANK, N.A., and ATLANTIC AND PACIFIC FORECLOSURE SERVICES LLC**