1  NOSSAMAN LLP
   STEPHEN P. WIMAN (SBN 54825)
2  swiman@nossaman.com
3  AMBER M. GRAYHORSE (SBN 229059)
   agrayhorse@nossaman.com
4  777 South Figueroa Street, 34th Floor
5  Los Angeles, CA  90017
   Telephone:  (213) 612-7800
6  Facsimile:  (213) 612-7801

7
   Attorneys for Defendant Carnegie Mortgage, LLC
8

9

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13 Jose Luis Rosas; Steven Zivanic; Yvonne      Case No: CV-11-07692 CAS (CWx)
14 Zivanic; Fernando Hinnaoui; Martha V.
   Hinnaoui, Sandra Enshiwat; Ali Reza          (Hon. Christina A. Snyder)
15 Amirjalaly; Kian Kamrani on behalf of
16 themselves and all others similarly          AMENDED [PROPOSED] ORDER
   situated,                                    GRANTING MOTION TO DISMISS
17                                              FIRST AMENDED COMPLAINT OF
                   Plaintiffs,                  DEFENDANT CARNEGIE
18                                              MORTGAGE, LLC
         vs.
19
20 Carnegie Mortgage, LLC.; CitiMortgage,       Filed Concurrently With:
   Inc.; Cal-Western Reconveyance              1.     Reply to Non-Opposition to Motion
21 Corporation; Washington Mutual Bank,                to Dismiss First Amended Complaint
   F.A.; JP Morgan Chase Bank, N.A.; Bank
22 of America; Quality Loan Service            Hearing
   Corporation; Federal National Mortgage      Date:    March 12, 2012
23 Association; Indymac Bank F.S.B.;            Time:    10:00 a.m.
24 Deutsche Bank National Trust Company;
   Atlantic & Pacific Foreclosure Services;    Date Action Filed:  August 17, 2011
25 Wells Fargo Bank, N.A.; and DOES 1-10       Trial Date:      None Set
26 inclusive,

27              Defendants.

28

   418789_1.DOC
   ────────────────────────────────────────
   ORDER GRANTING DEFENDANT CARNEGIE MORTGAGE, LLC'S
   MOTION TO DISMISS FIRST AMENDED COMPLAINT

The Motion to Dismiss plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") brought by defendant Carnegie Mortgage, LLC ("Carnegie"), is now pending in Courtroom 5 of the above-entitled court, before the Honorable Christina A. Snyder.  The Court-imposed deadline for plaintiffs to file and serve an opposition to the Motion to Dismiss was on February 6, 2012.  Plaintiffs have not opposed the Motion to Dismiss.

Having considered the Motion to Dismiss, the memoranda and the declarations filed by Carnegie, and documents properly subject to judicial notice, **IT IS HEREBY ORDERED THAT**:

1.     This Court deems plaintiffs' failure to file a timely opposition to Carnegie's Motion to Dismiss as consent to granting the Motion to Dismiss pursuant to Local Rule 7-12;

2.     This Court **GRANTS** Carnegie's Request for Judicial Notice and takes judicial notice of the documents attached as exhibits thereto; and

3.     This Court finds that plaintiffs have failed to state a claim on which relief may be granted against Carnegie where:

> a.     Plaintiffs' alleged first, second and fourth cause of action for "Violation of Due Process" fails to state a claim upon which relief can be granted because (i) Carnegie is not a party to the alleged contract with the government, (ii) Carnegie, at all times relevant, was not a state actor, and (iii) the federal program that plaintiffs claim Carnegie violated does not create a protected property interest;

> b.     Plaintiffs' alleged third and sixth causes of action for "Breach of Contract" and "Breach of the Covenant of Good Faith and Fair Dealing" fail to state a claim upon which relief can be granted because (i) Carnegie is not a party to the alleged contract, (ii) Carnegie does not own any loan or property that are subject to this claim, and (iii)

418789_1.DOC                                        -1-

1  plaintiffs are not third-party beneficiaries to the alleged contract as a

2  matter of law;

3  c.  Plaintiffs' alleged seventh cause of action for "Violation of California

4  Civil Code § 2923.5" fails to state a claim upon which relief can be

5  granted because (i) the statute, by its terms, does not apply to the deed

6  of trust concerning Carnegie, (ii) there is no private right of action to

7  enforce the statute, and (iii) the FAC fails to allege that Carnegie

8  participated in either the notice of default or notice of trustee sale

9  concerning such deed of trust;

10  d.  Plaintiffs' alleged eighth cause of action for "Wrongful Foreclosure"

11  fails to state a claim upon which relief can be granted because

12  (i) Carnegie has not taken any actions to foreclose upon any property

13  that is the subject of this claim, (ii) plaintiffs' allegations concerning

14  Carnegie's assignment/transfer of interest in plaintiff Jose Luis Rosas'

15  ("Rosas") loan to defendant CitiMortgage, Inc. fail as a matter of law,

16  and (iii) plaintiffs failed to tender full performance under the relevant

17  deed of trust;

18  e.  Plaintiffs' alleged ninth cause of action for "Quiet Title" fails to state

19  a claim upon which relief can be granted because the FAC is not

20  verified and the facts alleged do not state a valid basis to quiet title;

21  f.  Plaintiffs' alleged tenth cause of action for "Quasi-Contract" fails to

22  state a claim upon which relief can be granted because Carnegie was

23  legally entitled to accept mortgage payments from Rosas for the short

24  period of time it owned and serviced Rosas' loan and Rosas cannot

25  assert a claim for quasi-contract against Carnegie because their

26  relationship is based on an express written contract;

27

28

418789_1.DOC                  -2-

ORDER GRANTING DEFENDANT CARNEGIE MORTGAGE, LLC'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

g.    Plaintiffs' alleged eleventh cause of action for "No Contract" fails to state a claim upon which relief can be granted because it is a veiled claim of fraud/misrepresentation and plaintiffs have not met the heightened pleading requirements for such a claim; and

h.    Plaintiffs' alleged twelfth cause of action for "Declaratory and Injunctive Relief" fails to state a claim upon which relief can be granted because there is no actual controversy between plaintiffs and Carnegie and the claim is legally a form of a relief, rather than a viable cause of action.

The Complaint is hereby dismissed in its entirety without leave to amend.

**IT IS SO ORDERED**.

Dated: _____, 2012

_____
HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT COURT JUDGE

418789_1.DOC

-3-

ORDER GRANTING DEFENDANT CARNEGIE MORTGAGE, LLC'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT