1    **Stuart B. Wolfe (SBN 156471)**
     *sbwolfe@wolfewyman.com*
2    **Cathy L. Granger (SBN 156453)**
     *clgranger@wolfewyman.com*
3    **WOLFE & WYMAN LLP**
     **2301 Dupont Drive, Suite 300**
4    **Irvine, California 92612-7531**
     **Telephone:  (949) 475-9200**
5    **Facsimile:   (949) 475-9203**

6    **Attorneys for Defendants**
     **WELLS FARGO BANK N.A., AS TRUSTEE FOR CARRINGTON**
7    **MORTGAGE LOAN TRUST, SERIES 2006-NC3 ASSET-BACKED**
     **PASS THROUGH CERTIFICATES (erroneously sued herein as**
8    **WELLS FARGO BANK, N.A.) and ATLANTIC & PACIFIC**
     **FORECLOSURE SERVICES**

9

10                  **UNITED STATES DISTRICT COURT**

11                  **CENTRAL DISTRICT OF CALIFORNIA**

12

13

14   Jose Luis Rosas; Steven Zivanic; Yvonne        Case No. CV11 07692 CAS (CWx)
     Zivanic; Fernando Hinnaoui; Martha V.
15   Hinnaoui, Sandra Enshiwat; Ali Reza
     Amirjalaly; Kian Kamrani on behalf of          **REPLY TO PLAINTIFFS'**
16   themselves and all others similarly            **OPPOSITION TO MOTION TO**
     situated,                                       **DISMISS FIRST AMENDED**
17                                                    **COMPLAINT**
                        Plaintiffs,
18
              v.
19
     Carnegie Mortgage, LLC.;
20   CitiMortgage, Inc.; Cal-Western
     Reconveyance Corporation; Washington          Date:        March 12, 2012
21   Mutual Bank, F.A.; JP Morgan Chase            Time:        10:00 a.m.
     Bank, N.A.; Bank of America; Quality         Courtroom:  5
22   Loan Service Corporation; Federal
     National Mortgage Association;
23   Indymac Bank F.S.B.; Deutsche Bank
     National Trust Company; Atlantic &
24   Pacific Foreclosure Services; Wells           Hon. Christina A. Snyder
     Fargo Bank, N.A.; and DOES 1-10
25   inclusive,

26                      Defendants.

27

28

1

**TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

Pursuant to L.R. 7-10, Defendants Wells Fargo Bank N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC3 Asset-Backed Pass Through Certificates (erroneously sued herein as Wells Fargo Bank, N.A.) ("Wells Fargo as Trustee") and Atlantic & Pacific Foreclosure Services ("A&P") reply to Plaintiffs' Opposition to the Motion to Dismiss the First Amended Class Action Complaint as follows:

**I.   PLAINTIFFS' FAILURE TO OPPOSE THE MOTION'S DUE PROCESS ARGUMENTS WARRANTS A RULING GRANTING THE MOTION IN THOSE RESPECTS.**

Plaintiffs' Opposition fails to even address, much less dispute, Defendants' arguments that the FAC's Due Process claims fail because there is no constitutionally protected interest in a HAMP loan modification. (Mtn. pp. 3-7.) Accordingly, the Court may deem Plaintiffs' silence to be consent to the granting of the Motion in that regard. L.R. 7-12; see also Tounget v. Riverside County, 2011 WL 6409691 *2 (C.D.Cal. Aug. 24, 2011).

**II.   NON-BORROWER/PLAINTIFF KAMRANI FAILS TO ADDRESS THE ARGUMENT THAT HE LACKS STANDING TO COMPLAIN AGAINST AMIRJALALY'S LENDER OR FORECLOSURE TRUSTEE.**

Plaintiff Kian Kamrani offers no response to the Motion's argument that, as an acknowledged non-borrower, he lacks standing to pursue causes of action premised on alleged duties owed to a borrower. (Mtn. 4:20-23.) Since all causes of action in the FAC are based on purported rights vested in borrowers, Plaintiff Kamrani's complaint must be dismissed with prejudice.

**III.   PLAINTIFFS' INSISTENCE THAT THEY ARE INTENDED BENEFICIARIES OF THE "HAMP CONTRACT" IS UNAVAILING.**

Opposing Defendants' argument that they cannot maintain contract-based causes of action reliant on the "HAMP Contract" because they are not intended third

**REPLY TO PLAINTIFFS' OPPOSITION TO MTN. TO DISMISS 1ST AM. COMPLAINT - CV11 07692 CAS**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1 | party beneficiaries of it, Plaintiffs cite a single case from 2009, <u>Reyes v. Saxon</u>, 2009

2 | WL 3738177 (S.D.Cal. Nov. 5, 2009).  Opp. 6:1.  In <u>Reyes</u>, Judge Dana Sabraw

3 | found without elaborating that the plaintiff had alleged enough facts supporting his

4 | third party beneficiary theory to survive a motion to dismiss.  2009 WL 3738177 at

5 | *2.  However, one year later, by which time myriad other courts had examined the

6 | issue and found to the contrary, Judge Sabraw recognized in <u>Wilson v. GMAC</u>

7 | <u>Mortgage LLC</u>, 2010 WL 5387829 *1 (S.D.Cal. Dec. 22, 2010) that

8

9 | > ...HAMP generally involves an agreement between a participating
loan servicer and the U.S Department of Treasury, and *a borrower*

10 | > *does not have a private right to enforce the HAMP contract.*

11 | Indeed, the courts have steadfastly rejected the third party beneficiary theory

12 | that Plaintiffs proffer here.  <u>See, i.e.</u>, <u>Newell v. Wells Fargo Bank, N.A.</u>, 2012 WL

13 | 27783 at *7 (N.D.Cal. Jan. 5, 2012); <u>Dodd v. Federal Home Loan Mortg. Corp.</u>,

14 | 2011 WL 6370032 *12 (E.D.Cal. Dec. 19, 2011); <u>Wright v. Bank of America</u>, 2010

15 | WL 2889117 at *4 (N.D.Cal. July 22, 2010) (it is "obvious that [HAMP] does not

16 | secure an enforceable right for [borrowers]"); <u>Singh v. Wells Fargo Bank</u>, 2011 WL

17 | 66167 at *7 (E.D.Cal. Jan.7, 2011) ("[I]t is well established that there is no private

18 | cause of action under HAMP.").  There is no sound basis on which to permit

19 | Plaintiffs to proceed on their impotent premise.

20 | IV. **PLAINTIFFS FAIL TO SURMOUNT DEFENDANTS' ARGUMENT**

21 | **THAT THEIR CIVIL CODE § 2923.5 CLAIM IS MOOT BECAUSE**

22 | **THE FORECLOSURE SALE HAS OCCURRED.**

23 | Plaintiffs' two-page argument urging that they have "sufficiently stated facts"

24 | to support a <u>Civil Code</u> section 2923.5 violation (Opp. pp. 7-8) completely ignores

25 | the central premise of the Motion, which is that no section 2923.5 claim is viable

26 | where the foreclosure sale has already occurred.  (Mtn. p. 12.)

27 | The cause of action must be therefore be dismissed with prejudice, since "[t]he

28 | right of action provided by section 2923.5 is limited to obtaining a postponement of

*WOLFE & WYMAN LLP*
*ATTORNEYS & COUNSELORS AT LAW*

3

1009961.1

1  an impending foreclosure to permit the lender to comply with section 2923.5."

2  Arvizu v. GMAC Mortg., LLC, 2011 WL 3958666 *7 (Oct. 8, 2010), citing Mabry

3  v. Superior Court (2010) 185 Cal.App.4th 208, 215.

4  **V.   PLAINTIFFS FAIL TO OVERCOME THE ABSENCE OF VIABLE**

5      **ALLEGATIONS SUPPORTING THEIR QUIET TITLE CLAIM.**

6      Though confusing, the Opposition seems to argue Plaintiffs should be

7  permitted to pursue a claim for quiet title on the basis that Wells Fargo has not

8  showed them the original promissory note. (Opp. 13:4-18.)  No law supports such a

9  proposition, nor do Plaintiffs cite any.  Further, Plaintiff Amirjalaly fails to respond

10 to the argument in the Motion that, having conveyed all his interest in the property to

11 Plaintiff Kamrani via grant deed, Amirjalaly has lost whatever entitlement he would

12 have otherwise had to a judgment of quiet title.

13     Moreover and importantly, while the law requires a mortgagor to discharge his

14 debt before he can obtain quiet title (Aguilar v. Bocci, 39 Cal.App.3d 475, 476

15 (1974) ), Plaintiffs here only argue impotently that they "are ready, willing and able

16 to resume monthly payments." (Opp. 13:11-12.)

17 **VI.  PLAINTIFFS' ARGUMENT IN SUPPORT OF THE CAUSE OF**

18      **ACTION FOR BREACH OF THE COVENANT OF GOOD FAITH**

19      **AND FAIR DEALING IS INCOMPREHENSIBLE.**

20      Opposing the Motion's argument that the cause of action for Breach of the

21 Covenant of Good Faith and Fair Dealing is incompetent because it ostensibly arises

22 out of the "HAMP Contract" to which Plaintiffs are not parties (Mtn. 11:13-25),

23 Plaintiffs now nonsensically suggest – contrarily to the allegations pleaded in their

24 FAC – that the claim is premised on "contract[] between themselves and BAC."[1]

25

26

27      [1] As "BAC" is not a party to the present motion, this must be a typographical error.
   Notably, Plaintiffs also mistakenly refer in their opposition to foreclosure efforts by "Chase" (Opp.

28 12:7, 13:8), which seems to indicate a copy-and-paste effort that fails to address the allegations
   against Wells Fargo as Trustee and/or A&P.

4

**REPLY TO PLAINTIFFS' OPPOSITION TO MTN. TO DISMISS 1ST AM. COMPLAINT** - CV11 07692 CAS

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1009961.1

1  Opp. 13:26-27.

2      Expounding on this, Plaintiffs go on to refer to a nonexistent Trial Period Plan

3  agreement (TPP) (Opp. 14:10-23) – something is alleged nowhere in the FAC.  The

4  argument patently fails to shore up Plaintiffs' amended complaint.

5  **VII.  <u>CONCLUSION</u>.**

6      The Plaintiffs have now had two opportunities to sufficiently plead the causes

7  of action they seek to pursue.  In both instances, they have come up woefully short.

8  The Court should dismiss the First Amended Complaint entirely and with prejudice

9  as to Defendants Wells Fargo as Trustee and A&P Foreclosure Services.

10      Respectfully submitted.

11

12  DATED:  February 27, 2012            WOLFE & WYMAN LLP

13

14                                By: ___*/s/ Cathy L. Granger*___

15                                    STUART B. WOLFE

16                                    CATHY L. GRANGER

17                                Attorneys for Defendants

18                                **WELLS FARGO BANK N.A., AS
                                  TRUSTEE FOR CARRINGTON
                                  MORTGAGE LOAN TRUST, SERIES
                                  2006-NC3 ASSET-BACKED PASS
                                  THROUGH CERTIFICATES (erroneously
                                  sued herein as WELLS FARGO BANK,
                                  N.A.) and ATLANTIC & PACIFIC
                                  FORECLOSURE SERVICES**



WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**REPLY TO PLAINTIFFS' OPPOSITION TO MTN. TO DISMISS 1ST AM. COMPLAINT** - CV11 07692 CAS

1009961.1

**PROOF OF SERVICE**

| STATE OF CALIFORNIA | ) | |
| --- | --- | --- |
| | ) | ss. |
| COUNTY OF ORANGE | ) | |

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2301 Dupont Drive, Suite 300, Irvine, California 92612-7531.

On February 27, 2012, I served the document(s) described as **REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** on all interested parties in said action as stated on the ATTACHED SERVICE LIST as method stated below.

☐    **BY MAIL**: as follows:

    ☐    **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☒    **BY ELECTRONIC ACCESS** Pursuant to Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to the Central District Court website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☐    **BY CERTIFIED MAIL** as follows: I am "readily familiar" with Wolfe & Wyman LLP's practice for the collection and processing of correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, Return Receipt Requested, on the above date according to Wolfe & Wyman LLP's ordinary business practice.

☐    **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☒    **FEDERAL** I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on February 27, 2012, at Irvine, California.

Theresa Fontes

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

914051.1

**SERVICE LIST**
United States District Court Case No. 2:11-cv-07692-RSWL-CW
Rosas v. Carnegie Mortgage, LLC
W&W File No. 1415-065
[Revised:9/6/11]

| | |
|---|---|
| Motaz M. Gerges, Esq.<br>LAW OFFICE OF MOTAZ M. GERGES<br>19510 Ventura Blvd., Suite 101<br>Tarzana, CA 91356 | Attorneys for Plaintiff and the Class Members<br><br>818-514-6514<br>818-996-0100 FAX<br>gergeslaw@yahoo.com |
| Vip Bhola, Esq.<br>LAW OFFICES OF VIP BHOLA<br>21550 Oxnard Street, Third Floor<br>Woodland Hills, CA 91367 | Attorneys for Plaintiff and the Class Members<br><br>818-224-6650<br>818-221-0302 FAX |
| Christopher G. Weston, Esq.<br>WESTERN LAW CONNECTION<br>4311 Wilshire Blvd., Suite 615<br>Los Angeles, CA 90010 | Attorneys for Plaintiff and the Class Members<br><br>323-936-0815<br>323-936-0700 FAX |
| Amber M. Grayhorse, Esq.<br>Stephen P. Wiman, Esq.<br>NOSSAMAN LLP<br>777 South Figueroa Street, 34th Floor<br>Los Angeles. CA 90017 | Attorneys for Carnegie Mortgage LLC<br><br>213-612-7800<br>213-612-7801 FAX |
| John Nadolenco, Esq.<br>Steven E. Rich, Esq.<br>MAYER BROWN LLP<br>350 South Grand Avenue, 25th Floor<br>Los Angeles, CA 90071 | Attorneys for CitiMortgage, Inc.<br><br>213-229-9500<br>213-625-0248 FAX |
| P. Patty Li, Esq.<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>350 South Grand Avenue, Suite 2100<br>Los Angeles. CA 90071 | Attorneys for Federal National Mortgage Association<br><br>213-443-5300<br>213-443-5400 FAX |
| Ruby Wayne Wood, Esq.<br>Hong-An Vu, Esq.<br>GOODWIN PROCTER LLP<br>601 S. Figueroa Street, 41st Floor<br>Los Angeles. CA 90017 | Attorneys for Bank of America, N.A.<br><br>213-426-2500<br>213-623-1673 FAX |

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

| | |
|---|---|
| 1 | |
| 2 | Peter Obstler, Esq.<br>Zachary J. Alinder, Esq. |
| 3 | BINGHAM MCCUTCHEN LLP<br>Three Embarcadero Center<br>San Francisco. CA 94111 |
| 4 | |
| 5 | Noah Levine, Esq.<br>WILMER CUTLER PICKERING HALE<br>AND DOOR LLP |
| 6 | 399 Park Avenue<br>New York, NY 10022 |
| 7 | |
| 8 | Stephen J. Kane, Esq. |
| 9 | MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, IL 60606 |

Attorneys for JP Mortgage Chase Bank, N.A.; Deutsche Bank National Trust Company, in its capacity as Trustee of Washington Mutual Mortgage Securities Corp. 2005-AR6

Attorneys for Federal National Mortgage Association

212-230-8875
212-230-8888 FAX
Noah.levine@wilmerhale.com

Attorneys for CitiMortgage, Inc.

312-701-8857
312-706-8311 FAX
skane@maverbrown.com

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

914051.1