James W. McGarry (*Pro Hac Vice*)
*jmcgarry@goodwinprocter.com*
**GOODWIN PROCTER** **LLP**
53 State Street
Boston, MA  02109
Tel.:  617.570.1000
Fax:  617.523.123

Ruby Wayne Wood (SBN 229538)
*rwood@goodwinprocter.com*
Hong-An Vu (SBN 266268)
*hvu@goodwinprocter.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.:  213.426.2500
Fax:  213.623.1673

Attorneys for Defendant
**BANK OF AMERICA, N.A.**
(erroneously sued as Bank of America)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Jose Luis Rosas; Steven Zivanic; Yvonne Zivanic; Fernando Hinnaoui; Martha V. Hinnaoui, Sandra Enshiwat; Ali Reza Amirjalaly; Kian Kamrani on behalf of themselves and all other similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　　　　vs.<br><br>Carnegie Mortgage, LLC; CitiMortgage, Inc.; Cal-Western Reconveyance Corporation; Washington Mutual Bank, F.A.; JP Morgan Chase Bank, N.A.; Bank of America; Quality Loan Service Corporation; Federal National Mortgage Association; Indymac Bank F.S.B.; Deutsche Bank National Trust Company; Atlantic & Pacific Foreclosure Services; Wells Fargo Bank, N.A.; and DOES 1-10 inclusive,<br><br>　　　　　Defendants. | Case No. 2:11-CV-07692-CAS (CWx)<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT OF DEFENDANT BANK OF AMERICA, N.A.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><br>Date:　　March 12, 2012<br>Time:　　10:00 a.m.<br>Place:　　Courtroom 5, 2nd Floor<br>　　　　　Spring Street Courthouse<br><br>Judge:　　Hon. Cristina A. Snyder<br><br>Date of Removal:  September 16, 2011<br>Date Action Filed:  August 17, 2011<br>Trial Date:  None |

LIBA/2262277.4

# TABLE OF CONTENTS

PAGE

I.      INTRODUCTION .................................................................................... 1

II.     ARGUMENT ........................................................................................... 2

        A.      Bank Of America Is Not A State Actor For Purposes Of the Home Affordable Modification Program ................................ 2

        B.      Plaintiffs Are Not Third-Party Beneficiaries To The HAMP SPAs ......................................................................................... 2

        C.      Plaintiffs' Attempt To Add Claims For Breach Of The TPP Fails ............................................................................................ 5

        D.      The Quasi-Contract Claim Must Be Dismissed ..................... 6

        E.      Plaintiffs Fail To Respond To Bank Of America's Arguments With Regard To The Foreclosure Claims and No Contract Claim ........................................................................................ 7

        F.      Plaintiffs' Claim For Declaratory And Injunctive Relief Is Not A Valid Cause Of Action ................................................. 8

        G.      Plaintiffs' Cursory Attempt To Request Leave To Amend Is Improper And Should Be Denied ........................................... 9

II.     CONCLUSION ...................................................................................... 10

LIBA/2262277.4

1
2

# <u>TABLE OF AUTHORITIES</u>

3

**FEDERAL CASES**

4
5
6

*Ashker v. Schwarzenegger*
  No. C 05-03286 CW (PR), 2007 WL 4570607
  (N.D. Cal. Dec. 26, 2007).................................................................................10

7
8

*Benito v. IndyMac Mortgage Services*
  No. 2:09-CV-001218-PMP-PAL, 2010 WL 2130648
  (D. Nev. May 21, 2010)....................................................................................3

9
10

*Broam v. Bogan*
  320 F.3d 1023 (9th Cir. 2003) ..........................................................................6

11
12
13

*Burtzos v. Countrywide Home Loans*
  No. 09-CV-2027W (WMC), 2010 WL 2196068
  (S.D. Cal. June 1, 2010) ...................................................................................3

14
15

*Danielson v. Wells Fargo Bank*
  No. CV11-5927 PSG, 2011 WL 4480849
  (C.D. Cal. Sep. 26, 2011) .................................................................................8

16
17
18

*Davis v. Powell*
  No. 10cv01891, 2011 WL 4344251
  (S.D. Cal. Aug. 9, 2011)....................................................................................6

19
20

*Escobedo v. Countrywide Home Loans, Inc.*
  No. 09cv1557 BTM (BLM), 2009 WL 4981618
  (S.D. Cal. Dec. 15, 2009) ............................................................................3, 4

21
22

*Griggs v. Pace Am. Grp., Inc.*
  170 F.3d 877 (9th Cir. 1999) ............................................................................9

23
24
25

*Grill v. BAC Home Loans Servicing LP*
  No. 10-CV-03057-FCD/GGH, 2011 WL 127891
  (E.D. Cal. Jan. 14, 2011) ..................................................................................3

26
27

*Hammonds v. Aurora Loan Servs. LLC*
  No. EDCV 10-1025 AG (OPx), 2010 WL 3859069
  (C.D. Cal. Sept. 27, 2010) ................................................................................3

28

i

*Hoffman v. Bank of America, N.A.*
No. C 10-2171 SI, 2010 WL 2635773
(N.D. Cal. June 30, 2010) ................................................................. 3

*Jenkins v. MCI Telecomms. Corp.*
973 F. Supp. 1133 (C.D. Cal. 1997) ................................................... 9

*Joern v. Ocwen Loan Servicing, LLC*
No. CV-10-0134-JLQ, 2010 WL 3516907
(E.D. Wash. Sept. 2, 2010) ................................................................ 3

*Johnson v. Buckley*
356 F.3d 1067 (9th Cir. 2004) ........................................................... 9

*Klamath Water Users Protective Ass'n v. Patterson*
204 F.3d 1206 (9th Cir. 2000) ........................................................... 4

*Lucero v. Countrywide Bank N.A.*
No. 09cv1742 BTM (BLM), 2010 WL 1880649
(S.D. Cal. May 10, 2010) ................................................................... 3

*Macris v. Bank of America, N.A.*
No. CV F 11-1986 LJO SKO, 2012 WL 273120
(E.D. Cal. Jan. 30, 2012) .............................................................. 7, 8

*Marks v. Bank of America, N.A.*
No. 03:10-cv-08039-PHX-JAT, 2010 WL 2572988
(D. Ariz. June 22, 2010) ............................................................... 3, 5

*Marques v. Wells Fargo Home Mortgage, Inc.*
No. 09-cv-1985-L(RBB), 2010 WL 3212131
(S.D. Cal. Aug. 12, 2010) ................................................................. 3

*McKensi v. Bank of America, N.A.*
No. 09-11940-JGD, 2010 WL 3781841
(D. Mass. Sept. 22, 2010) ................................................................. 3

*Melika, Inc. v. Bank of America Corp.*
No. CV 11-00825 DDP, 2011 WL 4529354
(C.D. Cal. Sept. 30, 2011) ................................................................ 8

*Monzon v. S. Wine & Spirits of California*
--- F. Supp. 2d ---, 2011 WL 2884884
(N.D. Cal. July 19, 2011) .................................................................. 6

ii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Nguyen v. BAC Home Loan Servs., LP*
  No. C-10-01712-RMW, 2010 WL 3894986
  (N.D. Cal. Oct. 1, 2010) .......................................................................... 3

*Nguyen v. JP Morgan Chase Bank*
  No. SACV 11-01908 DOC (ANx), 2012 WL 294936
  (C.D. Cal. Feb. 1, 2012) .......................................................................... 6

*Ochiai v. Regents of Univ. of California*
  No. CV 09-07248 ODW (Ex), 2009 WL 4403312
  (C.D. Cal. Dec. 1, 2009) .......................................................................... 9

*Phipps v. Wells Fargo Bank, N.A.*
  No. 10-2025, 2011 WL 302803 (E.D. Cal. Jan. 27, 2011).................................. 3

*Reyes v. Saxon Mortg. Servs., Inc.*
  No. 09cv1366 DMS (WMC), 2009 WL 3738177
  (S.D. Cal. Nov. 5, 2009) .........................................................................2-3

*Saul v. United States*
  928 F.2d 829 (9th Cir. 1991) ................................................................... 9

*Schwartz v. Lassen Cty. ex rel. Lassen Cty. Jail*
  No. 2:10-cv-03048-MCE-GGH, 2012 WL 169944
  (E.D. Cal. Jan. 19, 2012) ........................................................................ 8

*Shapiro v. Bank of America, N.A.*
  No. 2:11-CV-00576-JAM-CMK, 2011 WL 4851145
  (E.D. Cal. Oct. 12, 2011)......................................................................... 7

*Simmons v. Countrywide Home Loans, Inc.*
  No. 09 cv 1245 JAH (JMA), 2010 WL 2635220
  (S.D. Cal. June 29, 2010) ........................................................................ 3

*Simon v. Bank of America, N.A.*
  No. 10-cv-00300-GMN-LRL, 2010 WL 2609436
  (D. Nev. June 23, 2010)........................................................................... 3

*Speleos v. BAC Home Loans Servicing, L.P.*
  No. 10-11503, 2010 WL 5174510 (D. Mass. Dec. 14, 2010)............................... 3

*Tacci v. City of Morgan Hill*
  No. C-11-04684 RMW, 2012 WL 195054
  (N.D. Cal. Jan. 23, 2012)......................................................................... 8

LIBA/2262277.4

*Vazquez v. Bank of America Home Loans, et al.*
    No. 2:10-cv-00116-PMP-RJJ, 2010 WL 3385347
    (D. Nev. Aug. 23, 2010) ...................................................................................3

*Villa v. Wells Fargo Bank, N.A.*
    No. 10CV81 DMS (WVG), 2010 WL 935680
    (S.D. Cal. Mar. 15, 2010) .............................................................................2, 3

*Wright v. Bank of America, N.A.*
    No. CV 10-01723 JF (HRL), 2010 WL 2889117
    (N.D. Cal. July 22, 2010) ................................................................................3

*Zendejas v. GMAC Wholesale Mortgage Corp.*
    No. 1:10-CV-00184 OWW GSA, 2010 WL 2629899
    (E.D. Cal. June 29, 2010) ................................................................................3

**CALIFORNIA CASES**

*Hirsch v. Bank of America, N.A.*
    107 Cal. App. 4th 708 (2003) ........................................................................7

*Lectrodryer v. SeoulBank*
    77 Cal. App. 4th 723 (2000) ..........................................................................7

*Martinez v. Socoma Cos., Inc.*
    11 Cal.3d 394 (1974) ......................................................................................4

*Shell v. Schmidt*
    126 Cal. App. 2d 279 (1954) .......................................................................4, 5

**CALIFORNIA STATUTES**

Cal. Civ. Code.............................................................................................4, 5

Cal. Civ. Code § 1559....................................................................................4

Cal. Civ. Code § 2923.5.................................................................................7

Fed. R. Civ. Proc. 15.....................................................................................9

**OTHER AUTHORITIES**

CD Cal, L.R. 15-1..........................................................................................9

LIBA/2262277.4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Defendant Bank of America, N.A., ("Bank of America") seeks dismissal of the First Amended Class Action Complaint ("FAC") because Plaintiffs do not, and cannot, state a single cause of action against it.  Nothing in Plaintiffs' Opposition to Bank of America's Motion to Dismiss Plaintiffs' FAC (the "Opposition" or "Opp.") saves the FAC from dismissal.

As set forth in Bank of America's Motion to Dismiss the FAC ("Motion to Dismiss"), the claims against Bank of America are deficiently pled and fail to state a claim:  (1) the due process claims fail because Bank of America is not a state actor; (2) Plaintiffs lack standing to bring their contract-based claims, as individual borrowers are not third-party beneficiaries under the Home Affordable Modification Program Servicer Participation Agreements ("HAMP SPAs"); (3) Plaintiffs' claim for quasi contract continues to ignore the applicable facts and case law which obliterate their claim; (4) Plaintiffs completely fail to address Bank of America's arguments with regard to the claims that challenge the foreclosure process and the no contract claim; and (5) Plaintiffs' claim for declaratory and injunctive relief is improper because both are equitable remedies, not a separate cause of action.

The claims against Bank of America stem from a single loan that Plaintiffs Fernando and Martha Hinnaoui took from third-party American Sterling Bank ("ASB"), which is now serviced by Bank of America.  The Hinnaouis do not dispute that their loan is in default.  Nor do they claim any sort of error in the calculation of the amount of money owed.  Instead, the Opposition is predicated on Plaintiffs' assertion that they did not receive a loan modification to which they now assert they were entitled.  The Opposition attempts to argue, for the first time, that Bank of America breached an alleged Trial Period Plan Agreement ("TPP") and is thereby liable for all damages that followed.  The law is clear, however, that Plaintiffs cannot be allowed to allege new facts in the Opposition that are not contained in

1

1   either the original complaint or the FAC.  The FAC should be dismissed with
2   prejudice.

## II.   ARGUMENT

### A.   Bank Of America Is Not A State Actor For Purposes Of the Home Affordable Modification Program

In an attempt to support Plaintiffs' far-fetched claims of violations of due process ("First, Second and Fourth Causes of Action"), the Opposition argue that Bank of America is a state actor for purposes of the Home Affordable Modification Program ("HAMP") (Opp., at 10-13).  As set forth in the Defendants' motions to dismiss, there is no private right of action under HAMP and Plaintiffs cannot properly allege that Bank of America or any of its co-defendants are a state actor. *See* Motion to Dismiss, at 2, 5-7, joining and incorporating by reference Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss the FAC at 5-9 (Dkt. No. 79). Plaintiffs' Opposition fails to refute, or even address, this argument.  This claim should be dismissed on that ground alone.  Bank of America hereby joins and incorporates by reference Wells Fargo's Reply Memorandum on this issue.

### B.   Plaintiffs Are Not Third-Party Beneficiaries To The HAMP SPAs

Plaintiffs' contract-based claims ("Third and Sixth Causes of Action") should be dismissed because Plaintiffs have failed to address the gaping hole in their argument:  they lack standing to bring these claims.  *See* Motion to Dismiss, at 5-6, joining and incorporating by reference CitiMortgage, Inc.'s ("Citi") Motion to Dismiss the FAC at 6-9 (Dkt. No. 87-1).  Plaintiffs' contention that they have standing as third-party beneficiaries under the HAMP SPAs is without merit.  *See* Opp. at 9.

Plaintiffs' reliance on *Reyes v. Saxon Mortg. Servs., Inc.*, No. 09cv1366 DMS (WMC), 2009 WL 3738177, at *2 (S.D. Cal. Nov. 5, 2009) ignores the body of law that has followed it.  Its reasoning has been uniformly rejected (even by Judge Dana M. Sabraw – the presiding judge in *Reyes – see Villa v. Wells Fargo Bank, N.A.*, No.

2

1    10CV81 DMS (WVG), 2010 WL 935680 (S.D. Cal. Mar. 15, 2010)) by subsequent

2    decisions from the Ninth Circuit (including this district) as well as by virtually every

3    federal district court addressing this identical claim, all of which found that

4    homeowners are not intended third-party beneficiaries under the HAMP SPAs.[1]

5    "The majority of district courts in the Ninth Circuit have likewise concluded that

6    qualified borrowers cannot reasonably rely on an alleged manifested intent to confer

7    rights upon them since the [HAMP SPAs] do[] not require that BAC modify all

8    eligible loans."  *Grill v. BAC Home Loans Servicing LP*, No. 10-CV-03057-

9    FCD/GGH, 2011 WL 127891, *7 (E.D. Cal. Jan. 14, 2011).  Plaintiffs simply

10   cannot meet their burden of proving that they are intended third-party beneficiaries

11   under the HAMP SPAs.[2]

12

13   [1] *See* Motion to Dismiss at 6; *Hammonds v. Aurora Loan Servs. LLC*, No. EDCV 10-1025 AG (OPx), 2010 WL 3859069, at *2-3 (C.D. Cal. Sept. 27, 2010); *Phipps v. Wells Fargo Bank, N.A.*, No. 10-2025, 2011 WL 302803, at *6-8 (E.D. Cal. Jan. 27, 2011); *Nguyen v. BAC Home Loan Servs., LP*, No. C-10-01712-RMW, 2010 WL 3894986, at *4-6 (N.D. Cal. Oct. 1, 2010); *Wright v. Bank of America, N.A.*, No. CV 10-01723 JF (HRL), 2010 WL 2889117, at *3-5 (N.D. Cal. July 22, 2010); *Hoffman v. Bank of America, N.A.*, No. C 10-2171 SI, 2010 WL 2635773, at *3-5 (N.D. Cal. June 30, 2010); *Zendejas v. GMAC Wholesale Mortgage Corp.*, No. 1:10-CV-00184 OWW GSA, 2010 WL 2629899, at *3-4 (E.D. Cal. June 29, 2010); *Simmons v. Countrywide Home Loans, Inc.*, No. 09 cv 1245 JAH (JMA), 2010 WL 2635220, at *2-5 (S.D. Cal. June 29, 2010); *Burtzos v. Countrywide Home Loans*, No. 09-CV-2027W (WMC), 2010 WL 2196068, at *2 (S.D. Cal. June 1, 2010); *Lucero v. Countrywide Bank N.A.*, No. 09cv1742 BTM (BLM), 2010 WL 1880649, at *3-4 (S.D. Cal. May 10, 2010); *Villa v. Wells Fargo Bank, N.A.*, 2010 WL 935680, at *2-3; *Escobedo v. Countrywide Home Loans, Inc.*, No. 09cv1557 BTM (BLM), 2009 WL 4981618, at *2-3 (S.D. Cal. Dec. 15, 2009); *Joern v. Ocwen Loan Servicing, LLC*, No. CV-10-0134-JLQ, 2010 WL 3516907, at *5 (E.D. Wash. Sept. 2, 2010); *Vazquez v. Bank of America Home Loans, et al.*, No. 2:10-cv-00116-PMP-RJJ, 2010 WL 3385347, at *1 (D. Nev. Aug. 23, 2010); *Simon v. Bank of America, N.A.*, No. 10-cv-00300-GMN-LRL, 2010 WL 2609436, at *10 (D. Nev. June 23, 2010); *Marks v. Bank of America, N.A.*, No. 03:10-cv-08039-PHX-JAT, 2010 WL 2572988, at *2-5 (D. Ariz. June 22, 2010); *Benito v. IndyMac Mortgage Services*, No. 2:09-CV-001218-PMP-PAL, 2010 WL 2130648, at *7-8 (D. Nev. May 21, 2010); *Speleos v. BAC Home Loans Servicing, L.P.*, No. 10-11503, 2010 WL 5174510, at *3-5 (D. Mass. Dec. 14, 2010); *McKensi v. Bank of America, N.A.*, No. 09-11940-JGD, 2010 WL 3781841, at *5-6 (D. Mass. Sept. 22, 2010).  *But see Marques v. Wells Fargo Home Mortgage, Inc.*, No. 09-cv-1985-L(RBB), 2010 WL 3212131, at *3-7 (S.D. Cal. Aug. 12, 2010).

[2] The cases cited herein alternate their references to a specific Servicer Participation Agreement, such as the one signed by Bank of America (the "Bank of America SPA", attached to the Ruby Wayne Wood Declaration ("Wood Decl.") as Exhibit 1, and the template HAMP SPAs.  The Bank of America SPA has no

3

Despite the overwhelming case law against them, Plaintiffs incredulously continue to argue that they are intended third-party beneficiaries. Plaintiffs assert that a "contract, made expressly for the benefit a third person [sic], may be enforced by him at any time before the parties thereto rescind it." Opp. at 9 (citing to Cal. Civ. Code § 1559). Plaintiffs make the blanket contention that because HAMP helps homeowners, all homeowners who happen to benefit are intended third-party beneficiaries. Opp. at 9. The two cases Plaintiffs cite in support of this argument fail to save Plaintiffs' claim.[3] *Id.* at 10.

To determine whether Plaintiffs are intended third-party beneficiaries under HAMP SPAs, courts must follow federal law. *Escobedo,* 2009 WL 4981618, at *2 ("The Agreement is governed by and must be construed under federal law" and also must apply "federal law regarding third-party beneficiaries"). The Ninth Circuit follows the Restatement of Contracts, not the California Code of Civil Code, in determining who is an intended third-party beneficiary. *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210-11 (9th Cir. 2000). The Ninth Circuit has specifically quoted the Restatement in holding that "[p]arties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary" and noting that "[g]overnment contracts often benefit the public, but individual members of the public are treated as incidental beneficiaries unless a different intention is manifested." *Id.* Under federal law, although Plaintiffs incidentally benefited from the government contracts, nothing in the contract cited an intention to treat them

---

material differences from the template HAMP SPAs, and the particular sections cited herein are identical. *Compare* HAMP SPAs, *available at* https://www.hmpadmin.com//portal/programs/servicer.jsp, *with* Bank of America SPA, Wood Decl., Ex. 1.

[3] *See Shell v. Schmidt*, 126 Cal. App. 2d 279 (1954) (inapplicable here because it is a state case applying state law instead of federal law as required by the Ninth Circuit); *Martinez v. Socoma Cos., Inc.*, 11 Cal.3d 394 (1974) (holding that intent of the parties governed whether plaintiffs were intended third party beneficiaries and stating that plaintiffs were *not* third party beneficiaries, and federal law and the Restatement of Contracts applied to inquiry, not the California Civil Code).

4

1  differently than a typical incidental beneficiary, and Plaintiffs have pointed to

2  nothing that changes this analysis.[4]  *See* Citi's Motion to Dismiss the FAC at 8-9.

3       And, the fact that the HAMP SPAs were not intended to be enforced by third

4  parties is equally evident from Section 7 of the Bank of America SPA, which

5  provides a dispute resolution mechanism for claims under HAMP SPAs – but

6  between "Fannie Mae and Servicer" (i.e., BANA) only.  Bank of America SPA, § 7;

7  *cf. Marks v. Bank of America, N.A.*, 2010 WL 2572988, at *4 ("[P]ermitting these

8  individual claims would undermine Freddie Mac's role as the compliance officer for

9  the HAMP.").  Even under Plaintiffs' analysis, the Bank of America SPA excludes

10  Plaintiffs as third-party beneficiaries as they are not signatories.  *See* Bank of

11  America SPA, §§ 7, 11.E.

12       Plaintiffs' claims for breach of contract and breach of the implied covenant of

13  good faith and fair dealing with regard to the HAMP SPAs should be dismissed with

14  prejudice for lack of standing.

15      **C.**    **Plaintiffs' Attempt To Add Claims For Breach Of The TPP Fails**

16       In an attempt to bolster their contract-based claims ("Third and Sixth Causes

17  of Action"), Plaintiffs make allegations in the Opposition that are asserted for the

18  first time in this litigation.  Opp. at 1-8.  They make new allegations that (1) Bank of

19  America and Plaintiffs entered into a TPP, (2) Bank of America breached the TPP,

20  and (3) Bank of America also breached the covenant of good faith and fair dealing

21  implied in the TPP.  *Id.* at 4-8.  Nowhere in the FAC is there a single reference to

22  the TPP.  As such, these allegations are entirely improper.

23

24       [4] Even if the California Civil Code were applicable, the present case is

25  distinguishable from *Shell* because the HAMP SPAs (including the Bank of
America SPA) display an intent to not make Plaintiffs intended third-party

26  beneficiaries.  Both the HAMP SPAs and the Bank of America SPA state that it
"shall inure to the benefit of … *the parties to the Agreement and their permitted*

27  *successors-in-interest*."  (HAMP SPAs, § 11.E, Bank of America SPA, § 11.E.)
(emphasis added).  No such language was at issue in *Shell*.  *See Shell*, 126 Cal. App.

28  2d 279.

"Plaintiff cannot defend against a motion to dismiss by relying on new allegations in [their] Opposition that are absent from the current complaint." *Nguyen v. JP Morgan Chase Bank*, No. SACV 11-01908 DOC (ANx), 2012 WL 294936, at *3 (C.D. Cal. Feb. 1, 2012) (dismissing breach of contract claim where the plaintiff acknowledged that original claim relying on breach of HAMP was likely to fail, and instead attempted new theory of liability under HAMP for the first time in opposition brief); *see also Broam v. Bogan,* 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (holding that courts "'*may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss'") (citation omitted) (emphasis in original); *Davis v. Powell*, No. 10cv01891, 2011 WL 4344251, at *10 (S.D. Cal. Aug. 9, 2011) (holding that "new allegation raised for the first time in Plaintiff's Opposition" would not be considered in determining "sufficiency of the Complaint"); *Monzon v. S. Wine & Spirits of California*, --- F. Supp. 2d ---, 2011 WL 2884884, at *4-5 (N.D. Cal. July 19, 2011) (refusing to consider new facts introduced in plaintiff's opposition to motion to dismiss because they were not alleged in plaintiff's complaint).

Plaintiffs have done no more than attempt to plead facts outside the four corners of the FAC – and this Complaint has *already* been amended.  The breach of contract claims must be dismissed.

### D.     The Quasi-Contract Claim Must Be Dismissed

Plaintiffs attempt to confuse the issues by arguing that "no valid contract" exists between the parties (Opp. at 13) and that Plaintiffs should somehow recover under a claim for Quasi Contract ("Tenth Cause of Action").  This claim is based on the strained argument that, because the Hinnaouis did not sign a contract specifically with Bank of America, there can be no contract between the parties and therefore Bank of America has retained fees to which it is not entitled.  Opp. at 13.  This ridiculous position conveniently ignores that an assignment took place.  By Plaintiffs' own assertions, the situation is clear:  Plaintiffs signed a Deed of Trust,

6

1   received a loan, and then defaulted.  FAC, ¶¶ 91, 93.  Nothing argued in the
2   Opposition varies those facts.

3       A claim for quasi-contract cannot stand when a valid "express contract
4   covering the same subject matter between the parties" exists.  *Shapiro v. Bank of*
5   *America, N.A.,* No. 2:11-CV-00576-JAM-CMK, 2011 WL 4851145, at *8 (E.D.
6   Cal. Oct. 12, 2011).  Here, the Deed of Trust explicitly covers payment of the loan
7   to the servicer.  *See* Bank of America's Request for Judicial Notice ("RJN") (Dkt.
8   No. 90), Ex. 1 at 9; *see also* Motion to Dismiss at 15-17.

9       Plaintiffs' reliance on *Hirsch v. Bank of America, N.A.,* 107 Cal. App. 4th 708
10  (2003) and *Lectrodryer v. SeoulBank,* 77 Cal. App. 4th 723 (2000) is improper.
11  Those cases both involved situations where the defendant received a payment or a
12  windfall not contemplated by any contract, and to which the <u>plaintiff</u> would have
13  been entitled.  Even if their allegations prove true, Plaintiffs are not entitled to any
14  of the money that they paid on their own loan.  Any potential dispute would exist
15  between the original lender and Bank of America, not Plaintiffs.  The Deed of Trust
16  is valid, payment to servicers was clearly contemplated under the Deed of Trust, and
17  Bank of America received a valid assignment to all beneficial interest in the loan.
18  *See* RJN, Ex. 2 at 2.  As such, Plaintiffs have no valid basis to assert their claim for
19  quasi-contract.  This cause of action should be dismissed with prejudice.

20      In addition, Plaintiffs' claim for quasi-contract should be dismissed for the
21  separate reason that Plaintiffs have failed to properly allege tender.  *See Macris v.*
22  *Bank of America, N.A.*, No. CV F 11-1986 LJO SKO, 2012 WL 273120, at *3-4
23  (E.D. Cal. Jan. 30, 2012) (dismissing unjust enrichment claim requesting rescission
24  of foreclosure sale because plaintiff had failed to allege tender).

25      **E.   Plaintiffs Fail To Respond To Bank Of America's Arguments With
         Regard To The Foreclosure Claims and No Contract Claim**
26

27      The claims for violation of California Civil Code § 2923.5, wrongful
28  foreclosure, quiet title, and no contract ("Seventh, Eighth, Ninth and Eleventh

7

1   Causes of Action") must be dismissed because Plaintiffs fail to respond to Bank of

2   America's arguments.  Because Plaintiffs have chosen not to defend these claims in

3   Opposition to the Motion to Dismiss, the Court should dismiss them with prejudice.

4   Motion to Dismiss at 7-15, 17-19; *see Melika, Inc. v. Bank of America Corp.,* No.

5   CV 11-00825 DDP (RZx), 2011 WL 4529354, at *1 (C.D. Cal. Sept. 30, 2011)

6   (dismissing various claims because plaintiff failed to oppose them in its opposition

7   to defendant's motion to dismiss); *Danielson v. Wells Fargo Bank,* No. CV11-5927

8   PSG (PLAx), 2011 WL 4480849, * 3 (C.D. Cal. Sep. 26, 2011) (dismissing quiet

9   title claim without leave to amend where plaintiff conceded had not alleged tender

10  and had not opposed defendant's motion to dismiss as it related to quiet title claim);

11  *Tacci v. City of Morgan Hill*, No. C-11-04684 RMW, 2012 WL 195054, at *8 (N.D.

12  Cal. Jan. 23, 2012) (because plaintiff failed to oppose claim in opposition, court

13  dismissed it with prejudice); *Schwartz v. Lassen Cty. ex rel. Lassen Cty. Jail*, No.

14  2:10-cv-03048-MCE-GGH, 2012 WL 169944, at *13 (E.D. Cal. Jan. 19, 2012)

15  (same).  This Court should dismiss these claims without leave to amend.

16  **F.      Plaintiffs' Claim For Declaratory And Injunctive Relief Is Not A
           Valid Cause Of Action**

17

18       The law is clear that Plaintiffs cannot plead injunctive and declaratory relief

19  in California as a stand-alone claim ("Twelfth Cause of Action").  *See* Motion to

20  Dismiss at 19-20.  The Opposition cites to a series of cases that have no bearing on

21  Bank of America's Motion to Dismiss.  Opp. at 14-16.  These cases are from other

22  jurisdictions and have no bearing on the ability (or lack thereof) to plead declaratory

23  and injunctive relief as a separate claim in California.

24       Even if such a claim existed in California, Plaintiffs' claim (which more

25  correctly should be referred to as a request for relief) would still fail because any

26  request for equitable relief fails where the underlying claim fails as well.  *See*

27  *Macris*, 2012 WL 273120, at *7 (dismissing claim for declaratory relief because

28  "DJA's operation 'is procedural only'" and does not provide separate form of relief

8

1   unless an underlying controversy also exists); *Jenkins v. MCI Telecomms. Corp.*,

2   973 F. Supp. 1133, 1139, n.10 (C.D. Cal. 1997) ("declaratory relief, and injunctive

3   relief are not causes of action.  They are remedies …. Therefore, they need not be

4   addressed by this Court"); *see also* Motion to Dismiss at 19-20.  As Plaintiffs have

5   failed to properly allege a single underlying claim, and a claim for declaratory and

6   injunctive relief is not a separate claim, this Court should dismiss Plaintiffs'

7   "Twelfth Cause of Action", and the entire FAC, with prejudice.

8        **G.   Plaintiffs' Cursory Attempt To Request Leave To Amend Is
             Improper And Should Be Denied**

9

10       The Opposition also improperly requests leave to amend the FAC as to the

11  limited issue of whether Plaintiffs have adequately alleged facts to support "the legal

12  conclusion that moving Defendants are state actors for the purposes of HAMP."

13  Opp. at 17.  In accordance with the local rules, "[a]ny proposed amended pleading

14  must be electronically filed as a document separate from a related motion or

15  stipulation."  L.R. 15-1; *see also Ochiai v. Regents of Univ. of California*, No. CV

16  09-07248 ODW (Ex), 2009 WL 4403312, at *3, n.2 (C.D. Cal. Dec. 1, 2009)

17  (denying plaintiff's request for leave to amend because it was improperly requested

18  in opposition motion, and needed to be formally requested pursuant to Local Rule

19  15-1).

20       However, for all of the reasons set forth herein, this Court should also deny

21  Plaintiffs' request for leave to amend on the merits, as any such amendment would

22  be futile.  *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing

23  *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987)).  "Futility

24  alone can justify the denial of a motion to amend."  *Johnson v. Buckley*, 356 F.3d

25  1067, 1077 (9th Cir. 2004) (*citing Nunes v. Ashcroft*, 348 F.3d 815, 816 (9th Cir.

26  3003).  "A district court does not err in denying leave to amend where the

27  amendment would be futile… or where the amended complaint would be subject to

28  dismissal."  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).  If a proposed

9

1  complaint cannot withstand a motion to dismiss, the motion to amend should be

2  denied as futile.  *Ashker v. Schwarzenegger*, No. C 05-03286 CW (PR), 2007 WL

3  4570607, at *2 (N.D. Cal. Dec. 26, 2007) (*citing Miller v. Rykoff-Sexton, Inc.,* 845

4  F.2d 209, 214 (9th Cir. 1988)).  Bank of America respectfully requests that this

5  Court both disallow Plaintiffs' motion for leave to amend as improperly pled and

6  dismiss the FAC without leave to amend for all of the reasons outlined above.

7  **II.  CONCLUSION**

8      Based on the foregoing reasons, Bank of America respectfully requests that

9  the Court dismiss Plaintiffs' First Amended Class Action Complaint in its entirety,

10  with prejudice and without leave to amend.

11

12  Dated:  February 27, 2012                   Respectfully submitted,

13

14                             By:  /s/ Ruby Wayne Wood
                               James W. McGarry (*Pro Hac Vice*)

15                                 *jmcgarry@goodwinprocter.com*
                               Ruby Wayne Wood

16                                 *rwood@goodwinprocter.com*
                               Hong-An Vu

17                                 *hvu@goodwinprocter.com*
                               **GOODWIN PROCTER** LLP

18                                 Attorneys for Defendant

19                                 **BANK OF AMERICA, N.A.**

20

21

22

23

24

25

26

27

28

10

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 601 S. Figueroa Street, 41st Floor, Los Angeles, California 90017.

On February 27, 2012, I served the **REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT OF DEFENDANT BANK OF AMERICA, N.A.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the person(s) listed on the attached Service List as follows:

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

☑ **(CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."**

☐ (EXPRESS MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing Express Mail for mailing.  On the same day that Express Mail is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service for receipt of Express Mail.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy  of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

1

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service.  A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on February 27, 2012, at Los Angeles, California.

_____          _____
        Britani N. Selzler                               (Signature)
       (Type or print name)

2

LIBA/2262277.4

**SERVICE LIST**
*Jose Luis Rosas et al v. Carnegie Mortgage LLC et. al.*
United States District Court, Central District of California
Western Division - Los Angeles
Case No. 2:11-cv-07692-CAS-(CWx)

| | |
|---|---|
| Christopher G. Weston<br>**WESTON LAW CONNECTION CORP.**<br>4311 Wilshire Boulevard, Suite 615<br>Los Angeles, CA 90010<br>Tel: 323.936.0815<br>Fax: 323.936.0700<br>Email: *wlconnection@aol.com* | Attorneys for Plaintiff and The Class Members<br>**JOSE LUIS ROSAS, STEVEN ZIVANIC, YVONNE ZIVANIC, FERNANDO HINNAOUI, MARTHA V. HINNAOUI, SANDRA ENSHIWAT, ALI REZA AMIRJALALY, KIAN KAMRANI ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED** |
| Motaz M. Gerges<br>**MOTAZ M. GERGES LAW OFFICES**<br>19510 Ventura Blvd., Suite 101<br>Tarzana, CA 91356<br>Tel: 818.943.0707<br>Fax: 818.401.0711<br>Email: *mgerges@aol.com* | |
| Vipan K. Bhola<br>**LAW OFFICES OF VIP BHOLA**<br>21550 Oxnard Street, 3rd Floor<br>Woodland Hills, CA 91367<br>Tel: 818.224.6650<br>Fax: 818.221.0302<br>Email: *vbhola@me.com* | |
| Stephen P. Wiman<br>Amber M. Grayhorse<br>**NOSSAMAN LLP**<br>777 South Figueroa Street, 34th Floor<br>Los Angeles, CA 90017<br>Tel: 213.612.7800<br>Fax: 213.612.7801<br>Email: *swiman@nossaman.com*<br>Email: *agrayhorse@nossaman.com* | Attorneys for Defendant<br>**CARNEGIE MORTGAGE, LLC** |

3

| | |
|---|---|
| John Nadolenco<br>Steven E. Rich<br>**MAYER BROWN LLP**<br>350 South Grand Avenue, 25th Floor<br>Los Angeles, CA 90071-1503<br>Tel:  213.229.9500<br>Fax: 213.625.0248<br>Email: *jnadolenco@mayerbrown.com*<br>Email: *srich@mayerbrown.com* | Attorneys for Defendant<br>**CITIMORTGAGE, INC** |
| Stephen J. Kane *(Pro Hac Vice)*<br>**MAYER BROWN LLP**<br>71 South Wacker Drive<br>Chicago, IL 60606<br>Tel:  312.701.8857<br>Fax: 312.706.8311<br>Email: *skane@mayerbrown.com* | |
| Robin P. Wright<br>Nicole K. Neff<br>**WRIGHT FINLAY & ZAK LLP**<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660<br>Tel:  949.477.5050<br>Fax: 949.477.9200<br>Email: *rwright@wrightlegal.net*<br>Email: *nneff@wrightlegal.net* | Attorneys for Defendant<br>**CAL-WESTERN RECONVEYANCE CORPORATION** |
| Peter Obstler<br>Zachary J. Alinder<br>Margaret A. DeGooyer<br>**BINGHAM MCCUTCHEN LLP**<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Tel:  415.393.2000<br>Fax: 415.393.2286<br>Email: *peter.obstler@bingham.com*<br>Email: *zachary.alinder@bingham.com*<br>Email: *margaret.degooyer@bingham.com* | Attorneys for Defendants<br>**JPMORGAN CHASE BANK, N.A.,** *including as acquirer of certain assets and liability of Washington Mutual Bank from the FDIC, acting as Receiver*; **and DEUTSCHE BANK NATIONAL TRUST COMPANY,** *in its capacity as Trustee of Washington Mutual Mortgage Securities Corp. 2005-AR6* |
| Stuart B. Wolfe<br>Cathy L. Granger<br>**WOLFE & WYMAN LLP**<br>2301 Dupont Drive Suite 300<br>Irvine, CA 92612-7531<br>Tel:  949.475.9200<br>Fax: 949.475.9203<br>Email: *sbwolfe@wolfewyman.com*<br>Email: *clgranger@wolfewyman.com* | Attorneys for Defendants<br>**WELLS FARGO BANK N.A., AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC3 ASSET-BACKED PASS THROUGH CERTIFICATES** *(Erroneously sued herein as Wells Fargo Bank, N.A*; **and ATLANTIC & PACIFIC FORECLOSURE SERVICES** |

LIBA/2262277.4

| | |
|---|---|
| Matthew D. Benedetto<br>P. Patty Li<br>**WILMER CUTLER PICKERING<br>   HALE AND DORR LLP**<br>350 South Grand Avenue, Suite 2100<br>Los Angeles, CA 90071<br>Tel:  213.443.5300<br>Fax: 213.443.5400<br>Email: *matthew.benedetto@wilmerhale.com*<br>Email: *patty.li@wilmerhale.com* | Attorneys for Defendant<br>**FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION** |
| Noah Levine (*Pro Hac Vice*)<br>**WILMER CUTLER PICKERING<br>   HALE & DORR LLP**<br>399 Park Avenue<br>New York, NY 10022<br>Tel:  212.230.8800<br>Fax: 212.230.8888<br>Email: *noah.levine@wilmerhale.com* | |
| Julie O. Molteni<br>Joshua E. Moyer<br>Renee DeGoliler<br>**QUALITY LOAN SERVICE<br>   CORPORATION**<br>2141 5th Avenue<br>San Diego, CA 92101<br>Tel:  619.645.7711 x-2019<br>Fax: 619.568.3518 | Corporate Counsel for Defendant<br>**QUALITY LOAN SERVICE<br>CORPORATION** |

5

LIBA/2262277.4