| | |
|---|---|
| 1 | MAYER BROWN LLP<br>John Nadolenco (SBN 181128) |
| 2 | *jnadolenco@mayerbrown.com*<br>Steven E. Rich (SBN 198412) |
| 3 | *srich@mayerbrown.com*<br>350 South Grand Avenue, 25th floor |
| 4 | Los Angeles, CA 90071-1503<br>Telephone: (213) 229-9500 |
| 5 | Facsimile:  (213) 625-0248 |
| 6 | Attorneys for Defendant<br>CITIMORTGAGE, INC. |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS ROSAS; STEVEN ZIVANIC; YVONNE ZIVANIC; FERNANDO HINNAOUI; MARTHA V. HINNAOUI; SANDRA ENSHIWAT; ALI REZA AMIRJALAIY; KIAN KAMRANI ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>          Plaintiffs,<br><br>     v.<br><br>CARNEGIE MORTGAGE, LLC.; CITIMORTGAGE, INC.; CAL-WESTERN RECONVEYANCE CORPORATION; WASHINGTON MUTUAL BANK, F.A.; JP MORGAN CHASE BANK, N.A.; BANK OF AMERICA; QUALITY LOAN SERVICE CORPORATION; FEDERAL NATIONAL MORTGAGE ASSOCIATION; INDYMAC BANK F.S.B.; DEUTSCHE BANK NATIONAL TRUST COMPANY; ATLANTIC & PACIFIC FORECLOSURE SERVICES; WELLS FARGO BANK, N.A.; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>          Defendants. | Case No. CV-11-07692 CAS (CWx)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CITIMORTGAGE, INC.'S MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date:     March 12, 2012<br>Time:    10:00 a.m.<br>Judge:   Hon. Christina A. Snyder<br><br>Amended Complaint filed:<br>November 30, 2011 |

## INTRODUCTION

Plaintiffs spend much of their brief in opposition to Citi's motion to dismiss arguing about allegations not contained in their complaint. Plaintiffs argue that Citi "accepted" Rosas into HAMP and sent him a "Trial Period Plan" or "TPP." Opp. 1, 8–10. Form documents authored by the federal government as part of HAMP, TPPs are temporary arrangements contemplating that the borrower will make reduced monthly mortgage payments while the mortgage servicer reviews the borrower's financial situation to determine whether the borrower qualifies for a permanent loan modification under HAMP. Rich Decl., Ex. E at 5, 15–18. According to plaintiffs' brief, Citi breached the TPP it supposedly sent to Rosas by not permanently modifying his loan.

The threshold problem with Rosas's breach of TPP claim is that the complaint neither alleges that Citi sent Rosas a TPP nor asserts a claim for breach of any TPP. On the contrary, the complaint alleges that "[n]one" of the trial loan modification plans that defendants supposedly sent to plaintiffs "were through HAMP" (Compl. ¶ 156), and "[s]pecifically exclude[s]" from the putative class borrowers who "received a trial or permanent HAMP modification." *Id.* ¶ 221. While the complaint does allege a breach of contract claim, that claim asserts breach of the "HAMP Contract." *Id.* ¶ 245. The complaint defines "HAMP Contract" to mean the Servicer Participation Agreement ("SPA") that Citi entered into with Fannie Mae (*id.* ¶ 10)—not a TPP. "'[I]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.'" *Petrie v. Elec. Game Card Inc.*, 2011 WL 165402, at *4 n.2 (C.D. Cal. Jan. 12, 2011). Therefore, the Court should disregard the breach of TPP claim asserted in plaintiffs' brief.

While making arguments not alleged in their complaint, plaintiffs ignore arguments Citi made in its motion to dismiss. For example, plaintiffs neither incorporate any arguments they make in opposing other defendants' motions to dismiss

1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CITIMORTGAGE, INC.'S MOTION TO DISMISS AMENDED COMPLAINT; CASE NO. CV-11-07692 CAS (CWX)

701160286

nor respond to Citi's request for dismissal of Rosas's due process, Cal. Civ. Code § 2923.5, wrongful foreclosure, and no–contract claims. The one argument that plaintiffs focus on—that they are supposedly third–party beneficiaries of the SPA—has been rejected time and time again. For these and other reasons explained below, the complaint should be dismissed in its entirety.

## ARGUMENT

### I. Rosas's Due Process Claims (Counts 1, 2, and 4) Should Be Dismissed.

This Court dismissed a HAMP–based due process claim against Citi that is substantially similar to the claims plaintiffs assert here. *See Ozogu v. CitiMortgage, Inc.*, 2011 WL 2940391, at *6 (C.D. Cal. July 19, 2011). Plaintiffs neither address *Ozogu* nor make any argument at all in opposition to Citi's motion to dismiss Rosas's due process claims. Although plaintiffs do oppose dismissal of their due process claims against some other defendants, those defendants correctly explain that plaintiffs' arguments are without merit. Citi adopts those defendants' arguments by reference.

### II. Rosas's Claims for Breach of Contract (Count 3) and Breach Of An Implied Covenant (Count 6) Should Be Dismissed.

Citi cited in its opening brief some two dozen decisions by district courts in this Circuit dismissing breach of SPA claims. Mem. 6 & n.2. Those decisions, like dozens of cases from other jurisdictions, recognize that the SPA does not express clear intent to grant the millions of borrowers who have applied for loan modifications under HAMP the right to enforce its terms. Moreover, borrowers could not have reasonably relied on any such intent because the SPA does not require Citi to modify all eligible loans. Thus, Rosas may not evade the lack of a private right of action under HAMP by suing for breach of the SPA.

Plaintiffs argue that this overwhelming majority view is wrong. *See* Pl. Opp. to Fannie Mae MTD at 16–17. Plaintiffs explain that one of the first cases to con-

2
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CITIMORTGAGE, INC.'S
MOTION TO DISMISS AMENDED COMPLAINT; CASE NO. CV-11-07692 CAS (CWX)

701160286

clude that the SPA does not confer rights on third parties—*Escobedo v. Countrywide Home Loans*, 2009 WL 4981618 (S.D. Cal. Dec. 15, 2009)—was resolved "without the benefit of" a Ninth Circuit decision issued a week earlier, *County of Santa Clara v. Astra USA*, 588 F.3d 1237 (9th Cir. 2009). According to plaintiffs, *Escobedo* "carried through to several subsequent cases" that adopted *Escobedo*'s conclusion without considering the impact of *Santa Clara*.

Plaintiffs' attempt to use *Santa Clara* to reject the reasoning of the overwhelming majority rule falters for a simple reason: the Supreme Court reversed the Ninth Circuit's decision almost one year ago. *Astra USA v. Santa Clara Cnty.*, 131 S. Ct. 1342 (2011). In any event, plaintiffs are wrong in asserting that post-*Escobedo* cases did not take the Ninth Circuit's decision in *Santa Clara* into account. *See*, *e.g.*, *Ansanelli v. JP Morgan Chase Bank*, 2011 WL 1134451, at *6 (N.D. Cal. Mar. 28, 2011); *Phipps v. Wells Fargo Bank*, 2011 WL 302803, at *6–*8 (E.D. Cal. Jan. 27, 2011); *Grill v. BAC Home Loans Servicing*, 2011 WL 127891, at *5–*7 (E.D. Cal. Jan. 14, 2011); *Simmons v. Countrywide Home Loans*, 2010 WL 2635220, at *2–*5 (S.D. Cal. June 29, 2010); *Hoffman v. Bank of Am.*, 2010 WL 2635773, at *3–*5 (N.D. Cal. June 30, 2010).

Plaintiffs also cite two federal decisions in support of their view: *Reyes v. Saxon Mortg. Servs.*, 2009 WL 3738177 (S.D. Cal. Nov. 5, 2009), and *Marques v. Wells Fargo Home Mortg.*, 2010 WL 3212131 (S.D. Cal. Aug. 12, 2010). While *Reyes* denied a motion to dismiss a breach of SPA claim before the Supreme Court's decision in *Astra*, the same judge who decided *Reyes* subsequently reversed course and dismissed identical claims. *See Wilson v. GMAC Mortg. LLC*, 2010 WL 5387829, at *1 (S.D. Cal. Dec. 22, 2010); *Villa v. Wells Fargo Bank*, 2010 WL 935680, at *2 (S.D. Cal. Mar. 15, 2010). As for *Marques*, its "analysis of the third–party beneficiary issue was *dicta*" because the court dismissed plaintiff's claim. *Ansanelli v. JP Morgan Chase Bank*, 2011 WL 1134451, at *6 (N.D.

3

Cal. Mar. 28, 2011). Moreover, "the case on which the *Marques* court relied"—the Ninth Circuit's decision in *Santa Clara*—"has since been reversed by the Supreme Court." *Cade v. BAC Home Loans Servicing*, 2011 WL 2470733, at *3 (S.D. Tex. June 20, 2011). "Most every case that has cited *Marques* since has disagreed with it." *Coulibaly v. J.P. Morgan Chase Bank*, 2011 WL 3476994, at *15 n.20 (D. Md. Aug. 8, 2011). Indeed, Citi is not aware of a single post–*Santa Clara* federal case denying a motion to dismiss a breach of SPA claim.

Finally, plaintiffs cite several California state–court cases. *See* Pl. Opp. to Fannie Mae MTD at 18–19. One of those cases—*Martinez v. Socoma Cos.*, 11 Cal. 3d 394 (1974)—supports Citi. *Martinez* held that contracts between the government and employers under which the employers agreed to provide job training and employment did not make individuals who were allegedly qualified for employment under the contracts third–party beneficiaries. The court explained that the contracts sought to further "a larger public purpose"—reducing unemployment and its attendant ills—rather than merely providing jobs to particular people. *Id.* at 401. Similarly, HAMP's purpose was to "stabilize the housing market" as a whole rather than modify loans held by particular borrowers. Rich Decl., Ex. D at 1.

The other two state–court cases cited by plaintiffs apply California state law. *See Zigas v. Superior Court,* 120 Cal. App. 3d 827, 831 (1981); *Shell v. Schmidt*, 126 Cal. App. 2d 279 (1954). But as even plaintiffs concede, "[f]ederal law controls the interpretation" of the SPA. Opp. 6; *see* Rich Decl., Ex. D § 11.A. Regardless, *Zigas* and *Shell*—both of which predate the Supreme Court's decision in *Santa Clara*—are distinguishable. Private suits could not disrupt performance of the contracts at issue in *Zigas* because "no governmental administrative procedure was provided for the resolution of disputes" (120 Cal. App. 3d at 831), unlike the procedures set forth in the SPA governing any disputes between Fannie Mae and Citi. Rich Decl., Ex. D § 7. And unlike the "narrow and specific" *Zigas* contract de-

signed to "*only* benefit [certain tenants]" (120 Cal. App. 3d at 835), HAMP's broad purpose includes "stabiliz[ing] the [entire] housing market." Rich Decl., Ex. D at 1. In *Shell*, the contracts empowered the government to obtain compensation for distribution directly to identified third–party beneficiaries. *See Martinez*, 11 Cal. 3d at 403. No such provision exists in the SPA. Accordingly, the California state–court cases cited by plaintiffs do nothing to undermine the overwhelming body of authority holding that third–party borrowers may not sue for breach of the SPA.

### III. Rosas's Cal. Civ. Code § 2923.5 Claim (Count 7) Should Be Dismissed.

Citi's opening brief cited three independent reasons in support of its motion to dismiss Rosas's Section 2923.5 claim—*e.g.*, that the statute by its terms does not apply to loans that (like Rosas's loan) were recorded after 2007. Mem. 9–12. Plaintiffs' response does not so much as mention Rosas's Section 2923.5 claim. Plaintiffs' responses to other defendants' motions do not appear to address Citi's arguments either. Accordingly, for the reasons set forth in Citi's opening brief, Rosas's Section 2923.5 claim should be dismissed.

### IV. Rosas's Wrongful Foreclosure Claim (Count 8) Should Be Dismissed.

Plaintiffs' brief in opposition to Citi's motion to dismiss does not address Rosas's wrongful foreclosure claim. Plaintiffs' responses to other defendants' motions to dismiss take issue with one of the four reasons Citi cited in seeking dismissal: their failure to tender payment on their loan. Plaintiffs' assertion that they need not allege tender is incorrect for reasons stated in Citi's opening brief and in the other defendants' replies, as this Court recently confirmed. *See Aguirre v. Cal-Western Reconveyance Corp.*, 2012 WL 273753, at *5 (C.D. Cal. Jan. 30, 2012). But even if tender were not required, the Court should dismiss Rosas's wrongful foreclosure claim for any of the other reasons cited in Citi's opening brief—*e.g.*, Rosas does not allege that his property has been foreclosed upon. Mem. 12–14.

## V. Rosas's Quiet Title Claim (Count 9) Should Be Dismissed.

Plaintiffs fail to respond to Citi's three independent arguments for dismissal of Rosas's quiet title claim—*e.g.*, that Rosas transferred title to this property long before this suit. *See also Aguirre*, 2012 WL 273753, at *5 (dismissing quiet title claim for failure to allege tender) (Snyder, J.).  Therefore, for the reasons set forth in Citi's opening brief (Mem. 14-17), Rosas's quiet title claim should be dismissed.

## VI. Rosas's Quasi–Contract Claim (Count 10) Should Be Dismissed.

Plaintiffs cite no authority disputing Citi's position that "quasi–contract"—*i.e.*, unjust enrichment—is not an independent cause of action under California law. Mem. 17 & n.4. Nor do plaintiffs contest that the theory underlying their quasi–contract claim—that the alleged securitization of Rosas's loan extinguished his obligations to make monthly mortgage payments—fails as a matter of law. *Id.* at 18.  Accordingly, for the reasons set forth in Citi's opening brief, Rosas's quasi–contract claim should be dismissed.

## VII. Rosas's No–Contract Claim (Count 11) Should Be Dismissed.

Citi cited three independent grounds for dismissing Rosas's no–contract claim. Mem. 18–20. Plaintiffs offer no response.  In opposing other defendants' motions to dismiss their no–contract claims, plaintiffs do not address all of Citi's grounds for dismissal—*e.g.*, that Rosas cannot state a no–contract claim based on purported misconduct in the origination of his loan because Citi did not originate the loan.  Thus, Rosas's no–contract claim should be dismissed.

## VIII. Rosas's Declaratory/Injunctive Claim (Count 12) Should Be Dismissed.

Rosas's claim for declaratory and injunctive relief should be dismissed because, as this Court has held, declaratory and injunctive relief are remedies, not causes of action. *See Baidoobonso–Iam v. Bank of Am.*, 2011 WL 3103165, at *3 (C.D. Cal. July 25, 2011).  Plaintiffs' "response" is non-responsive, misquoting Citi as making arguments that it did not make. Opp. 8.  Therefore, for the reasons

1  stated in Citi's opening brief (Mem. 20–21), Rosas's declaratory/injunctive claim
2  should be dismissed.

## CONCLUSION

Citi respectfully requests that the Court dismiss the amended complaint against it with prejudice.

Dated: February 27, 2012           MAYER BROWN LLP


                                   By:    /s/ Steven E. Rich
                                          Steven E. Rich
                                   Attorneys for Defendant CitiMortgage, Inc.