P. Patty Li (SBN: 266937)
patty.li@wilmerhale.com
Matthew D. Benedetto (SBN: 252379)
matthew.benedetto@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

Noah Levine (admitted *pro hac vice*)
noah.levine@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Attorneys for Defendant Federal National Mortgage Association

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Luis Rosas; Steven Zivanic; Yvonne Zivanic; Fernando Hinnaoui; Martha V. Hinnaoui; Sandra Enshiwat; Ali Reza Amirjalaly; Kian Kamrani on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>              vs.<br><br>Carnegie Mortgage, LLC.; CitiMortgage, Inc.; Cal-Western Reconveyance Corporation; Washington Mutual Bank, F.A.; JP Morgan Chase Bank, N.A.; Bank of America; Quality Loan Service Corporation; Federal National Mortgage Association; Indymac Bank F.S.B.; Deutsche Bank National Trust Company; Atlantic & Pacific Foreclosure Services; Wells Fargo Bank, N.A.; and DOES 1-10 inclusive,<br><br>                    Defendants. | Case No. CV 11-07692 CAS(CWx)<br><br>**DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Hon. Christina A. Snyder<br><br><br>Hearing Date: March 12, 2012<br>Time: 10:00 a.m.<br>Courtroom: 5 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................ii

INTRODUCTION .............................................................................................. 1

ARGUMENT ..................................................................................................... 1

I.    Plaintiffs Fail To State A Due Process Claim Because They Do Not Allege A Deprivation Of A Protected Property Interest ..................................... 1

II.   Plaintiffs' Contract-Related Claims Fail As Matter Of Law ......................... 3

III.  Plaintiffs' Wrongful Foreclosure Claim Fails As A Matter Of Law ................. 8

IV.   Plaintiffs' Claim For Injunctive And Declaratory Relief Should Be Dismissed ...................................................................................... 9

V.    Plaintiffs Should Not Be Permitted To Amend Their Complaint A Second Time ................................................................................ 10

CONCLUSION ............................................................................................... 11

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

**TABLE OF AUTHORITIES**

<u>Federal Cases</u>

*Astra USA, Inc. v. Santa Clara County*,
    131 S. Ct. 1342, 179 L. Ed. 2d 457 (2011) ........................................................7

*Board of Regents v. Roth*,
    408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972) ......................................2

*Broam v. Bogan*,
    320 F.3d 1023 (9th Cir. 2003)..........................................................................4, 8

*Carrico v. City & County of San Francisco*,
    656 F.3d 1002 (9th Cir. 2011)........................................................................10, 11

*County of Santa Clara v. Astra USA, Inc.*,
    588 F.3d 1237 (9th Cir. 2009)...........................................................................7

*Edwards v. Aurora Loan Services, LLC*,
    791 F. Supp. 2d 144 (D.D.C. 2011) ...............................................................2, 6

*Escobedo v. Countrywide Home Loans, Inc.*,
    No. 09cv1557 BTM (BLM), 2009 U.S. Dist. LEXIS 117017 (S.D. Cal. Dec. 15, 2009) .................................................................................................6

*GECCMC 2005-C1 Plummer Street Office Ltd. Partnership v. JPMorgan Chase Bank*, -- F.3d -- , No. 10-56219, 2012 WL 280742 (9th Cir. Feb. 1, 2012)...........................................................................................................4, 5, 7

*Khan v. GMAC Mortg., LLC*,
    No. 2:10-cv-00900-GEB-JFM, 2010 U.S. Dist. LEXIS 71238 (E.D. Cal. June 30, 2010) .................................................................................................9

*Macris v. Bank of America, N.A.*,
    2012 U.S. Dist. LEXIS 10633 (E.D. Cal. Jan. 30, 2012)..................................10

*Marques v. Wells Fargo Home Mortgage, Inc.*,
    No. 09-cv-1985-L(RBB), 2010 U.S. Dist. LEXIS 81879 (S.D. Cal. Aug. 12, 2010)........................................................................................................7

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
    312 U.S. 270, 61 S. Ct. 510. 85 L. Ed. 826 (1941) ..........................................10

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

*Omega v. Wells Fargo & Co.*,
  No. C 11-02621 JSW, 2011 U.S. Dist. LEXIS 103928 (N.D. Cal. Sept. 14, 2011) ...............................................................................................7

*Ottolini v. Bank of America*,
  No. C-11-0477 EMC, 2011 U.S. Dist. LEXIS 92900 (N.D. Cal. Aug. 19, 2011) ...............................................................................................7, 8

*Ozogu v. CitiMortgage, Inc.*,
  No. CV 10-9687 CAS (AGRx), 2011 U.S. Dist. LEXIS 79034 (C.D. Cal. July 19, 2011) ...................................................................................2

*Preciado v. Ocwen Loan Servicing*,
  No. CV 11-1487 CAS (VBKx), 2011 U.S. Dist. LEXIS 32279 (C.D. Cal. Mar. 18, 2011) .................................................................................6

*Reyes v. Saxon Mortgage Services, Inc.*,
  No. 09cv1366 (WMC), 2009 U.S. Dist. LEXIS 125235 (S.D. Cal. Nov. 5, 2009) ...........................................................................................8

*Roque v. Suntrust Mortgage, Inc.*,
  No. C-09-00040 RMW, 2010 U.S. Dist. LEXIS 11546 (N.D. Cal. Feb. 10, 2010) .............................................................................................9

*Town of Castle Rock v. Gonzales*,
  545 U.S. 748, 125 S. Ct. 2796, 162 L. Ed. 2d 658 (2005) .........................2

*Unique Functional Products, Inc. v. JCA Corp.*,
  No. 9-cv-265-JM-MDD, 2012 U.S. Dist. LEXIS 13457 (S.D. Cal. Feb. 3, 2012) ...........................................................................................8

*Villa v. Wells Fargo Bank, N.A.*,
  No. 10CV81 DMS (WVG), 2010 U.S. Dist. LEXIS 23741 (S.D. Cal. Mar. 15, 2010) .................................................................................8

Federal Rules

Fed. R. Civ. P. 15(a)(2) .................................................................................10

State Cases

*Abdallah v. United Savings Bank*,
  43 Cal. App. 4th 1101, 51 Cal. Rptr. 2d 286 (1996) .............................9

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

-iii-

*Oasis West Realty, LLC v. Goldman*,
    51 Cal. 4th 811, 124 Cal. Rptr. 3d 256 (2011) ........................................................ 3

<u>State Statutes</u>

Cal. Bus. & Prof. Code § 17200 ................................................................................ 8

<u>Local Rules</u>

C.D. Cal. Civ. L.R. 7-3 ........................................................................................... 10

C.D. Cal. Civ. L.R. 15-1 ......................................................................................... 10

**Wilmer Cutler Pickering Hale and Dorr LLP**
**350 South Grand Avenue, Suite 2100**
**Los Angeles, CA 90071**

FANNIE MAE'S REPLY IN SUPPORT OF MOTION TO DISMISS          CASE NO. CV 11-07692 CAS(CWx)
FIRST AMENDED CLASS ACTION COMPLAINT

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

# INTRODUCTION

Faced with overwhelming and consistent legal authority that their claims are meritless, Plaintiffs' Opposition To Fannie Mae's Motion To Dismiss First Amended Class Action Complaint ("Opposition") offers no response to Defendant Federal National Mortgage Association's ("Fannie Mae") primary argument for dismissal—the absence of a constitutionally protected property interest—and responds instead to arguments made by *other defendants*, not Fannie Mae.  The claims in the First Amended Complaint against Fannie Mae should be dismissed because none states a claim upon which relief can be granted.  This Court and others have repeatedly rejected similar attempts by borrowers to assert due process violations and contract-related claims based on denials of mortgage modifications through the Home Affordable Modification Program ("HAMP").  The Court should do the same in this case.

# ARGUMENT

## I.   Plaintiffs Fail To State A Due Process Claim Because They Do Not Allege A Deprivation Of A Protected Property Interest

The only due process claims asserted in the First Amended Complaint against Fannie Mae concern Fannie Mae's alleged failure to implement policies and procedures requiring that the servicers of Plaintiffs' mortgages provide notice of the reasons for denial of a HAMP modification request and an appeal of any such denial before an impartial decision-maker.  *See* Am. Compl. ¶¶ 227-239, 255-262; Opp. at 2-3[1] ("This action, filed August 17, 2011, alleges violation of Plaintiffs' Fifth Amendment constitutional right to procedural due process of law in Defendants' refusal to properly consider Plaintiffs' request for a modification of their home loan pursuant to [HAMP] . . . .  Fannie was named

---

[1] The Opposition contains two sets of pages numbered 1-6; one appearing before, and one after, the Table of Contents.  This citation refers to the pages 2-3 that precede the Table of Contents.

-1-

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

1   in this action . . . for her failure to <u>implement policies</u> and <u>procedures necessary</u>

2   to <u>protect Due Process Rights</u> . . . ." (emphasis in original)).  These claims fail

3   as a legal matter because, as this Court and others have repeatedly held, there is

4   no "protected property interest in a loan modification under HAMP" created by

5   the statutory framework or by any other means.  *Ozogu v. CitiMortgage, Inc.*,

6   No. CV 10-9687 CAS (AGRx), 2011 U.S. Dist. LEXIS 79034, at *19 (C.D.

7   Cal. July 19, 2011); *see also, e.g.*, *Edwards v. Aurora Loan Servs., LLC*, 791 F.

8   Supp. 2d 144, 153-156 (D.D.C. 2011) (dismissing due process claim against

9   Fannie Mae in HAMP case and concluding that there is no protected property

10   interest in HAMP created by either the statute or the program Guidelines).

11        Although Fannie Mae discussed protected property interests extensively

12   in its opening brief (Mot. Dismiss at 8-17), Plaintiffs simply ignore this issue.

13   Instead, they argue at length that the "[m]oving [d]efendant is a [s]tate [a]ctor

14   for [p]urposes of HAMP."  Opp. at 7; *id.* at 7-11.  But this argument, which

15   appears to be a response to arguments made by other defendants in their

16   motions to dismiss, is beside the point.  Whether or not Fannie Mae can be

17   treated as the government for purposes of the Due Process Clause—and Fannie

18   Mae does not concede that it can—Plaintiffs cannot state a procedural due

19   process violation without alleging the deprivation of a protected property

20   interest.  *See, e.g.*, *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756, 125 S.

21   Ct. 2796, 2803, 162 L. Ed. 2d 658, 668 (2005) (discussing need to have

22   "legitimate claim of entitlement" to a property interest in a government benefit

23   to bring procedural due process claim (quoting *Bd. of Regents v. Roth*, 408 U.S.

24   564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548, 561 (1972)).  Because

25   Plaintiffs cannot demonstrate a protected property interest in a HAMP loan

26   modification, their due process claims against Fannie Mae should be dismissed.

27

28

## II.   Plaintiffs' Contract-Related Claims Fail As Matter Of Law

Plaintiffs assert contract-related claims against Fannie Mae for breach of the Servicer Participation Agreements ("SPAs") entered into between Plaintiffs' servicers (the co-defendants here) and Fannie Mae on behalf of the Department of Treasury ("Treasury") for non-GSE loans; Plaintiffs also assert breach of an implied covenant of good faith and fair dealing in those same SPAs. Plaintiffs' claims fail for at least two reasons.

*First*, Plaintiffs' contract-related claims fail because they have not alleged the breach of any contract-based duty *owed by Fannie Mae under the SPAs* to Plaintiffs. *See Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821, 124 Cal. Rptr. 3d 256, 263 (2011) (elements of breach of contract claim). Rather, Plaintiffs' theory is that *the servicers* breached the SPAs by failing to modify Plaintiffs' mortgages. There is no allegation that *Fannie Mae* breached the SPAs in any way, shape, or form. As Plaintiffs now acknowledge, the SPA sets forth obligations of Fannie Mae (as Treasury's agent) *to the servicers* who make the HAMP determinations on borrowers' loans. *See* Opp. at 20. But the SPA does not contain, and Plaintiffs do not allege, any contractual duties owed by Fannie Mae to *borrowers*—whether directly or indirectly—that even conceivably could have been breached in this case. *See* Am. Compl. ¶ 245. Though Plaintiffs allege for the first time in the Opposition that servicers allegedly breached the implied covenant of good faith and fair dealing[2] contained in Trial Period Plan agreements that Plaintiffs allegedly entered into after requesting HAMP modifications, this new allegation too cannot establish a breach by *Fannie Mae* because Plaintiffs do not allege that Fannie Mae was

---

[2] Plaintiffs' allegations regarding breach of the implied covenant of good faith and fair dealing appear to be limited to defendant BAC. *See* Opp. at 22.

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

1  even a party to these agreements.  *See* Opp. at 5[3] ("The form contract that lies at

2  the heart of this case, known as the Trial Period Plan ("TPP") Agreement,

3  draws on HAMP as the source of its governing principles.  Plaintiffs executed a

4  binding TPP Agreement with Defendants Carnegie; Citi; WAMU; Chase; BOA;

5  Wells Fargo and Indymac . . . .").

6      Furthermore, because Plaintiffs never pled that they executed Trial

7  Period Plan agreements or that alleged breaches of these agreements are the

8  basis for any of their contract-based claims, the Court should disregard this new

9  allegation in its entirety in ruling on the motion to dismiss.  *See Broam v.*

10  *Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety

11  of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a

12  plaintiff's moving papers, such as a memorandum in opposition to a

13  defendant's motion to dismiss." (emphasis in original) (quotation marks and

14  citation omitted)); Am. Compl. ¶ 73 ("[A]lthough the Representative Plaintiffs

15  meet the minimum HAMP eligibility requirements, Carnegie, Citi; WAMU,

16  Chase; BOA; Wells Fargo and Indymac . . . did not offer either a trial period

17  modification or a permanent modification."); *id.* ¶ 221 (excluding from class

18  definition "borrowers . . . who otherwise fit the class definition but have

19  received a trial or permanent HAMP modification"); *id.* ¶¶ 240-245 ("Breach of

20  Contract") (naming only SPA agreement in discussing breach of contract

21  claim); *id.* ¶¶ 263-267 ("Breach of Covenant of Good Faith and Fair Dealing")

22  (naming only SPA agreement in discussing implied-covenant claim).

23      *Second*, even if any *Fannie Mae* duties in the SPA contracts were

24  implicated here (they are not), Plaintiffs have no right to sue to enforce the SPA

25  contracts because Plaintiffs are neither parties to, nor intended third-party

26  beneficiaries of, the SPA contracts.  Earlier this month, in *GECCMC 2005-C1*

27

28
_____
[3] This citation appears on the page 5 that precedes the Table of Contents.

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

1  *Plummer St. Office Ltd. P'ship v. JPMorgan Chase Bank*, -- F.3d -- , No. 10-

2  56219, 2012 WL 280742 (9th Cir. Feb. 1, 2012), the Ninth Circuit reaffirmed

3  the "heightened standard" necessary for a member of the public to enforce a

4  government contract as an intended third-party beneficiary—namely, the

5  "[p]arties that benefit from a government contract are generally assumed to be

6  incidental beneficiaries . . . and so may not enforce the contract absent a *clear*

7  *intent to the contrary*." *Id.* at *5, *4 (emphasis added) (quotation marks and

8  citation omitted).  In *GECCMC*, the court held that the appellant landlord was

9  not an intended third-party beneficiary of a purchase agreement that appellee

10  entered into when it assumed the assets, including certain lease agreements, of

11  the failed Washington Mutual Bank from the Federal Deposit Insurance

12  Corporation.  *Id.* at *1.  Relying on a clause of the purchase agreement that

13  disclaimed intent to create third-party beneficiaries, the Ninth Circuit reasoned

14  that the government contract lacked the "'clear intent' needed to rebut the

15  presumption that [appellant] is merely an incidental beneficiary" of the

16  agreement.  *Id.* at *6.  So too here, the SPA specifically identifies the intended

17  beneficiaries of the contract:  "The Agreement shall inure to the benefit of and

18  be binding upon *the parties to the Agreement and their permitted successors-in-*

19  *interest*."  SPA § 11(E).[4]  Elsewhere, the SPA gives Fannie Mae (as Treasury's

20  agent) the discretion to "take any, all, or none" of a variety of actions to respond

21  to a loan servicer's default, but does not grant borrowers any rights to interfere

22  with Fannie Mae's exercise of that discretion under the SPA.  *Id.* § 6(B).  Thus,

23  as numerous courts have found, the SPA reveals no intent to treat borrowers as

24  anything other than *incidental* beneficiaries, let alone the requisite "clear intent"

25

26  _____
[4] A representative SPA with CitiMortgage, Inc. ("SPA") is appended as Exhibit 2 to
27  the Declaration of P. Patty Li in Support of Defendant Federal National Mortgage
Association's Motion to Dismiss First Amended Class Action Complaint that was
filed with the Court on January 5, 2012.

28

FANNIE MAE'S REPLY IN SUPPORT OF MOTION TO DISMISS          CASE NO. CV 11-07692 CAS(CWx)
FIRST AMENDED CLASS ACTION COMPLAINT

1   to do so.  *See, e.g.*, *Edwards*, 791 F. Supp. 2d at 151-152 (relying in part on

2   Section 11(E) of a HAMP SPA in rejecting intended beneficiary claim);

3   *Escobedo v. Countrywide Home Loans, Inc.*, No. 09cv1557 BTM (BLM), 2009

4   U.S. Dist. LEXIS 117017, at *6 (S.D. Cal. Dec. 15, 2009) (same); *see also* Mot.

5   Dismiss at 12-15, 17-18.[5]

6          Plaintiffs do not dispute that the SPA itself lacks any indication that

7   borrowers are intended third-party beneficiaries with enforceable rights.  Indeed,

8   as Plaintiffs admit, the SPA does not even require lenders to modify borrowers'

9   loans.  *See* Opp. at 17.  Plaintiffs point instead to the fact that the SPA

10  incorporates the HAMP Guidelines issued by Treasury.  *See id.*  But the HAMP

11  Guidelines make clear that lenders enjoy significant discretion over when—and

12  even whether—to modify mortgages.  *See* Mot. Dismiss at 3-5, 13-15.

13  Plaintiffs' failure to "point[] to anything in the . . . SPA that demonstrates that

14  the contracting parties intended to make eligible borrowers third party

15  beneficiaries of the SPA with enforceable rights . . . coupled with the significant

16  discretion built into HAMP procedures, precludes eligible borrowers from

17  reasonably relying on the SPA as granting them a right to force a loan

18  modification through a legal action."  *Edwards*, 791 F. Supp. 2d at 152.[6]

19

20

21

22

───────────────────

23  [5] As explained in Fannie Mae's opening brief, the result would be the same for GSE loans, as borrowers are not intended beneficiaries of Fannie Mae's agreements with servicers of GSE loans.  *See* Mot. Dismiss at 14 n.10.

24

25  [6] Nor can Plaintiffs contend that they are intended third-party beneficiaries of the SPAs because of an alleged private right of action under HAMP.  Numerous district courts, including this one, have held that there is no such private right of action.  *See*

26  *Preciado v. Ocwen Loan Servicing*, No. CV 11-1487 CAS (VBKx), 2011 U.S. Dist. LEXIS 32279, *3 (C.D. Cal. Mar. 18, 2011) ("it is well established that there is no

27  private right of action under HAMP" (quotation marks and citation omitted)).

28

FANNIE MAE'S REPLY IN SUPPORT OF MOTION TO DISMISS          CASE NO. CV 11-07692 CAS(CWx)
FIRST AMENDED CLASS ACTION COMPLAINT

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

1    In support of their third-party beneficiary theory, Plaintiffs rely on three

2 cases,[7] each of which has been discredited.  First, Plaintiffs quote extensively

3 from *County of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237 (9th Cir. 2009).

4 *See* Opp. at 11-17.  However, that decision was overturned by the United States

5 Supreme Court last term.  *See Astra USA, Inc. v. Santa Clara Cnty.,* 131 S. Ct.

6 1342, 1345, 1348, 179 L. Ed. 2d 457, 464, 466 (2011) (reversing Ninth Circuit

7 and holding that county-operated medical facilities claiming to be third-party

8 beneficiaries of pricing agreements between the government and drug

9 manufacturers could not enforce agreements and reasoning that because the

10 facilities "may not sue under the statute, it would make scant sense to allow

11 them to sue on a form contract implementing the statute").  Plaintiffs also rely

12 on *Marques v. Wells Fargo Home Mortgage, Inc.*, No. 09-cv-1985-L(RBB),

13 2010 U.S. Dist. LEXIS 81879 (S.D. Cal. Aug. 12, 2010), but, in finding the

14 plaintiff borrower was an intended beneficiary of an SPA contract, *Marques* too

15 relied on the Ninth Circuit's now-reversed decision in *Astra*.  *See Marques*,

16 2010 U.S. Dist. LEXIS at *12, *15.  The holding in *Marques*, moreover, stands

17 in stark contrast to the overwhelming majority of decisions that have concluded

18 that borrowers are not intended third-party beneficiaries of their servicers' SPA

19 agreements.  *See, e.g.*, *Omega v. Wells Fargo & Co.*, No. C 11-02621 JSW,

20 2011 U.S. Dist. LEXIS 103928, at *10 (N.D. Cal. Sept. 14, 2011) (siding with

21 "many district courts in the Ninth Circuit" to hold that borrowers were not

22 intended third-party beneficiaries of SPA contract); *Ottolini v. Bank of Am.*, No.

---

24 [7] The state-law authorities cited by Plaintiffs are also unavailing.  *See* Opp. at 18-19.
25 As Plaintiffs correctly note elsewhere in their Opposition, federal common law governs the interpretation of contracts, like the SPAs, to which the government is a party.  *See* Opp. at 11-12; *GECCMC*, 2012 WL 280742, at *3-4; SPA § 11(A) ("The
26 Agreement shall be governed by and construed under Federal law and not the law or any state or locality, without reference to or application of the conflicts of law
27 principles.").

28

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

1    C-11-0477 EMC, 2011 U.S. Dist. LEXIS 92900, at *27-29 (N.D. Cal. Aug. 19,

2    2011) (siding with "majority of courts" to hold that borrower was not intended

3    third-party beneficiary of SPA contract and noting that *Marques* is "clearly in

4    the minority").  Finally, Plaintiffs' reliance on *Reyes v. Saxon Mortgage*

5    *Services, Inc.*, No. 09cv1366 (WMC), 2009 U.S. Dist. LEXIS 125235 (S.D.

6    Cal. Nov. 5, 2009), is also misplaced.  In *Reyes*, when faced with the simple

7    pleading question whether the plaintiff had alleged that "he [was] an intended

8    beneficiary of the [SPA]," the court permitted the claim to proceed beyond a

9    motion to dismiss with only cursory comments.  *Id.* at *5-6.  But, after

10   conducting more extensive legal analysis, the same judge ruled in a later case

11   that borrowers are *not* intended third-party beneficiaries of SPA contracts and

12   granted a motion to dismiss on that basis.  *See Villa v. Wells Fargo Bank, N.A.*,

13   No. 10CV81 DMS (WVG), 2010 U.S. Dist. LEXIS 23741, at *5-7 (S.D. Cal.

14   Mar. 15, 2010).[8]

15   **III.    Plaintiffs' Wrongful Foreclosure Claim Fails As A Matter Of Law**

16          Plaintiffs do not defend their wrongful foreclosure claim, in apparent

17   recognition that the First Amended Complaint makes no allegations tying

18   Fannie Mae to the alleged misconduct at the center of Plaintiffs' claim—

19

20   _____
     [8] In five cryptic sentences, Plaintiffs appear to assert for the first time that the alleged
21   breach by Fannie Mae "serves the basis for a claim of unfair competition," Opp. at 21-
     22, under California's Unfair Competition Law.  *See* Cal. Bus. & Prof. Code § 17200
22   *et seq.*  Apart from the fact that Plaintiffs have failed to allege either a breach or a
     contractual relationship between themselves and Fannie Mae (*see supra* Part II),
23   Plaintiffs' newly asserted unfair-competition theory cannot save their failed complaint
     for at least two reasons.  First, in determining the instant 12(b)(6) motion, the court
24   "*may not* look beyond the complaint to a plaintiff's" opposition.  *Broam*, 320 F.3d at
     1026 n.2 (emphasis in original) (quotation marks and citation omitted).  Second,
25   Plaintiffs have not stated how an alleged simple breach of contract could rise to the
     level of an "unfair" business practice under § 17200.  *See Unique Functional Prods.,*
26   *Inc. v. JCA Corp.*, No. 9-cv-265-JM-MDD, 2012 U.S. Dist. LEXIS 13457, at *15
     (S.D. Cal. Feb. 3, 2012) ("Were the court to rule that a simple breach of contract could
27   form the basis for a § 17200 claim, then virtually every contract action could be
     converted into a business tort.").

28   _____

1   namely, that the parties that foreclosed on Plaintiffs' homes allegedly did not

2   have the authority to do so.  *See* Am. Compl. ¶¶ 277-299.  This claim fails for

3   the additional reason that Plaintiffs have not alleged tender, an essential element

4   of any wrongful foreclosure claim.  *See, e.g.*, *Roque v. Suntrust Mortg., Inc.*,

5   No. C-09-00040 RMW, 2010 U.S. Dist. LEXIS 11546, at *11 (N.D. Cal. Feb.

6   10, 2010) (citing *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109,

7   51 Cal. Rptr. 2d 286, 292 (1996)); Mot. Dismiss at 18-20.

8   **IV.   Plaintiffs' Claim For Injunctive And Declaratory Relief Should Be
        Dismissed**

9

10       Plaintiffs have not shown any reason why their "cause of action" seeking

11   declaratory and injunctive relief should not be dismissed.  As Fannie Mae

12   argued in its opening brief (Mot. Dismiss at 20-21), Plaintiffs' request for

13   injunctive relief is "a remedy, not a claim in and of itself," and thus provides no

14   independent basis for recovery.  *Khan v. GMAC Mortg., LLC*, No. 2:10-cv-

15   00900-GEB-JFM, 2010 U.S. Dist. LEXIS 71238, at *15 (E.D. Cal. June 30,

16   2010).  This cause of action also fails because the requested relief—a

17   determination of the validity of the loan documents and notes for Plaintiffs'

18   properties and of "Defendants' rights to proceed with non-judicial

19   foreclosures," *see* Am. Compl. ¶ 328; Opp. at 24—is merely duplicative of the

20   relief sought in the other insufficiently-pled claims against Fannie Mae.  *See*

21   *Khan*, 2010 U.S. Dist. LEXIS 71238, at *16-17 (dismissing declaratory relief

22   claim where "Plaintiffs' allegations do not suggest a declaratory judgment will

23   entitle them to any relief beyond that requested in their other claims").

24       Plaintiffs' only response is to cite cases dealing with claims arising under

25   the Declaratory Judgment Act.  *See* Opp. at 23-25.  But caselaw on the

26   Declaratory Judgment Act only underscores why Plaintiffs do not have a viable

27   claim for declaratory relief.  An action under the Declaratory Judgment Act

28

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

FANNIE MAE'S REPLY IN SUPPORT OF MOTION TO DISMISS                    CASE NO. CV 11-07692 CAS(CWx)
FIRST AMENDED CLASS ACTION COMPLAINT

1    requires a "substantial controversy, between the parties having adverse legal

2    rights, or sufficient immediacy and reality to warrant the issuance of a

3    declaratory judgment."  *Macris v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS

4    10633, at *18 (E.D. Cal. Jan. 30, 2012) (quoting *Maryland Cas. Co. v. Pacific*

5    *Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 826 (1941)).

6    The failure of the First Amended Complaint to state a claim against Fannie Mae

7    demonstrates the absence of any controversy that would entitle Plaintiffs to

8    declaratory relief.  *See id.* at *19 (in case alleging wrongful foreclosure,

9    dismissing claim for declaratory relief seeking a determination of title to

10   property because "the failure of the complaint's claims . . . demonstrates the

11   absence of an actual controversy subject to declaratory relief").

12   **V.    Plaintiffs Should Not Be Permitted To Amend Their Complaint A Second Time**

13

14           Having already been granted leave to amend once by this Court—and,

15   notably, with no advance notice to Fannie Mae and without attaching a

16   proposed amended pleading as required by this district's Local Rules, *see* C.D.

17   Cal. Civ. L.R. 7-3, 15-1—Plaintiffs nonetheless include a perfunctory request

18   that the Court again grant them leave to amend their complaint "[t]o the extent

19   the Court determines that Plaintiffs' complaint does not adequately allege facts

20   supporting the legal conclusion that moving Defendants are state actors for

21   purposes of HAMP."  Opp. at 25.  But as explained *supra* Part I, Plaintiffs' due

22   process claims are doomed not by the absence of state action but by their failure

23   to demonstrate the deprivation of a constitutionally protected property interest.

24   Amending the complaint to include additional state-action allegations would

25   therefore be futile, and leave to amend should be denied on this basis.  *See* Fed.

26   R. Civ. P. 15(a)(2); *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002,

27   1008 (9th Cir. 2011) (noting that leave to amend is properly denied where

28

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

1   amendment would be futile and denying leave to amend on the basis of futility

2   where appellants "seek leave to amend only as an afterthought" and did not

3   "propose any specific allegations that might rectify their . . . [claims, which] . . .

4   [w]e take . . . as a demonstration of their inability (or, perhaps, unwillingness)

5   to make the necessary amendment").

6                                    **CONCLUSION**

7          For the foregoing reasons and the reasons stated in Fannie Mae's Motion

8   to Dismiss, the First Amended Complaint should be dismissed under Rule

9   12(b)(6) for failure to state a claim and leave to amend should be denied.

10

11  Dated: February 27, 2012          Respectfully submitted,

12

13                                    WILMER CUTLER PICKERING
                                      HALE AND DORR LLP
                                      By:___/s/ P. Patty Li_____
14                                    P. Patty Li
                                      Matthew D. Benedetto
15                                    350 South Grand Avenue, Suite 2100
                                      Los Angeles, CA 90071
16                                    Telephone:  (213) 443-5300
                                      Facsimile:  (213) 443-5400
17
                                      Noah Levine (admitted *pro hac vice*)
18                                    399 Park Avenue
                                      New York, NY 10022
19                                    Telephone: (212) 230-8800
                                      Facsimile: (212) 230-8888
20
21                                    *Attorneys for Defendant Federal National*
                                      *Mortgage Association*

22

23

24

25

26

27

28

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

**PROOF OF SERVICE**

I am employed in New York, New York.  I am over the age of 18 and not a party to the within action.  My business address is 399 Park Avenue, New York, New York 10022.

On February 27, 2012, I served the foregoing document(s) described as:

DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

on each interested party, as stated on the attached service list.

☑   I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at New York, NY, addressed as set forth below:

Julie O. Molteni
2141 5th Avenue
San Diego, CA 92101
*Attorneys for Quality Loan Service Corporation*

☐   I personally caused to be hand delivered the document(s) listed above to the person(s) and the address(es) set forth below.

☐   The document(s) listed above were electronically filed via the CM/ECF system and the following individuals were served through the CM/ECF process via e-mail.

Amber M. Grayhorse
Nossaman LLP

Cathy L. Granger
Wolfe & Wyman LLP

Christopher G. Weston
Western Law Connection

Motaz M. Gerges
Law Offices Of Motaz M. Gerges

Peter Obstler
Bingham McCutchen LLP

Stephen P. Wiman
Nossaman LLP

Steven E. Rich

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Mayer Brown

Vipan K. Bhola
Law Offices of Vip Bhola

Zachary J. Alinder
Bingham McCutchen LLP

Nicole K. Neff
Wright, Finlay & Zak

Hong-An Vu
Goodwin Procter

John Nadolenco
Mayer Brown

Robin P. Wright
Wright Legal

Ruby Wayne Wood
Goodwin Procter

Stuart B. Wolfe
Wolfe & Wyman LLP

Zachary J. Alinder
Bingham McCuthen LLP

I declare under penalty of perjury under the laws of the State of New

York that the foregoing is true and correct.

Executed on February 27, 2012, at New York, New York.

Jodie Morse

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071