UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *JOSE LUIS ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine M. Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Christopher Weston<br>Motaz Gerges | Cathy Granger<br>Amber Grayhorse<br>Steven Rich<br>Peter Obstler<br>Zachary Alinder<br>Ruby Wood<br>Peiyin Li |

| Proceedings: | **DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** (filed 1/5/2012) |
|---|---|

## I.    INTRODUCTION

On August 16, 2011, plaintiffs Jose Luis Rosas et al. filed a putative class action complaint against defendants Carnegie Mortgage ("Carnegie") et al. ("defendants") in the Los Angeles County Superior Court on behalf of themselves and all others similarly situated. On September 16, 2011, defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(c), asserting federal question jurisdiction based on plaintiffs' claims for breach of contract with a federal agency and violations of due process under the Fifth Amendment to the United States Constitution. Notice of Removal ¶ 4.

This Court granted plaintiffs leave to file their first amended complaint ("FAC") on August 16, 2011. Dkt. No. 72. The FAC asserts claims against Carnegie; CitiMortgage, Inc. ("Citi"); Washington Mutual Bank, F.A. ("WaMu"); JP Morgan Chase Bank, N.A. ("Chase"); Bank of America; Quality Loan Service Corporation; Federal National Mortgage Association ("Fannie Mae"); Indymac Bank F.S.B.; Deutsche Bank National Trust Company ("Deutsche Bank"); Atlantic & Pacific Foreclosure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *JOSE LUIS ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL.* | | |

Services ("Atlantic"); Wells Fargo Bank, N.A. ("Wells Fargo"); individuals Juanito and Ester Maramba; and Does 1-10. Plaintiffs assert twelve claims, including the following claims which are alleged to arise under federal law: Violation of Due Process due to Failure to Promulgate Rules Requiring Mortgage Lenders and Servicers to Provide Notice of Denial; Violation of Due Process due to Failure to Promulgate Rules Requiring Mortgage Lenders and Servicers to Provide a Right to Appeal; Breach of Contract; Breach of the Implied Covenant of Good Faith and Fair Dealing; Wrongful Foreclosure; and Declaratory and Injunctive Relief.[1] Dkt. No. 62.

On January 5, 2012, Carnegie, Citi, Chase, Bank of America, Fannie Mae, and Wells Fargo filed the instant motions to dismiss, in which Deutsche Bank joined.[2] Dkt. Nos. 79–96. On February 6, 2012, plaintiffs filed separate oppositions to each motion other than Carnegie's.[3] Dkt. Nos. 98–102. On February 27, 2012, defendants filed their replies. Dkt. Nos. 128–33. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Factual Background

Plaintiffs are California homeowners who obtained mortgage loans from defendants, defaulted on their loans, and have either lost their homes or are in the process of losing their homes through foreclosure. FAC ¶¶ 2, 12, 26–31. Plaintiffs' allegations arise primarily out of defendants' purported obligations under the Home Affordable Modification Program ("HAMP").

///

---

[1] In addition, plaintiffs assert several state law claims against defendants other than Fannie Mae including: Violation of California Civil Code § 2923.5; Quiet Title, Quasi Contract; and No Contract.

[2] Chase moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

[3] Because plaintiffs failed to file an opposition to Carnegie's motion to dismiss, the Court dismisses plaintiffs' claims against Carnegie. L.R. 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *JOSE LUIS ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL.* | | |

Plaintiffs allege that they attempted to obtain loan modifications through HAMP but were denied relief. FAC ¶ 152. Plaintiffs allege that they are eligible for HAMP loan modifications but that defendants "summarily have refused" to modify plaintiffs' loans under HAMP and have failed to provide written notice or details explaining the denials. FAC ¶¶ 72, 74.

Plaintiffs assert that defendants "have a pattern and practice of failing to properly determine whether non-GSE mortgagors whose loans it services meet minimum HAMP eligibility requirements and may therefore qualify for a HAMP mortgage modification."[4] FAC ¶ 111.

Plaintiffs also allege that defendants have wrongfully foreclosed or are in the process of wrongfully foreclosing on their homes. FAC ¶¶ 81, 90, 99, 103, 107, 116–17; see also FAC ¶¶ 211–218.

**B. HAMP**

The U.S. Treasury Department created HAMP in 2009, under the Emergency Economic Stabilization Act of 2008 ("EESA"), in an effort to assist homeowners facing foreclosure. Dkt. No. 83, Ex. 3 at 13 (Making Home Affordable Program, Handbook for Servicers of Non-GSE Mortgages describing HAMP and its eligibility requirements, hereinafter referred to as "MHA Handbook"). HAMP offers homeowners an opportunity to modify their mortgages. MHA Handbook at 13.

Specifically, HAMP provides financial incentives to loan servicers and investors in the form of compensation for successful loan modifications. Id. at 105. HAMP's potential benefits to homeowners include: (1) a reduction in borrowers' monthly payments toward principal, interest, taxes, and insurance to 31% of their gross income; (2) the prevention of foreclosures for borrowers who meet the HAMP minimum eligibility requirements; and (3) the protection of homeowners from having a loan modification conditioned upon waiver of rights. Id. at 52, 63–66, 78–79.

Private lenders can voluntarily enroll in HAMP by executing a Servicer Participation Agreement ("SPA") with Fannie Mae, which acts as a financial agent of the

---

[4] All defendants excluding Fannie Mae are non-government-sponsored enterprises (non-GSEs).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *JOSE LUIS ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL.* | | |

United States. Id. at 12, 19. Defendants Carnegie, Citi, WaMu, Chase, Bank of America, Wells Fargo, and Indymac have each executed an SPA with Fannie Mae. FAC ¶ 52.

In order to qualify for a HAMP loan modification, a borrower must meet the following minimum criteria:

> (1) the borrower's mortgage is a first lien originated before January 1, 2009;
> (2) the mortgage has not been previously modified under HAMP;
> (3) the borrower has defaulted (i.e., is 60 days or more delinquent) or default is reasonably foreseeable;
> (4) the mortgage is secured by a one- to four-unit property (including a cooperative or condominium), one unit of which is the borrower's principal residence;
> (5) the borrower has experienced financial hardship;
> (6) the borrower's monthly mortgage payment, including principal, interest, taxes, insurance, and, where applicable, association fees prior to modification exceeds 31% of his or her gross monthly income;
> (7) the unpaid principal balance on the mortgage is less than or equal to $729,750 for one unit.

MHA Handbook at 51–52 .

If a borrower meets these requirements, a servicer must then conduct a "net present value" ("NPV") test to see if the loan will yield a more positive financial outcome if it is modified than if the property is foreclosed upon. Id. at 85–89. If the test yields a positive outcome, the servicer must provide a loan modification. Id. at 86. If the test yields a negative outcome, the servicer has the option of offering a loan modification, but in the case of a negative outcome for investor-owned mortgages, investor approval is required. Id.

If a loan meets all the requirements to qualify for a HAMP modification, the servicer must offer a 90-day trial modification period in which the borrower makes payments based on the standard modification waterfall calculation.[5] Id. at 89. The

---

[5] The standard modification waterfall calculation determines the cashflow resulting from a modification. See MHA Handbook at 78–80. A modification is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *JOSE LUIS ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL.* | | |

modification becomes permanent once the trial period is successfully completed. Id. at 89, 93. If a borrower is not eligible for a permanent HAMP modification, the servicer must still consider other available "loss mitigation options, including but not limited to refinance, forbearance, non-HAMP modifications," and other programs. Id. at 92.

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

---

required if the reduction does not achieve the rate of 31% of a borrower's gross monthly income. Id. at 78.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *JOSE LUIS ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL.* | | |

### B. Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *JOSE LUIS ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL.* | | |

the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. First, Second, Fourth, and Fifth Claims for Violations of Due Process

Plaintiffs allege that defendants violated their constitutional right to due process by failing to provide adequate written notice of loan modification denials, by failing to provide a procedure allowing challenges to the denials, and by failing to promulgate rules requiring mortgage lenders and servicers to provide notice of a denial and a right to appeal. FAC ¶¶ 233, 239, 260, 261.

Defendants argue that plaintiffs' due process claims fail because they "have no constitutionally protected property interest in HAMP." Specifically, defendants contend that no legally enforceable entitlement to a loan modification exists under HAMP or EESA, that plaintiffs have no protected property interest as a third-party beneficiary to the HAMP contracts, and that HAMP provides significant discretion precluding a protected property interest.

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the government from depriving persons of "life, liberty, or property, without due process of law." U.S. Const. amend. V. "To be entitled to procedural due process, a

Case 2:11-cv-07692-CAS -CW   Document 134   Filed 03/12/12   Page 8 of 11   Page ID #:3435

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *JOSE LUIS ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL.* | | |

party must show a liberty or property interest in the benefit for which protection is sought." Buckingham v. Sec'y of U.S. Dep't of Agric., 603 F.3d 1073, 1081 (9th Cir. 2010).

The Court finds that plaintiffs' due process claims fail because HAMP does not provide a constitutionally protected property interest. This Court and several other district courts in this circuit have held that "HAMP does not provide Plaintiffs with a 'protected property interest,' the denial of which must comport with due process." Ozogu v. Citimortgage, Inc., CV 10-9687 CAS, 2011 U.S. Dist. LEXIS 79034, *18–19 (C.D. Cal. July 19, 2011) (quoting Huxtable v. Geithner, No. 09cv1846 BTM (WVG), 2010 U.S. Dist. LEXIS 91382, at *14 (S.D. Cal. Sept. 2, 2010)); see also Edwards v. Aurora Loan Servs., LLC, 791 F. Supp. 2d 144, 153–56 (D.D.C. 2011); Nguyen v. BAC Loan Servicing, LP, No. C-10-01712 RMW, 2010 U.S. Dist. LEXIS 105704, at *15–17 (N.D. Cal. Oct. 1, 2010); Williams v. Geithner, No. 091959 ADM/JJG, 2009 U.S. Dist. LEXIS 104096, at *15–22 (D. Minn. Nov. 9, 2009). Because plaintiffs do not have a protected property interest under HAMP, their due process claims against all defendants fail as a matter of law. Accordingly, the Court dismisses plaintiffs' first, second, fourth, and fifth claims with prejudice.

**B.     Third and Sixth Claims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing as Against Fannie Mae**

Plaintiffs allege that Fannie Mae breached its HAMP contracts with lenders by, *inter alia*, failing to adequately determine plaintiffs' eligibility under HAMP, failing to notify plaintiffs in writing to explain their eligibility determinations, and failing to suspend foreclosure actions while plaintiffs are considered for alternative foreclosure prevention options. FAC ¶¶ 245(a)–(f). Plaintiffs aver that Fannie Mae breached the implied covenant of good faith and fair dealing arising from the HAMP contract by not giving plaintiffs meaningful notice of their eligibility determination and by not providing meaningful access to an appeals procedure. FAC ¶¶ 265, 267.

Fannie Mae argues that plaintiffs' contract-based claims fail because plaintiffs are not parties to the SPAs between Fannie Mae and the other defendants. Fannie Mae contends that for government contracts, individual members of the public are only rarely treated as intended-beneficiaries with standing to sue on the contract. Finally, Fannie

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *JOSE LUIS ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL.* | | |

Mae argues that this question has been addressed in other HAMP litigation and that courts have explicitly held that borrowers are not intended third-party beneficiaries of SPA contracts. Fannie Mae Mot. at 13 (citing Edwards, 791 F. Supp. 2d at 151–52; Omega v. Wells Fargo & Co., No. C 11-02621 JSW, 2011 U.S. Dist. LEXIS 103928, at *10 (N.D. Cal. Sept. 14, 2011); McInroy v. BAC Home Loan Servicing, LP, No. 10-4342(DSD/SER), 2011 U.S. Dist. LEXIS 49868, at *7 (D. Minn. May 9, 2011)).

The Court finds that plaintiffs' claims for breach of contract and breach of the implied covenant of good faith and fair dealing fail because plaintiffs have not alleged facts showing that they have standing to enforce the SPAs. Numerous courts have considered claims similar to plaintiffs' in this case and concluded that "mortgage loan borrowers do not have standing as 'intended beneficiaries' of HAMP SPAs." Nguyen, 2010 U.S. Dist. LEXIS 105704, at *13 (citing Escobedo v. Countrywide, No. 09-CV-1557, 2009 U.S. Dist. LEXIS 117017, at *3 (S.D. Cal. Dec. 15, 2009); Villa v. Wells Fargo Bank, No. 10CV81, 2010 U.S. Dist. LEXIS 23741, at *3 (S.D. Cal. Mar. 15, 2010); Zendejas v. GMAC Wholesale Mortg. Corp., No. 1:10-CV-00184, 2010 U.S. Dist. LEXIS 59793 (E.D. Cal. Jun. 16, 2010)) (dismissing plaintiffs' claim for breach of the SPA between Fannie Mae and BAC Home Loan Servicing). Because plaintiffs have not alleged facts showing that they have standing enforce the SPAs between Fannie Mae and the other defendants, the Court dismisses plaintiffs' claims for breach of contract and breach of the implied covenant of good faith and fair dealing without prejudice.

### C. Eighth Claim for Wrongful Foreclosure as Against Fannie Mae

Plaintiffs allege that "All Defendants" wrongfully foreclosed on plaintiffs' homes because defendants have not recorded a transfer of beneficial interest in plaintiffs' properties and have no authority to initiate foreclosure proceedings. FAC ¶¶ 277–99.

Fannie Mae argues that plaintiffs' wrongful foreclosure claim fails because plaintiffs do not specify any misconduct committed by Fannie Mae. Fannie Mae Mot. at 19 (citing Nguyen v. LaSalle Bank Nat'l Ass'n, No. SACV 09-0881-DOC (SSx), 2009 U.S. Dist. LEXIS 99412, at *9, *9-10, *21 (C.D. Cal. Oct. 13, 2009) (dismissing a wrongful foreclosure claim because plaintiffs' allegations are "confusing, conclusory, and fail to differentiate between various defendants," and not all defendants are subject to the same claims given "their various roles in the mortgage and foreclosure process")). Fannie Mae also argues that plaintiffs' wrongful foreclosure claim is deficient because plaintiffs have failed to "allege a credible tender of the amount of the secured debt." Id.

Case 2:11-cv-07692-CAS -CW   Document 134   Filed 03/12/12   Page 10 of 11   Page ID
 #:3437

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *JOSE LUIS ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL.* | | |

(quoting Roque v. Suntrust Mortg., Inc., No. C-09-00040 RMW, 2010 U.S. Dist. LEXIS 11546, at *11 (N.D. Cal. Feb. 10, 2010)).

The Court finds that plaintiffs have failed to state a claim for wrongful foreclosure against Fannie Mae. While a complaint need not have detailed factual allegations, it must include at least some factual assertions "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Plaintiffs do not assert any facts relating to Fannie Mae's involvement in the alleged wrongful foreclosures, and therefore fail to state a claim for relief against Fannie Mae. Further, "[w]hen a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege credible tender of the amount of the secured debt to maintain any cause of action for foreclosure." Alicea v. GE Money Bank, No. C 09-00091, 2009 U.S. Dist. LEXIS 60813, at *7–8 (N.D. Cal. July 16, 2009); see also Sipe v. McKenna, 88 Cal. App. 2d 1001, 1006 (Ct. App. 1948) (holding that viable tender of the full debt is a precondition for injunctive relief). To the extent that plaintiffs request equitable remedies in connection with their foreclosures, the Court finds that plaintiffs' failure to adequately allege tender precludes such relief.

Accordingly, the Court dismisses plaintiffs' wrongful foreclosure claim against Fannie Mae without prejudice.

**D.     Twelfth Claim for Declaratory and Injunctive Relief as Against Fannie Mae**

Plaintiffs request declaratory and injunctive relief against defendants to determine "their rights and duties as to the validity of the Notes and [Deeds of Trust], and Defendants' rights to proceed with non-judicial foreclosures on Plaintiffs' Properties illegally." FAC ¶ 328.

Fannie Mae argues that plaintiffs' claim for declaratory and injunctive relief fails because it is a remedy and not a substantive claim. Fannie Mae Mot. at 20 (citing Khan v. GMAC Mort., LLC, No. 2:10-cv-00900-GEB-JFM, 2010 U.S. Dist. LEXIS 71238, at *15 (E.D. Cal. Jun. 30, 2010) (dismissing a "cause of action" for injunctive relief because "an injunction is a remedy, not a claim in and of itself")). Fannie Mae also argues that this claim fails because it is "duplicative of the relief sought in their other causes of action." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *JOSE LUIS ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL.* | | |

The Court finds that plaintiffs' "claim" for declaratory and injunctive relief is not cognizable. This is so because "declaratory and injunctive relief are prayers for relief, not causes of action." Canales v. Federal Home Loan Mortg. Corp., No. CV 11-2819 PSG (VBKx), 2011 WL 3320478, at *10 (C.D. Cal. Aug. 1, 2011) (citing McDowell v. Watson, 59 Cal. App. 4th 1155, 1159 (1997); Jenkins v. MCI Telcoms. Corp., 973 F. Supp. 1133, 1139 n.10 (C.D. Cal. 1997)).

Accordingly, the Court dismisses plaintiffs' claim for declaratory and injunctive relief with prejudice.

### E.    Plaintiffs' Remaining Claims

Because the Court finds that all of plaintiffs' claims that could establish federal jurisdiction over this action fail, the Court declines at this time to address plaintiffs' state law claims against defendants other than Fannie Mae.

### V.    CONCLUSION

In accordance with the foregoing, the Court hereby DISMISSES plaintiffs' first, second, fourth, and fifth claims for violations of due process with prejudice. The Court DISMISSES plaintiffs' third, sixth, and twelfth claims as against Fannie Mae for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory and injunctive relief without prejudice. The Court DISMISSES plaintiffs' eighth claim as against Fannie Mae for wrongful foreclosure without prejudice. The Court DENIES Chase's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) as moot. The Court declines to address plaintiffs' non-federal claims against defendants other than Fannie Mae at this stage. Plaintiffs may file an amended complaint addressing the deficiencies noted herein within **20 (twenty)** days. Failure to do so may result in the dismissal of plaintiffs' case with prejudice.

IT IS SO ORDERED.

|  | : | 09 |
|---|---|---|
| Initials of Preparer | CMJ | |