Stuart B. Wolfe (SBN 156471)
sbwolfe@wolfewyman.com
Cathy L. Granger (SBN 156453)
clgranger@wolfewyman.com
WOLFE & WYMAN LLP
2301 Dupont Drive, Suite 300
Irvine, California 92612-7531
Telephone: (949) 475-9200
Facsimile: (949) 475-9203

Attorneys for Defendants
WELLS FARGO BANK N.A., AS TRUSTEE FOR CARRINGTON
MORTGAGE LOAN TRUST, SERIES 2006-NC3 ASSET-BACKED
PASS THROUGH CERTIFICATES (erroneously sued herein as
WELLS FARGO BANK, N.A.) and ATLANTIC & PACIFIC
FORECLOSURE SERVICES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Luis Rosas; Steven Zivanic; Yvonne Zivanic; Fernando Hinnaoui; Martha V. Hinnaoui, Sandra Enshiwat; Ali Reza Amirjalaly; Kian Kamrani on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Carnegie Mortgage, LLC.; CitiMortgage, Inc.; Cal-Western Reconveyance Corporation; Washington Mutual Bank, F.A.; JP Morgan Chase Bank, N.A.; Bank of America; Quality Loan Service Corporation; Federal National Mortgage Association; Indymac Bank F.S.B.; Deutsche Bank National Trust Company; Atlantic & Pacific Foreclosure Services; Wells Fargo Bank, N.A.; and DOES 1-10 inclusive,<br><br>Defendants. | Case No. CV11 07692 CAS (CWx)<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Date: May 21, 2012<br>Time: 10:00 a.m.<br>Courtroom: 5<br><br>Hon. Christina A. Snyder |

Defendants Wells Fargo Bank, N.A. as Trustee and Atlantic & Pacific Foreclosure Services reply as follows to Plaintiffs' Opposition to the Motion to Dismiss the Second Amended Complaint.

## I. PLAINTIFFS IGNORE THAT WELLS FARGO IS NOT THE OWNER OF THE AMIRJALALY LOAN.

Throughout their Second Amended Complaint ("SAC") and their Opposition to the pending Motion to Dismiss, Plaintiffs proceed on the false premise that Wells Fargo Bank, N.A. owns the Amirjalaly loan. As the judicially noticeable Assignment of Deed of Trust (submitted concurrently with the motion) demonstrates, Wells Fargo Bank, N.A. is, instead, the *trustee* for the owner of the loan, a loan trust named Carrington Mortgage Loan Trust, Series 2006-NC3 Asset-Backed Pass Through Certificates. Req. for Judicial Notice [Dkt. 152], Exh. "C."

This is significant, because Plaintiffs' allegation that Wells Fargo Bank, N.A. has certain HAMP-related obligations to its own borrowers is impotent here, where Plaintiffs' lender is demonstrably not Wells Fargo.

Likewise, Plaintiffs' reference to a consent order allegedly involving Wells Fargo Bank, N.A. as *servicer* of loans (Opp. pp. 2-3) is irrelevant to this proceeding, in which Plaintiffs do not allege that Wells Fargo services the Amirjalaly loan. See, SAC p. 14, ll. 8-10 and p. 27 l. 18.

## II. THE SAC CONTAINS NO ALLEGATION THAT AMIRJALALY ENTERED INTO A TRIAL PERIOD LOAN MODIFICATION CONTRACT WITH WELLS FARGO.

The Opposition suggests Plaintiffs are "homeowners who signed [Trial Period Plan loan modification agreements, or] TPPs with Wells Fargo," thus entitling Plaintiffs to loan modification contract benefits flowing from such TPPs. Opp. p. 2. Yet, nowhere in their SAC do Plaintiffs allege that they entered into a TPP with

Wells Fargo or anyone else.[1]

Indeed, the allegation contradicts arguments elsewhere in the Opposition, in which Plaintiffs complain that "Defendants did not contact Plaintiff, and similar situated persons [sic], to discuss their financial situation and explore options to avoid foreclosure." Opp. at 11, ll. 19-20.

Thus, the only contract theory Plaintiffs are left with is the one by which they posit themselves as third party beneficiaries of the HAMP Servicer Participation Agreement between various loan servicers and the U. S. government -- a theory that lacks any support and, in any event, is meritless here, where Plaintiffs fail to allege that Wells Fargo is the servicer of the Amirjalaly loan.

## III. THE IMPOTENCE OF PLAINTIFFS' THIRD PARTY BENEFICIARY THEORY PREVENTS THEM FROM PROCEEDING.

Plaintiffs' Opposition continues to rely on the very same argument they advanced in opposing the Motion to Dismiss the previous version of their complaint. That is, to convince the Court there is a plausible basis for the notion that borrowers are intended third party beneficiaries of the HAMP contract, Plaintiffs cite a single case from 2009, Reyes v. Saxon, 2009 WL 3738177 (S.D.Cal. Nov. 5, 2009). Opp. 6:1.

The argument is even more meritless now than it was in the last go-around. In Reyes, Judge Dana Sabraw found without elaborating that the plaintiff had alleged enough facts supporting his third party beneficiary theory to survive a motion to dismiss. 2009 WL 3738177 at *2. However, one year later, by which time myriad other courts had examined the issue and found to the contrary, Judge Sabraw recognized in Wilson v. GMAC Mortgage LLC, 2010 WL 5387829 *1 (S.D.Cal.

---

[1] The SAC makes passing reference to an "offer" of an unspecified "temporary program similar to others that Plaintiffs had been offered" (SAC 36:19-25) but does not identify it as a Trial Period Plan or allege any other specifics of the "offer." In any event, the paragraph suggests Plaintiffs rejected, rather than accepted, the offer partly because "it was unclear what would happen after the three months," thus forming no TPP contract.

Dec. 22, 2010) that

> …HAMP generally involves an agreement between a participating loan servicer and the U.S Department of Treasury, and *a borrower does not have a private right to enforce the HAMP contract.*

Subsequent to issuing the <u>Wilson</u> decision, Judge Sabraw has again noted that

> The consensus among district courts in California appears to be that "insofar as the HAMP program is concerned, ... lenders are not required to make loan modifications for borrowers who qualify under HAMP and that there is no private right of action to enforce obligations under HAMP." [Cite.]

<u>Hernandez v. Aurora Loan Services, LLC</u>, 2011 WL 6178881 *8 (C.D.Cal. Dec. 13, 2011).

The profusion of decisions denying the validity of plaintiffs' third party beneficiary theory continues to grow. "Congress did not create a private right of action to enforce the HAMP guidelines, and since [<u>Astra USA, Inc. v. Santa Clara County</u>, – U.S. –, 131 S.Ct. 1342, 179 L.Ed.2d 457 (2011)], district courts have correctly applied the Court's decision to foreclose claims by homeowners seeking HAMP modifications as third-party beneficiaries of SPAs." <u>Wigod v. Wells Fargo Bank, N.A.</u>, 673 F.3d 547, 559 (7th Cir. 2012). Recently, in <u>Miller v. Chase Home Finance, LLC</u>, – F.3d –, 2012 WL 1345834 (11th Cir. 2012), the Eleventh Circuit identified four reasons why borrowers lack status as third party beneficiaries to pursue contract claims against loan servicers for HAMP violations:

> First, [the Emergency Economic Stabilization Act of 2008 ("EESA")] and HAMP were designed to "provide authority and facilities that the Secretary of the Treasury can use to restore liquidity and stability to the financial system of the United States." 12 U.S.C. § 5201(1). EESA was not passed for the "especial benefit" of struggling homeowners, even though they may benefit from HAMP's incentives to loan servicers.
>
> Second, there is no discernible legislative intent to create a private right of action; in fact, the legislature gave the Secretary the right to initiate a cause of action, via the Administrative Procedure Act. <u>Id.</u> §

5229(a)(1). Third, providing a private right of action against mortgage servicers contravenes the purpose of HAMP — to encourage servicers to modify loans — because it would likely chill servicer participation based on fear of exposure to litigation. And fourth, "[c]ontract and real property law are traditionally the domain of state law." [Citation.]

Miller, 2012 WL 1345834 at *2.

The absence of a private right to enforce HAMP means Plaintiffs cannot pursue a breach of contract claim in reliance on alleged HAMP-based duties. Gutierrez v. PNC Mortgage, 2012 WL 1033063 *12 (S.D.Cal. March 26, 2012). Plaintiffs simply cannot overcome the obstacles to their pursuit of a cause of action for breach of the "HAMP contract." The cause of action must be dismissed with prejudice.

### IV. PLAINTIFFS FAIL TO ADDRESS THE MOOTNESS OF THEIR CIVIL CODE § 2923.5 CLAIM.

The Opposition fails to even acknowledge, much less overcome, the argument that the Amirjalaly and Kamrani claim for violation of California Civil Code section 2923.5 is moot because the foreclosure sale has already occurred.

As the court in Carrasco v. HSBC Bank USA Nat. Assn., 2011 WL 6012944 *2 (N.D.Cal. Dec. 1, 2011) put it,

> Under §2923.5, the available remedy "is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5." Mabry [v. Sup. Ct.], 185 Cal.App.4th at 214. Where the foreclosure sale has already occurred, as in this case, noncompliance with § 2923.5 does not affect the title after the sale. Id. As §2923.5 does nothing to affect the rule regarding foreclosure sales as final, any claim based on §2923.5 fails where the foreclosure sale has already taken place because no remedy is available.

The third cause of action cannot be amended to state a viable claim and must therefore be dismissed.

///

///

## V. PLAINTIFFS' OSTENSIBLE BASIS FOR ALLEGING "NO CONTRACT" IS INFIRM.

The Opposition suggests the Plaintiffs may pursue a claim that their loan contract was void ab initio because of purported misrepresentations in the lending process that amount to "underwriting fraud." Opp. p. 12, l. 16.

Notwithstanding Plaintiffs' comparison of their loan transaction to the sale of a "diseased camel" (Opp. p. 12, ll. 11-12), the fact is, Amirjalaly received loan funds and used them to purchase the property to which he now seeks quiet title. Unlike a diseased camel, the loan funds had value, and Amirjalaly took full advantage of them.

Moreover, the suggestion that Amirjalaly's lender owed him a duty of care in the loan underwriting process is simply wrong. In Perlas v. GMAC Mortgage, LLC, 187 Cal.App.4th 429, the court rejected a similar contention, saying:

> Appellants appear to conflate loan qualification and loan affordability. In effect, appellants argue that they were entitled to rely upon GMAC's determination that they *qualified* for the loans in order to decide if they could *afford* the loans. Appellants cite no authority for this proposition, and it ignores the nature of the lender-borrower relationship. "[A]bsent special circumstances ... a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender. [Citations.]" (Oaks Management Corporation v. Superior Court (2006) 145 Cal.App.4th 453, 466.) A commercial lender pursues its own economic interests in lending money. (Nymark v. Heart Fed. Savings & Loan Assn. (1991) 231 Cal.App.3d 1089, 1096.) A lender "owes no duty of care to the [borrowers] in approving their loan." (Wagner v. Benson (1980) 101 Cal.App.3d 27, 35.) A lender is under no duty "to determine the borrower's ability to repay the loan.... The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's." [Citation.]

The Plaintiffs effort to excuse themselves from the obligation to repay the money they borrowed by suggesting there was no meeting of the minds must be

rejected.

## VI. THE OPPOSITION FAILS TO OVERCOME THE NECESSITY OF TENDER TO STATE EQUITABLE CLAIMS.

Responding to the argument in the motion to dismiss that they cannot proceed on their equitable claims because they have not tendered the amount owing on the Amirjalaly loan, Plaintiffs offer a tap dance. Their opposition suggests that "the core issue in this case is to ascertain who is the lender" (Opp. p. 16 ll. 5-6) and goes on to argue a version of the show-me-the-note theory, claiming that unless that issue is resolved, the foreclosure sale is defective -- and that, therefore, they cannot be required to tender. Notably, Plaintiffs cite no authority in support of this proposition. Nor is there any. It is well established that California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust. Davenport v. Litton Loan Servicing, 725 F.Supp.2d 862, 880 (N.D.Cal. July 16, 2010). It is equally well settled that tender must be alleged in order for a quiet title claim to proceed. Mickissack v. Wells Fargo Home Mortg., 2010 WL 2735858 *8 (S.D.Cal. July 12, 2010).

## VII. IN ARGUING THEY SHOULD BE ALLOWED TO PURSUE A CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, PLAINTIFFS REFER TO ALLEGATIONS NOT FOUND IN THE SAC.

The Opposition bases its argument for allowing the covenant claim to proceed on the ostensible existence of a Trial Period Plan (TPP), which, as noted above is *nowhere* alleged in the SAC.

Instead, the SAC's allegations in support of the second cause of action for Breach of the Covenant of Good Faith and Fair Dealing are based entirely on Plaintiffs' impotent theory that, as purported third party beneficiaries of the "HAMP contract," the Plaintiff borrowers are entitled to various forms of notice and procedural protections that they claim not to have received. SAC pp. 51-52.

Thus, the Opposition fails to overcome the unavailability of a cause of action

based on the covenant of good faith and fair dealing in the circumstances Plaintiffs allege. As they are neither parties to the Servicer Participation Agreement nor intended third-party beneficiaries of that agreement, they cannot enforce any covenant of the agreement, express or implied. <u>Edwards v. Aurora Loan Services, LLC</u>, 791 F.Supp.2d 144, 152-153 (D.D.C. June 14, 2011).

## VIII. <u>CONCLUSION</u>.

It has become clear that Plaintiffs have no ability to state any viable claims against Wells Fargo Bank, N.A. as Trustee or Atlantic & Pacific Foreclosure Services. The Court should finally grant the Motion to Dismiss without leave to amend. Respectfully submitted.

May 7, 2012                           WOLFE & WYMAN LLP


By: ___/s/ Cathy L. Granger___
STUART B. WOLFE
CATHY L. GRANGER
Attorneys for Defendants
**WELLS FARGO BANK N.A., AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC3 ASSET-BACKED PASS THROUGH CERTIFICATES (erroneously sued herein as WELLS FARGO BANK, N.A.) and ATLANTIC & PACIFIC FORECLOSURE SERVICES**

# PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     ) ss.
COUNTY OF ORANGE     )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2301 Dupont Drive, Suite 300, Irvine, California 92612-7531.

On May 7, 2012, I served the document(s) described as **REPLY TO OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** on all interested parties in said action as stated on the ATTACHED SERVICE LIST as method stated below.

☐ **BY MAIL**: as follows:

　　☐ **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☒ **BY ELECTRONIC ACCESS** Pursuant to Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to the Central District Court website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☐ **BY CERTIFIED MAIL** as follows: I am "readily familiar" with Wolfe & Wyman LLP's practice for the collection and processing of correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, Return Receipt Requested, on the above date according to Wolfe & Wyman LLP's ordinary business practice.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☒ **FEDERAL** I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on May 7, 2012, at Irvine, California.

_Theresa Fontes_
Theresa Fontes

914051.1

**SERVICE LIST**
**United States District Court Case No. 2:11-cv-07692-RSWL-CW**
<u>**Rosas v. Carnegie Mortgage, LLC**</u>
**W&W File No. 1415-065**
[Revised:9/6/11]

| | |
|---|---|
| Motaz M. Gerges, Esq.<br>LAW OFFICE OF MOTAZ M. GERGES<br>15315 Magnolia Blvd., Suite 429<br>Sherman Oaks, CA 91403 | Attorneys for Plaintiff and the Class Members<br><br>818-386-0000<br>818-380-0100<br>gergeslaw@yahoo.com |
| ~~Vip Bhola, Esq.~~<br>~~LAW OFFICES OF VIP BHOLA~~<br>~~21550 Oxnard Street, Third Floor~~<br>~~Woodland Hills, CA 91367~~ | ~~Attorneys for Plaintiff and the Class Members~~<br><br>~~818-224-6650~~<br>~~818-221-0302 FAX~~ |
| ~~Christopher G. Weston, Esq.~~<br>~~WESTERN LAW CONNECTION~~<br>~~4311 Wilshire Blvd., Suite 615~~<br>~~Los Angeles, CA 90010~~ | ~~Attorneys for Plaintiff and the Class Members~~<br><br>~~323-936-0815~~<br>~~323-936-0700 FAX~~ |
| Amber M. Grayhorse, Esq.<br>Stephen P. Wiman, Esq.<br>NOSSAMAN LLP<br>777 South Figueroa Street, 34th Floor<br>Los Angeles, CA 90017 | Attorneys for Carnegie Mortgage LLC<br><br>213-612-7800<br>213-612-7801 FAX |
| John Nadolenco, Esq.<br>Steven E. Rich, Esq.<br>MAYER BROWN LLP<br>350 South Grand Avenue, 25th Floor<br>Los Angeles, CA 90071 | Attorneys for CitiMortgage, Inc.<br><br>213-229-9500<br>213-625-0248 FAX |
| P. Patty Li, Esq.<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>350 South Grand Avenue, Suite 2100<br>Los Angeles, CA 90071 | Attorneys for Federal National Mortgage Association<br><br>213-443-5300<br>213-443-5400 FAX |
| Seth Goldstein, Esq.<br>Hong-An Vu, Esq.<br>GOODWIN PROCTER LLP<br>601 S. Figueroa Street, 41st Floor<br>Los Angeles, CA 90017 | Attorneys for Bank of America, N.A.<br><br>213-426-2500<br>213-623-1673 FAX |

914051.1

| | | |
|---|---|---|
| 1 | Peter Obstler, Esq. | Attorneys for JP Mortgage Chase Bank, N.A.; Deutsche Bank National Trust Company, in its capacity as Trustee of Washington Mutual Mortgage Securities Corp. 2005-AR6 |
| 2 | Zachary J. Alinder, Esq.<br>BINGHAM MCCUTCHEN LLP | |
| 3 | Three Embarcadero Center<br>San Francisco, CA 94111 | |
| 4 | | |
| 5 | Noah Levine, Esq.<br>WILMER CUTLER PICKERING HALE AND DOOR LLP | Attorneys for Federal National Mortgage Association |
| 6 | 399 Park Avenue<br>New York, NY 10022 | 212-230-8875<br>212-230-8888 FAX |
| 7 | | Noah.levine@wilmerhale.com |
| 8 | Stephen J. Kane, Esq.<br>MAYER BROWN LLP | Attorneys for CitiMortgage, Inc. |
| 9 | 71 South Wacker Drive<br>Chicago, IL 60606 | 312-701-8857<br>312-706-8311 FAX |
| 10 | | skane@mayerbrown.com |

914051.1