P. Patty Li (SBN: 266937)
patty.li@wilmerhale.com
Matthew D. Benedetto (SBN: 252379)
matthew.benedetto@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

Noah Levine (admitted *pro hac vice*)
noah.levine@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Attorneys for Defendant Federal National Mortgage Association

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Luis Rosas; Steven Zivanic; Yvonne Zivanic; Fernando Hinnaoui; Martha V. Hinnaoui; Sandra Enshiwat; Ali Reza Amirjalaly; Kian Kamrani on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CitiMortgage, Inc.; Washington Mutual Bank, F.A.; JP Morgan Chase Bank, N.A.; Bank of America; Federal National Mortgage Association; Indymac Bank F.S.B.; Deutsche Bank National Trust Company; Atlantic & Pacific Foreclosure Services; Wells Fargo Bank, N.A.; and DOES 1-10 inclusive,<br><br>    Defendants. | Case No. CV 11-07692 CAS(CWx)<br><br>**DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Hon. Christina A. Snyder<br><br>Hearing Date: May 21, 2012<br>Time: 10:00 a.m.<br>Courtroom: 5 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ................................................................................................... 1

ARGUMENT ........................................................................................................... 3

I. Plaintiffs' Contract-Related Claims Fail As A Matter Of Law ........................ 3

   A. Plaintiffs Are Not Third-Party Beneficiaries Of Servicers' Contracts With The Government ............................................................................................ 4

   B. Plaintiffs Have Failed To Allege Breach By Fannie Mae ............................. 7

II. Plaintiffs' "Quasi Contract" And "No Contract" Claims Fail As A Matter Of Law ................................................................................................................. 9

III. Plaintiffs' Claim For Injunctive And Declaratory Relief Should Be Dismissed ........................................................................................................ 9

IV. Plaintiffs Should Not Be Permitted To Amend Their Complaint A Third Time ............................................................................................................... 11

CONCLUSION ..................................................................................................... 11

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

-i-

FANNIE MAE'S REPLY IN SUPPORT OF MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPLAINT

CASE NO. CV 11-07692 CAS(CWx)

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 868 (2009) .........................................9

*Astra USA, Inc. v. Santa Clara Cnty.*,
   131 S. Ct. 1342, 179 L. Ed. 2d 457 (2011) ..........................................................5

*Broam v. Bogan*,
   320 F.3d 1023 (9th Cir. 2003) ......................................................................2, 8, 9

*Canales v. Federal Home Loan Mortg. Corp.*,
   No. CV 11-2819 PSG (VBKx), 2011 WL 3320478 (C.D. Cal. Aug. 1, 2011) .....................................................................................................................9

*Carrico v. City & Cnty. of San Francisco*,
   656 F.3d 1002 (9th Cir. 2011) ............................................................................11

*County of Santa Clara v. Astra USA, Inc.*,
   588 F.3d 1237 (9th Cir. 2009) ..............................................................................5

*DCD Programs, Ltd. v. Leighton,*
   833 F.2d 183 (9th Cir. 1987) ..............................................................................11

*Destfino v. Reiswig*,
   630 F.3d 952 (9th Cir. 2011) ..............................................................................11

*Edwards v. Aurora Loan Servs., LLC*,
   791 F. Supp. 2d 144 (D.D.C. 2011) .....................................................................5

*GECCMC 2005-C1 Plummer St. Office Ltd. P'ship v. JPMorgan Chase Bank Nat'l Ass'n*,
   671 F.3d 1027 (9th Cir. 2012) ..............................................................................5

*Jenkins v. MCI Telcoms. Corp.*,
   973 F. Supp. 1133 (C.D. Cal. 1997) ....................................................................9

*Khan v. GMAC Mortg., LLC*,
   No. 2:10-cv-00900-GEB-JFM, 2010 U.S. Dist. LEXIS 71238 (E.D. Cal. Jun. 30, 2010) ....................................................................................................10

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

*Macris v. Bank of Am., N.A.*,
  2012 U.S. Dist. LEXIS 10633 (E.D. Cal. Jan. 30, 2012) .................................. 10

*Marques v. Wells Fargo Home Mortg., Inc.*,
  No. 09-cv-1985-L(RBB), 2010 U.S. Dist. LEXIS 81879 (S.D. Cal. Aug. 12, 2010) .................................................................................................. 6

*Omega v. Wells Fargo & Co.*,
  No. C 11-02621 JSW, 2011 U.S. Dist. LEXIS 103928 (N.D. Cal. Sept. 14, 2011) .................................................................................................. 6

*Ottolini v. Bank of Am.*,
  No. C-11-0477 EMC, 2011 U.S. Dist. LEXIS 92900 (N.D. Cal. Aug. 19, 2011) .................................................................................................. 6

*Preciado v. Ocwen Loan Servicing*,
  No. CV 11-1487 CAS (VBKx), 2011 U.S. Dist. LEXIS 32279 (C.D. Cal. Mar. 18, 2011) .................................................................................. 5

*Reyes v. Saxon Mortg. Services., Inc.*,
  No. 09cv1366 (WMC), 2009 U.S. Dist. LEXIS 125235 (S.D. Cal. Nov. 5, 2009) ................................................................................................. 6

*Unique Functional Prods., Inc. v. JCA Corp.*,
  No. 9-cv-265-JM-MDD, 2012 U.S. Dist. LEXIS 13457 (S.D. Cal. Feb. 3, 2012) .................................................................................................. 7

*Villa v. Wells Fargo Bank*,
  No. 10CV81, 2010 U.S. Dist. LEXIS 23741 (S.D. Cal. Mar. 15, 2010) ............. 7

*Wigod v. Wells Fargo Bank, N.A.*,
  No. 11-1423, 2012 WL 727646 (7th Cir. Mar. 7, 2012) .................................... 6

STATE CASES

*Oasis West Realty, LLC v. Goldman*,
  51 Cal. 4th 811, 124 Cal. Rptr. 3d 256 (2011) .................................................. 7

STATE STATUTES

Cal. Bus. & Prof. Code § 17200 ............................................................................. 7

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

## OTHER AUTHORITIES

Michael Hudson, Whistleblower Charges Fannie Mae Bungled HAMP Anti-Foreclosure Program, The Cutting Edge News (Aug. 9, 2010) http://www.thecuttingedgenews.com/index.php?article=12460 ............................. 2

# INTRODUCTION

With the filing of the Second Amended Complaint ("SAC"), Plaintiffs have had three opportunities to plead claims against Defendant Federal National Mortgage Association ("Fannie Mae"). Plaintiffs squandered their third opportunity by filing a pleading that relies upon theories of liability that have already been rejected by this Court and other federal courts. Plaintiffs have now opposed Fannie Mae's motion to dismiss the SAC by filing essentially the same papers that were filed in opposition to Fannie Mae's motion to dismiss the First Amended Complaint. Plaintiffs' Opposition To Fannie Mae's Motion To Dismiss Second Amended Class Action Complaint ("Opposition")[1] continues to refer to the First Amended Complaint. *See* Opp. at 3[2] ("Plaintiffs, by their First Amended Complaint . . . seek injunctive relief"). The Opposition also contains several sections arguing that "Moving Defendant" is a state actor—an argument that is relevant only to the constitutional due process claims that have already been dismissed with prejudice. The only substantive additions to the previous opposition brief consist of general background information on the Home Affordable Modification Program ("HAMP") and Fannie Mae's obligations under HAMP, as well as irrelevant allegations regarding a lawsuit filed by a former Fannie Mae consultant. All of this material has been copied word-for-word from two sources: the complaint filed in *Edwards v. Aurora Loan Services, LLC*, No. 1:09-cv-2100-BJR (filed Nov. 9, 2009) (hereinafter

---

[1] The Opposition contains two sets of pages numbered 1-5; one appearing before, and one after, the Table of Contents. Twenty-five pages appear after the Table of Contents. The Opposition thus violates the page limits set forth in the Local Rules. *See* C.D. Cal. Civ. L.R. 11-6 ("No memorandum of points-and-authorities…shall exceed 25 pages in length"). The Opposition also fails to use the proper font size. *See* C.D. Cal. Civ. L.R. 11-3.1.1 ("A proportionally spaced face must be 14-point or larger").
[2] This citation refers to the page 3 that precedes the Table of Contents.

-1-
FANNIE MAE'S REPLY IN SUPPORT OF MOTION TO DISMISS            CASE NO. CV 11-07692 CAS(CWx)
SECOND AMENDED CLASS ACTION COMPLAINT

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

"Edwards Compl."),[3] and an August 9, 2010 article published on a web site called "The Cutting Edge News." *Compare* Opp. at 1-7, *with* Edwards Compl. ¶¶8, 25-33, 122-139, 143-145; Opp. at 3,[4] 7-9, *with* Michael Hudson, "Whistleblower Charges Fannie Mae Bungled HAMP Anti-Foreclosure Program," The Cutting Edge News (Aug. 9, 2010).[5]

None of Plaintiffs' new arguments[6] provide any reason why the Court should now sustain the contract-based claims that it previously dismissed after consideration of essentially the same opposition brief. Plaintiffs have not cited any new legal authorities or provided any additional arguments in support of their assertion that they are third-party beneficiaries of the Servicer Participation Agreements ("SPAs") entered into between Plaintiffs' servicers (the co-defendants here) and Fannie Mae on behalf of the Department of Treasury ("Treasury"). Plaintiffs therefore rely upon exactly the same arguments that were rejected by this Court in ruling upon Fannie Mae's previous motion to dismiss. This Court and others have repeatedly rejected similar attempts by borrowers to assert contract-related claims based on denials of mortgage modifications through HAMP, and the Court should do so again here.

---

[3] The *Edwards* complaint is appended as Exhibit 5 to the Declaration of P. Patty Li in Support of Defendant Federal National Mortgage Association's Motion to Dismiss Second Amended Class Action Complaint (the "Li Declaration") that was filed with the Court on April 19, 2012. The *Edwards* complaint is also available on CM/ECF for the United States District Court for the District of Columbia at https://ecf.dcd.uscourts.gov/cgibin/ login.pl.
[4] This citation refers to the page 3 that follows the Table of Contents.
[5] This article is available at http://www.thecuttingedgenews.com/index.php?article =12460.
[6] To the extent that the new material in the Opposition consists of factual allegations in support of Plaintiffs' claims in the SAC, such allegations should have been included in the SAC, and the Court should disregard these allegations in ruling on the motion to dismiss. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis in original) (quotation marks and citation omitted)).

-2-

FANNIE MAE'S REPLY IN SUPPORT OF MOTION TO DISMISS  CASE NO. CV 11-07692 CAS(CWx)
SECOND AMENDED CLASS ACTION COMPLAINT

Nor have Plaintiffs offered any arguments in opposition to Fannie Mae's arguments that the "No Contract" and "Quiet Title" claims are improperly asserted against Fannie Mae, and are entirely lacking in merit. Plaintiffs have also failed to give any reason why the Court should not once again dismiss the "cause of action" for injunctive and declaratory relief, as Plaintiffs' arguments regarding this "cause of action" are identical to the arguments set forth in their opposition to Fannie Mae's motion to dismiss the First Amended Complaint.

The Court should thus dismiss all claims against Fannie Mae *with prejudice.* Despite having been given an opportunity to address the deficiencies noted in the Court's decision dismissing the First Amended Complaint, Plaintiffs have submitted the same opposition brief, plus several pages of new, but irrelevant, arguments copied directly from other sources, which are entirely lacking in legal authorities. Plaintiffs' Opposition demonstrates that Plaintiffs have not made a good-faith attempt to make efficient use of judicial resources and cure the defects in their previous pleadings.

## ARGUMENT

### I.     Plaintiffs' Contract-Related Claims Fail As A Matter Of Law

Plaintiffs assert contract-related claims against Fannie Mae for breach of the SPAs entered into between the servicer defendants and Fannie Mae on behalf of Treasury for non-GSE loans. Plaintiffs also assert breach of an implied covenant of good faith and fair dealing in those same SPAs. This Court previously dismissed identical claims against Fannie Mae, finding that Plaintiffs "have not alleged facts showing that they have standing to enforce the SPAs." *See* Civil Minutes re: Defendants' Motion to Dismiss (Dkt. 134) (March 12, 2012) ("Order on Motion to Dismiss First Amended Complaint"), at 9. These claims should once again be dismissed because Plaintiffs are not third-party

beneficiaries of the SPAs. These claims also fail because Plaintiffs have not alleged any breach by Fannie Mae.

### A. Plaintiffs Are Not Third-Party Beneficiaries Of Servicers' Contracts With The Government

Plaintiffs have no right to sue to enforce the SPA contracts because Plaintiffs are neither parties to, nor intended third-party beneficiaries of, the SPA contracts. As discussed in Fannie Mae's opening brief (Mot. Dismiss at 9-14), federal courts in the Ninth Circuit and across the country examining breach of contract claims in HAMP cases have consistently ruled that borrowers are not intended beneficiaries of the SPAs. Plaintiffs have not set forth any new legal authorities or arguments regarding their alleged third-party beneficiary status that they did not already offer in their previous opposition brief. The Court should once again find that Plaintiffs are not entitled to relief under this theory.

Plaintiffs do not dispute that the SPA itself lacks any indication that borrowers are intended third-party beneficiaries with enforceable rights. Indeed, as Plaintiffs admit, the SPA does not even require lenders to modify borrowers' loans.[7] *See* Opp. at 18. Plaintiffs point instead to the fact that the SPA incorporates the HAMP Guidelines issued by Treasury. *See id.* But the HAMP Guidelines make clear that lenders enjoy significant discretion over when—and even whether—to modify mortgages. *See* Mot. Dismiss at 13. This discretion "precludes eligible borrowers from reasonably relying on the SPA as granting

---

[7] A representative SPA with CitiMortgage, Inc. ("SPA") is appended as Exhibit 2 to the Li Declaration.

-4-

FANNIE MAE'S REPLY IN SUPPORT OF MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPLAINT

CASE NO. CV 11-07692 CAS(CWx)

them a right to force a loan modification through a legal action." *Edwards v. Aurora Loan Servs., LLC*, 791 F. Supp. 2d 144, 152 (D.D.C. 2011).[8]

In support of their third-party beneficiary theory, Plaintiffs continue to rely on the same three federal cases[9] that they previously cited, all of which have been discredited. First, Plaintiffs quote extensively from *County of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237 (9th Cir. 2009). *See* Opp. at 11-17. However, as pointed out in Fannie Mae's motion to dismiss the First Amended Complaint, that decision was overturned by the United States Supreme Court last term. *See Astra USA, Inc. v. Santa Clara Cnty.,* 131 S. Ct. 1342, 1345, 1348, 179 L. Ed. 2d 457, 464, 466 (2011) (reversing Ninth Circuit and holding that county-operated medical facilities claiming to be third-party beneficiaries of pricing agreements between the government and drug manufacturers could not enforce agreements and reasoning that because the facilities "may not sue under the statute, it would make scant sense to allow them to sue on a form contract implementing the statute"). As discussed in Fannie Mae's opening brief (Mot. Dismiss at 11-12), the Seventh Circuit recently recognized the impact of the Supreme Court's *Astra* ruling on HAMP litigation, finding that courts have "correctly applied" that decision in dismissing claims for HAMP

---

[8] Nor can Plaintiffs contend that they are intended third-party beneficiaries of the SPAs because of an alleged private right of action under HAMP. Numerous district courts, including this one, have held that there is no such private right of action. *See Preciado v. Ocwen Loan Servicing*, No. CV 11-1487 CAS (VBKx), 2011 U.S. Dist. LEXIS 32279, at *3 (C.D. Cal. Mar. 18, 2011) ("it is well established that there is no private right of action under HAMP" (quotation marks and citation omitted)).

[9] The state-law authorities cited by Plaintiffs are also unavailing. *See* Opp. at 19-20. As Plaintiffs correctly note elsewhere in their Opposition, federal common law governs the interpretation of contracts, like the SPAs, to which the government is a party. *See* Opp. at 13; *GECCMC 2005-C1 Plummer St. Office Ltd. P'ship v. JPMorgan Chase Bank Nat'l Ass'n*, 671 F.3d 1027, 1033 (9th Cir. 2012); SPA § 11(A) ("The Agreement shall be governed by and construed under Federal law and not the law or any state or locality, without reference to or application of the conflicts of law principles.").

-5-

FANNIE MAE'S REPLY IN SUPPORT OF MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPLAINT

CASE NO. CV 11-07692 CAS(CWx)

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

modifications based on the theory that borrowers are third-party beneficiaries of the SPAs. *Wigod v. Wells Fargo Bank, N.A.*, No. 11-1423, 2012 WL 727646, at *5 n.4 (7th Cir. Mar. 7, 2012).

Plaintiffs also continue to rely on *Marques v. Wells Fargo Home Mortgage, Inc.*, No. 09-cv-1985-L(RBB), 2010 U.S. Dist. LEXIS 81879 (S.D. Cal. Aug. 12, 2010), but, in finding the plaintiff borrower was an intended beneficiary of an SPA contract, *Marques* too relied on the Ninth Circuit's now-reversed decision in *Astra*. *See Marques*, 2010 U.S. Dist. LEXIS at *12, *15. The holding in *Marques*, moreover, stands in stark contrast to the overwhelming majority of decisions that have concluded that borrowers are not intended third-party beneficiaries of their servicers' SPA agreements. *See, e.g.*, *Omega v. Wells Fargo & Co.*, No. C 11-02621 JSW, 2011 U.S. Dist. LEXIS 103928, at *10 (N.D. Cal. Sept. 14, 2011) (siding with "many district courts in the Ninth Circuit" to hold that borrowers were not intended third-party beneficiaries of SPA contract); *Ottolini v. Bank of Am.*, No. C-11-0477 EMC, 2011 U.S. Dist. LEXIS 92900, at *27-29 (N.D. Cal. Aug. 19, 2011) (siding with "majority of courts" to hold that borrower was not intended third-party beneficiary of SPA contract and noting that *Marques* is "clearly in the minority").

Finally, Plaintiffs' reliance on *Reyes v. Saxon Mortgage Services, Inc.*, No. 09cv1366 (WMC), 2009 U.S. Dist. LEXIS 125235 (S.D. Cal. Nov. 5, 2009), is once again misplaced. In *Reyes*, when faced with the simple pleading question whether the plaintiff had alleged that "he [was] an intended beneficiary of the [SPA]," the court permitted the claim to proceed beyond a motion to dismiss with only cursory comments. *Id.* at *5-6. But, after conducting more extensive legal analysis, the same judge ruled in a later case that borrowers are *not* intended third-party beneficiaries of SPA contracts and granted a motion to

dismiss on that basis. *See Villa v. Wells Fargo Bank, N.A.*, No. 10CV81 DMS (WVG), 2010 U.S. Dist. LEXIS 23741, at *5-7 (S.D. Cal. Mar. 15, 2010).[10]

### B. Plaintiffs Have Failed To Allege Breach By Fannie Mae

Plaintiffs' contract-related claims also fail because Plaintiffs have not alleged the breach of any contract-based duty *owed by Fannie Mae under the SPAs* to Plaintiffs. *See Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821, 124 Cal. Rptr. 3d 256, 263 (2011) (elements of breach of contract claim). Rather, Plaintiffs' theory is that *the servicers* breached the SPAs by failing to modify Plaintiffs' mortgages. There is no allegation that *Fannie Mae* breached the SPAs in any way, shape, or form. As Plaintiffs now acknowledge, the SPA sets forth obligations of Fannie Mae (as Treasury's agent) *to the servicers* who make the HAMP determinations on borrowers' loans. *See* Opp. at 20-21. Under the SPA, Fannie Mae must make payments *to servicers*, and only when certain conditions are met. *See* SPA §§ 4(A)-(E). But as discussed in Fannie Mae's opening brief (Mot. Dismiss at 15), the SPA does not contain, and Plaintiffs do not allege, any contractual duties owed by Fannie Mae to *borrowers* that could have been breached in this case. *See* SAC at 50-51. Though Plaintiffs allege in the Opposition, but not in the SAC, that servicers

---

[10] Plaintiffs once again assert in their Opposition, but not in the SAC, that the alleged breach by Fannie Mae "serves the basis for a claim of unfair competition," Opp. at 21-22, under California's Unfair Competition Law. *See* Cal. Bus. & Prof. Code § 17200 *et seq.* Apart from the fact that Plaintiffs have failed to allege either a breach or a contractual relationship between themselves and Fannie Mae (*see supra* Part I), Plaintiffs' unfair competition theory cannot save their failed complaint for at least two reasons. First, in determining the instant 12(b)(6) motion, the court "*may not* look beyond the complaint to a plaintiff's" opposition. *Broam*, 320 F.3d at 1026 n.2 (emphasis in original) (quotation marks and citation omitted). Second, Plaintiffs have not stated how an alleged simple breach of contract could rise to the level of an "unfair" business practice under § 17200. *See Unique Functional Prods., Inc. v. JCA Corp.*, No. 9-cv-265-JM-MDD, 2012 U.S. Dist. LEXIS 13457, at *15 (S.D. Cal. Feb. 3, 2012) ("Were the court to rule that a simple breach of contract could form the basis for a § 17200 claim, then virtually every contract action could be converted into a business tort.").

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

allegedly breached the implied covenant of good faith and fair dealing[11] contained in Trial Period Plan agreements that Plaintiffs allegedly entered into after requesting HAMP modifications, this allegation cannot establish a breach by *Fannie Mae* because Plaintiffs do not allege that Fannie Mae was even a party to these agreements. *See* Opp. at 4-5[12] ("The form contract that lies at the heart of this case, known as the Trial Period Plan ('TPP') Agreement, draws on HAMP as the source of its governing principles. Plaintiffs executed a binding TPP Agreement with Defendants Carnegie; Citi; WAMU; Chase; BOA; Wells Fargo and Indymac . . . .").

Furthermore, because Plaintiffs have still never pled that they executed Trial Period Plan agreements or that alleged breaches of these agreements are the basis for any of their contract-based claims—despite having received a new opportunity to amend their complaint—the Court should disregard this new allegation in its entirety in ruling on the motion to dismiss. *See Broam*, 320 F.3d at 1026 n.2 (in ruling on a motion to dismiss "a court *may not* look beyond the complaint to a plaintiff's moving papers" (emphasis in original) (quotation marks and citation omitted)); SAC at 21 ("[A]lthough the Representative Plaintiffs meet the minimum HAMP eligibility requirements, Carnegie, Citi; WAMU, Chase; BOA; Wells Fargo and Indymac . . . did not offer either a trial period modification or a permanent modification."); *id.* at 48 (excluding from class definition "borrowers . . . who otherwise fit the class definition but have received a trial or permanent HAMP modification"); *id.* at 49-50 ("Breach of Contract") (naming only SPA agreement in discussing breach of contract claim); *id.* at 51-52 ("Breach of Covenant of Good Faith and Fair Dealing") (naming only SPA agreement in discussing implied-covenant claim).

---

[11] Once again, Plaintiffs' allegations regarding breach of the implied covenant of good faith and fair dealing appear to be limited to defendant BAC. *See* Opp. at 22-23.
[12] This citation refers to the pages 4-5 that precede the Table of Contents.

-8-

## II. Plaintiffs' "Quasi Contract" And "No Contract" Claims Fail As A Matter Of Law

Plaintiffs do not offer any arguments in defense of their "Quasi Contract" or "No Contract" claims, in apparent recognition that the SAC makes no allegations tying Fannie Mae to the alleged misconduct at the center of these claims—namely, that Servicer Defendants wrongfully collected mortgage payments from Plaintiffs, and that Plaintiffs were deceived into participating in "mortgage contracts" with Defendants. *See* SAC 60-61, 63. As discussed in Fannie Mae's opening brief (Mot. Dismiss at 2, 15-17), the Court should dismiss these claims because Plaintiffs did not seek leave from the Court to file these new claims against Fannie Mae, and because the SAC fails to plausibly allege that Fannie Mae had any involvement in the alleged wrongdoing. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## III. Plaintiffs' Claim For Injunctive And Declaratory Relief Should Be Dismissed

Plaintiffs have not given any reason why their "cause of action" seeking declaratory and injunctive relief should not be dismissed. This Court previously dismissed this "cause of action," finding that the "claim" was "not cognizable" because "'declaratory and injunctive relief are prayers for relief, not causes of action.'" Order on Motion to Dismiss First Amended Complaint, at 11 (quoting *Canales v. Federal Home Loan Mortg. Corp.*, No. CV 11-2819 PSG (VBKx), 2011 WL 3320478, at *10 (C.D. Cal. Aug. 1, 2011) and citing *Jenkins v. MCI Telcoms. Corp.*, 973 F. Supp. 1133, 1139 n.10 (C.D. Cal. 1997)).

1   As Fannie Mae argued in its opening brief (Mot. Dismiss at 18-19), Plaintiffs' request for injunctive relief is "a remedy, not a claim in and of itself," and thus provides no independent basis for recovery. *Khan v. GMAC Mortg., LLC*, No. 2:10-cv-00900-GEB-JFM, 2010 U.S. Dist. LEXIS 71238, at *15 (E.D. Cal. June 30, 2010). This cause of action also fails because the requested relief—a determination of the validity of the loan documents and notes for Plaintiffs' properties and of "Defendants' rights to proceed with non-judicial foreclosures," *see* SAC at 64; Opp. at 24—is merely duplicative of the relief sought in the other insufficiently-pled claims against Fannie Mae. *See Khan*, 2010 U.S. Dist. LEXIS 71238, at *16-17 (dismissing declaratory relief claim where "Plaintiffs' allegations do not suggest a declaratory judgment will entitle them to any relief beyond that requested in their other claims").

Plaintiffs once again respond by citing the same cases they previously cited, which deal with claims arising under the Declaratory Judgment Act. *See* Opp. at 23-25. However, an action under the Declaratory Judgment Act requires a "substantial controversy, between the parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Macris v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 10633, at *18 (E.D. Cal. Jan. 30, 2012) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 826 (1941)). The failure of the SAC to state a claim against Fannie Mae demonstrates the absence of any controversy that would entitle Plaintiffs to declaratory relief. *See id.* at *19 (in case alleging wrongful foreclosure, dismissing claim for declaratory relief seeking a determination of title to property because "the failure of the complaint's claims . . . demonstrates the absence of an actual controversy subject to declaratory relief").

**Wilmer Cutler Pickering Hale and Dorr LLP**
**350 South Grand Avenue, Suite 2100**
**Los Angeles, CA 90071**

-10-

FANNIE MAE'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

CASE NO. CV 11-07692 CAS(CWx)


## IV. Plaintiffs Should Not Be Permitted To Amend Their Complaint A Third Time

This Court previously dismissed all claims against Fannie Mae, and it should dismiss all claims asserted in the SAC against Fannie Mae *with prejudice*. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987) ("a district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint") (citations and internal quotation marks omitted). Plaintiffs have failed to cure the defects in their complaint despite multiple opportunities to amend, and have made no serious attempt to argue the merits of the SAC, as distinguished from the previous complaint dismissed by the Court. As discussed in Fannie Mae's opening brief (Mot. Dismiss at 8, 19), it is appropriate for a court to dismiss a complaint with prejudice "in light of [plaintiffs'] repeated failure to cure the deficiencies" in the complaint. *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (dismissal of second amended complaint with prejudice was not abuse of discretion) (citations and internal quotation marks omitted). Because Plaintiffs have not yet managed to assert viable claims against Fannie Mae, any additional amendment would be futile, and leave to amend is properly denied. *See* Fed. R. Civ. P. 15(a)(2); *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend is properly denied where amendment would be futile).

## CONCLUSION

For the foregoing reasons and the reasons stated in Fannie Mae's Motion to Dismiss, the Second Amended Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim and leave to amend should be denied.

Dated: May 7, 2012                         Respectfully submitted,

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

<2>

<3>
WILMER CUTLER PICKERING
HALE AND DORR LLP
By: /s/ P. Patty Li
P. Patty Li
Matthew D. Benedetto
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

Noah Levine (admitted *pro hac vice*)
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

*Attorneys for Defendant Federal National Mortgage Association*

FANNIE MAE'S REPLY IN SUPPORT OF MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPLAINT

CASE NO. CV 11-07692 CAS(CWx)