1 | James W. McGarry (*Pro Hac Vice*)
*jmcgarry@goodwinprocter.com*
2 | **GOODWIN PROCTER LLP**
53 State Street
3 | Boston, MA  02109
Tel.: 617.570.1000
4 | Fax: 617.523.1231

5 | Seth M. Goldstein (SBN 232071)
*sgoldstein@goodwinprocter.com*
6 | **GOODWIN PROCTER LLP**
601 S Figueroa Street, 41st Floor
7 | Los Angeles, CA  90017
Tel.: 213.426.2500
8 | Fax: 213.623.1673

9 |
Attorneys for Defendant
10 | **BANK OF AMERICA, N.A.**
(Erroneously sued as Bank of America)
11 |

12 | **UNITED STATES DISTRICT COURT**

13 | **CENTRAL DISTRICT OF CALIFORNIA**

14 | **WESTERN DIVISION**

15 | Jose Luis Rosas; Steven Zivanic; | Case No. 2:11-CV-07692-CAS (CWx)
Yvonne Zivanic; Fernando Hinnaoui;
16 | Martha V. Hinnaoui, Sandra Enshiwat; | **REPLY IN SUPPORT OF MOTION**
Ali Reza Amirjalaly; Kian Kamrani on | **TO DISMISS SECOND AMENDED**
17 | behalf of themselves and all others | **CLASS ACTION COMPLAINT;**
similarly situated, | **MEMORANDUM OF POINTS AND**
18 | | **AUTHORITIES IN SUPPORT**
| **THEREOF**
19 | Plaintiffs, |

20 | vs. | Date:     May 21, 2012
| Time:     10:00 a.m.
21 | CitiMortgage, Inc.; Washington Mutual | Place:    Courtroom 5, 2nd Floor
Bank, F.A.; JP Morgan Chase Bank, |          Spring Street Courthouse
22 | N.A.; Bank of America; Federal
National Mortgage Association; | Judge:    Hon. Cristina A. Snyder
23 | Indymac Bank F.S.B.; Deutsche Bank
National Trust Company; Atlantic & | Date of Removal:  September 16, 2011
24 | Pacific Foreclosure Services; Wells | Date Action Filed:  August 17, 2011
Fargo Bank, N.A and DOES 1-10 | Trial Date:  None
25 | inclusive,

26 | Defendants.

27 |

28 |

REPLY ISO MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT
LIBA/2300180.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION.................................................................................................1

II.     ARGUMENT .....................................................................................................1

        A.    Plaintiffs Cannot Amend The SAC By Their Opposition. ................... 1

        B.    Plaintiffs' Contract-Based Claims Must Be Dismissed........................ 3

        C.    Plaintiffs' Claim For Violation Of California Civil Code
              Section 2923.5 Must Be Dismissed. ..................................................... 5

        D.    Plaintiffs Abandon Their Wrongful Foreclosure Claim. ...................... 6

        E.    Plaintiffs' Claim For Quiet Title Must Be Dismissed. ......................... 6

        F.    Plaintiff's Quasi-Contract Claim Must Be Dismissed.......................... 8

        G.    Plaintiffs' No Contract Claim Must Be Dismissed............................... 8

        H.    Plaintiffs' Declaratory/Injunctive Relief Claim Fails........................... 8

        I.    Leave To Amend Should Be Denied ..................................................... 9

III.    CONCLUSION ................................................................................................10

1    Defendant Bank of America, N.A. ("Bank of America") respectfully submits

2    this reply memorandum in support of its Motion to Dismiss The Second Amended

3    Complaint.  (ECF No. 158, the "Motion").

4    I.    **INTRODUCTION**

5         Plaintiffs' Opposition (ECF No. 164, "Opp." or "Opposition") merely

6    confirms that the Second Amended Complaint ("SAC") is legally meritless.  As an

7    initial matter, plaintiffs' positions are internally inconsistent, making it difficult to

8    determine what plaintiffs are arguing or what relief they are seeking.  For example,

9    plaintiffs argue that they have alleged the existence of contracts between themselves

10   and Bank of America (Opp. at 6-10), but then assert that there has been no valid

11   contract between the Hinnaouis and Bank of America (Opp. at 15, 18).  Further

12   complicating matters, the Opposition presents arguments in favor of claims that

13   were not set forth in the SAC or that have already been dismissed with prejudice.

14   Conversely, the Opposition fails to address arguments advanced in the Motion

15   (including, for example, that Plaintiff's Fourth Cause of Action (for wrongful

16   foreclosure) fails to state a claim), thereby conceding these points.  And even where

17   the Opposition responds to arguments that Bank of America actually made, it is

18   insufficient to save plaintiffs claims.

19        Accordingly, this Court should grant Bank of America's Motion without

20   leave to amend.

21   II.   **ARGUMENT**

22        A.    **Plaintiffs Cannot Amend The SAC By Their Opposition.**

23        Plaintiffs devote much of their Opposition to allegations that they did not

24   assert in the SAC.  They argue that Bank of America and the Hinnaouis entered into

25   a Trial Period Plan ("TPP"), a trial arrangement where the borrower makes reduced

26   monthly mortgage payments while the servicer reviews the borrower's financial

27   situation to determine whether the borrower qualifies for a permanent loan

28   modification under HAMP, and that Bank of America breached the TPP when it did

1

REPLY ISO MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT
LIBA/2300180.3

1    not permanently modify the Hinnaouis' loan.  Opp. at 4-11.  However, the SAC's

2    contract-based claims are based on alleged breaches of the HAMP Servicer

3    Participation Agreement ("SPA") Bank of America entered into with Fannie Mae; it

4    includes no allegations that Bank of America entered into a TPP with the Hinnaouis

5    or breached such an agreement.  Indeed, by the SAC, the Hinnaouis purport to

6    represent a class of borrowers that "[s]pecifically exclude[s]" borrowers that "have

7    received a trial or permanent HAMP modification from" Bank of America.  SAC at

8    48.

9          The Court should disregard plaintiffs' attempt to use their Opposition to state

10   claims based on an alleged breach of a TPP.  A "[p]laintiff cannot defend against a

11   motion to dismiss by relying on new allegations in [their] Opposition that are absent

12   from the current complaint."  *Nguyen v. JP Morgan Chase Bank*, No. SACV 11-

13   01908 DOC (ANx), 2012 WL 294936, at *3 (C.D. Cal. Feb. 1, 2012) (dismissing

14   breach of contract claim where the plaintiff acknowledged that original claim

15   relying on breach of HAMP was likely to fail, and instead attempted new theory of

16   liability under HAMP for the first time in opposition brief); *see also Broam v.

17   Bogan,* 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (holding that courts "'*may not* look

18   beyond the complaint to a plaintiff's moving papers, such as a memorandum in

19   opposition to a defendant's motion to dismiss'") (citation omitted) (emphasis in

20   original); *Davis v. Powell*, No. 10cv01891, 2011 WL 4344251, at *10 (S.D. Cal.

21   Aug. 9, 2011) (holding that "new allegation raised for the first time in Plaintiff's

22   Opposition" would not be considered in determining "sufficiency of the

23   Complaint"); *Monzon v. S. Wine & Spirits of California*, --- F. Supp. 2d ---, 2011

24   WL 2884884, at *4-5 (N.D. Cal. July 19, 2011) (refusing to consider new facts

25   introduced in plaintiff's opposition to motion to dismiss because they were not

26   alleged in plaintiff's complaint).

27

28

**B.**      **Plaintiffs' Contract-Based Claims Must Be Dismissed.**

This Court dismissed the FAC's claims against Fannie Mae for breach of contract and of the implied covenant "because plaintiffs do not have standing to enforce the SPAs between Fannie Mae and the other defendants," citing "[n]umerous" cases concluding that "mortgage loan borrowers do not have standing as 'intended' beneficiaries' of HAMP SPAs."  ECF 134 at 9.  As demonstrated in the Motion, the SAC does not remedy this defect.  Plaintiffs' contention that all borrowers whose loans are serviced by a servicer participating in HAMP are intended third-party beneficiaries of the servicer's SPA because HAMP is intended to assist borrowers is incorrect.  Opp. at 11.

Under federal law, "[p]arties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary."  *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210-11 (9th Cir. 2000) (noting that "[g]overnment contracts often benefit the public, but individual members of the public are treated as incidental beneficiaries unless a different intention is manifested").  Here, although the HAMP SPAs may benefit the public, they do not evidence a clear intent that individual borrowers be able to enforce them.  To the contrary, they state that they "shall inure to the benefit of … *the parties to the Agreement and their permitted successors-in-interest*."  (HAMP SPAs, § 11.E, *available at* https://www.hmpadmin.com//portal/programs/servicer.jsp, Bank of America SPA, § 11.E., attached to the concurrently-filed Declaration of Seth Goldstein ("Goldstein Decl.") as Exhibit 1), and provides a mechanism for resolving disputes only between Fannie Mae and the servicer.  (Bank of America SPA, § 7, Goldstein Decl., Ex. 1).  As a result, virtually every court has concluded that individual borrowers are not intended beneficiaries of the HAMP SPAs and therefore have no standing to enforce them.  *See, e.g., Preciado v. Ocwen Loan Servicing*, No. CV 11-1487 CAS (VBKx), 2011 WL 977819 (C.D. Cal. Mar. 18, 2011) (Snyder, J.); *Omega v. Wells Fargo &*

3

1  *Co.*, No. C 11-02621 JSW, 2011 WL 4345046, at \*4 (N.D. Cal. Sep. 14, 2011);

2  *Phipps v. Wells Fargo Bank, N.A.,* No. CV F 10-2025 LJO SKO, 2011 WL 302803,

3  at \*8-9 (E.D. Cal. Jan. 27, 2011); *Grill v. BAC Home Loans Servicing, LP*, No. 10-

4  CV-03057-FCD/GGH, 2011 WL 127891, at \*7 (E.D. Cal. Jan. 14, 2011); *Zendejas*

5  *v. GMAC Wholesale Mortg. Corp.*, No. 1:10-CV-00184 OWW GSA, 2010 WL

6  2629899, at \*3 (E.D. Cal. June 29, 2010). [1]  Even the judge who denied a motion to

7  dismiss a borrower's SPA-based breach of contract claim in *Reyes v. Saxon Mortg.*

8  *Servs., Inc.*, No. 09cv1366 DMS (WMC), 2009 WL 3738177, (S.D. Cal. Nov. 5,

9  2009), subsequently reversed course and dismissed identical claims.  *See Wilson v.*

10  *GMAC Mortg. LLC,* No. 10CV2559 DMS (NLS), 2010 WL 5387829,  at \*1 (S.D.

11  Cal. Dec. 22, 2010); *Villa v. Wells Fargo Bank, N.A.*, No. 10CV81 DMS (WVG),

12  2010 WL 935680 (S.D. Cal. Mar. 15, 2010).

13

14

---

15  [1] *See* Motion at 6; *Hammonds v. Aurora Loan Servs. LLC*, No. EDCV 10-1025
AG (OPx), 2010 WL 3859069, at \*2-3 (C.D. Cal. Sept. 27, 2010); *Nguyen v. BAC*
16  *Home Loan Servs., LP*, No. C-10-01712-RMW, 2010 WL 3894986, at \*4-6 (N.D.
Cal. Oct. 1, 2010); *Wright v. Bank of America, N.A.*, No. CV 10-01723 JF (HRL),
17  2010 WL 2889117, at \*3-5 (N.D. Cal. July 22, 2010); *Hoffman v. Bank of America,*
*N.A.*, No. C 10-2171 SI, 2010 WL 2635773, at \*3-5 (N.D. Cal. June 30, 2010);
18  *Simmons v. Countrywide Home Loans, Inc.*, No. 09 cv 1245 JAH (JMA), 2010 WL
2635220, at \*2-5 (S.D. Cal. June 29, 2010); *Burtzos v. Countrywide Home Loans*,
19  No. 09-CV-2027W (WMC), 2010 WL 2196068, at \*2 (S.D. Cal. June 1, 2010);
*Lucero v. Countrywide Bank N.A.*, No. 09cv1742 BTM (BLM), 2010 WL 1880649,
20  at \*3-4 (S.D. Cal. May 10, 2010); *Villa v. Wells Fargo Bank, N.A.*, 2010 WL
935680, at \*2-3; *Escobedo v. Countrywide Home Loans, Inc.*, No. 09cv1557 BTM
21  (BLM), 2009 WL 4981618, at \*2-3 (S.D. Cal. Dec. 15, 2009); *Joern v. Ocwen Loan*
*Servicing*, LLC, No. CV-10-0134-JLQ, 2010 WL 3516907, at \*5 (E.D. Wash. Sept.
22  2, 2010); *Vazquez v. Bank of America Home Loans, et al.,* No. 2:10-cv-00116-PMP-
RJJ, 2010 WL 3385347, at \*1 (D. Nev. Aug. 23, 2010); *Simon v. Bank of America,*
23  *N.A.*, No. 10-cv-00300-GMN-LRL, 2010 WL 2609436, at \*10 (D. Nev. June 23,
2010); *Marks v. Bank of America, N.A.*, No. 03:10-cv-08039-PHX-JAT, 2010 WL
24  2572988, at \*2-5 (D. Ariz. June 22, 2010); *Benito v. IndyMac Mortgage Services*,
No. 2:09-CV-001218-PMP-PAL, 2010 WL 2130648, at \*7-8 (D. Nev. May 21,
25  2010); *Speleos v. BAC Home Loans Servicing, L.P.*, No. 10-11503, 2010 WL
5174510, at \*3-5 (D. Mass. Dec. 14, 2010); *McKensi v. Bank of America, N.A.*, No.
26  09-11940-JGD, 2010 WL 3781841, at \*5-6 (D. Mass. Sept. 22, 2010).

27

28

REPLY ISO MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT
LIBA/2300180.3

1    Neither California state court case cited by Plaintiffs requires a different result

2    here.  *Shell v. Schmidt*, 126 Cal. App. 2d 279 (1954) is distinguishable.  There, the

3    defendant was a building contractor who had entered into an agreement with the

4    government under which he received certain priorities and agreed in return to build

5    homes with required specifications for sale to war veterans, and plaintiffs were

6    veterans who had purchased homes built by the contractor.  Because the legislation

7    under which the agreement was made included a provision empowering the

8    government to obtain payment of monetary compensation by the contractor to the

9    purchasers for deficiencies resulting from failure to comply with the specifications,

10   the Court concluded the veterans were entitled to recover directly from the

11   defendant contractor as third party beneficiaries of the agreement.  HAMP includes

12   no similar provision empowering the government to obtain payment of

13   compensation from servicers to borrowers.

14        *Martinez v. Socoma Cos., Inc.*, 11 Cal. 3d 394 (1974), actually supports Bank

15   of America's position. There, the California Supreme Court concluded that

16   individual job-seekers were not third-party beneficiaries of contracts between the

17   government and employers under which the employers had agreed to provide job

18   training and employment, explaining that the contracts sought to further "a larger

19   public purpose" – reducing unemployment rather than merely providing jobs to

20   particular individuals.  *Id.* at 401.  Similarly, HAMP's purpose was to stabilize the

21   housing market rather than merely providing loan modifications to particular

22   individuals.

23        **C.    Plaintiffs' Claim For Violation Of California Civil Code Section
              2923.5 Must Be Dismissed.**

24

25        Bank of America's Motion demonstrated that the Hinnaouis' Section 2923.5

26   claim must be dismissed for four independent reasons: (1) there is no private right of

     action under Section 2923.5; (2) the Hinnaouis do not – and could not – allege that

27

     Bank of America or its agents failed to attempt to contact them before filing the

28

REPLY ISO MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT
LIBA/2300180.3

1    Notice of Default; (3) the Hinnaouis fail to allege any of the details necessary to

2    demonstrate a violation of Section 2923.5; and (4) the Hinnaouis' own allegations

3    that they tried to obtain a loan modification and submitted an application negate the

4    claim.  (Motion at 6-8.)  In response, plaintiffs offer only the false contention that

5    Section 2923. 5 requires a lender to have contacted the borrower prior to recording a

6    notice of default.  As demonstrated in the Motion, however, the statute requires only

7    that the lender have attempted to do.  *See* Civ. Code § 2923.5(a) & (g); *see also*

8    *Curtis v. Option One Mortg. Corp.*, 2010 WL 599816, *11 (E.D. Cal. Feb. 18,

9    2010).  If, despite making the attempts required by the statute, the beneficiary or its

10   agent cannot make contact with the borrower, it may record a notice of default

11   including a declaration that it "has tried with due diligence to contact the borrower

12   as required by this section."  Civ. Code § 2923.5(b).  This is precisely what occurred

13   here.  RJN, Ex. 3 (ECF No. 159-3); *see, e.g., Wienke v. Everhome Mortg. Co.*, No. C

14   10-CV-05943 NJV, 2011 U.S. Dist. LEXIS 18821 (N.D. Cal. Feb. 11, 2011).

15   Moreover, even if the statute required actual contact, the claim fails for the other

16   reasons identified above.  The Hinnaouis' Third Cause of Action must be dismissed.

17        **D.      Plaintiffs Abandon Their Wrongful Foreclosure Claim.**

18        As noted above, the Opposition does not respond to the Motion to the extent it

19   seeks dismissal of the SAC's wrongful foreclosure claim (Fourth Cause of Action).

20   Plaintiffs' failure to do so effectively consents to the dismissal of this claim.  *See,*

21   *e.g., Tacci v. City of Morgan Hill*, No. C-11-04684 RMW, 2012 WL 195054, at *8

22   (N.D. Cal. Jan. 23, 2012) (dismissing claim because plaintiff's opposition failed to

23   respond to motion's argument); *Melika, Inc. v. Bank of America Corp.,* No. CV 11-

24   00825 DDP (RZx), 2011 WL 4529354, at *1 (C.D. Cal. Sept. 30, 2011) (same).

25        **E.      Plaintiffs' Claim For Quiet Title Must Be Dismissed.**

26        Bank of America's Motion demonstrated that the Hinnaouis' quiet title claim

27   must be dismissed because (1) the Hinnaouis' do not allege tender or that they have

28   paid the debt owed on the Property; and (2) their unverified complaint fails to

6
REPLY ISO MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT
LIBA/2300180.3

1   specify the purported "adverse claims" or to identify which defendants have such

2   interests.

3        Plaintiffs contend that tender is not required "where the foreclosing party can

4   offer no evidence that it is authorized to foreclose"[2] (Opp. at 21), but California law

5   is clear that a borrower plaintiff cannot quiet title to land without first discharging

6   the debt owed.  *See Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974); *Leonard v.*

7   *Bank of America Ass'n*, 16 Cal. App. 2d 341, 344 (1936); *see also Aguirre v. Cal-*

8   *Western Reconveyance Corp.*, 2012 WL 273753, at *5 (C.D. Cal. Jan. 30, 2012)

9   (Snyder, J.) (dismissing quiet title claim for failure to allege tender); *Gill v. Wells*

10  *Fargo Bank, N.A*, No. 1:11-cv-00218 OWW GSA, 2011 WL 2470678, at *5 (E.D.

11  Cal. July 20, 2011) (dismissing quite title claim "because Plaintiffs have failed to

12  tender the full amount owed on their loan, which they must do before seeking

13  redress from a trustee's sale"); *Mickissack v. Wells Fargo Home Mortg.*, No. 09-

14  CV-1932 JLS (WMc), 2010 U.S. Dist. LEXIS 69132, at *22 (S.D. Cal. July 12,

15  2010) ("California court[s] have clearly held that a plaintiff cannot quiet title in his

16  property 'without discharging his mortgage debt.  The cloud upon his title persists

17  until the debt is paid.'").  Moreover, California courts have universally rejected

18  plaintiffs' "show-me-the-note" theory that Bank of America must somehow prove

19  its ownership of the Note to foreclose.  *See, e.g., Cuaresma v. Deutsche Bank Nat'l*

20  *Co., et al.*, No. C-11-03829 RMW, 2011 U.S. Dist. LEXIS 116507, at *10 (N.D.

21  Cal. Oct. 7, 2011); *Legrama v. Fremont Inv. & Loan*, No. C 10-02945 MEJ, 2010

22  WL 5071600, at *14 (N.D. Cal. Dec. 7, 2010); *Ritchie v. Cmty. Lending Corp.,* No.

23  09-2484, 2009 U.S. Dist. LEXIS 73216, at *20 (C.D. Cal. Aug. 12, 2009).

24

25

26      [2] Plaintiffs cite *Mabry v. Aurora Loan Services,* 185 Cal.App. 4th 208 (2010)*,* in
    support of this argument, but *Mabry* addressed tender in the context of Section
27  2923.5, where the only relief available is postponement of a foreclosure sale, rather
    than in the context of a quiet title claim.
28

REPLY ISO MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT
LIBA/2300180.3

**F.** **Plaintiff's Quasi-Contract Claim Must Be Dismissed**

Bank of America's Motion demonstrated that the Hinnaouis' quasi-contract claim must be dismissed because: (1) it is, in fact, a claim for unjust enrichment, which California does not recognize as an independent cause of action; and (2) it is precluded by the existence of an express agreement – the Deed of Trust – covering the same subject matter between the parties.

The Opposition fails to respond to the first of these points. With respect to the second, it asserts that there is no valid contract between the Hinnaouis and Bank of America and that Bank of America has failed to offer documents evidencing such a contract. As is clear from the Deed of Trust and the Assignment (RJN, Exs. 1 & 2 (ECF No. 159-1 & -2)), this assertion is obviously false. The Hinnaouis' Sixth Cause of Action must be dismissed.

**G.** **Plaintiffs' No Contract Claim Must Be Dismissed**

Bank of America's Motion demonstrated that plaintiffs' fraud claim in the guise of a cause of action for "no contract" must be dismissed for three independent reasons: (1) Bank of America was not the Hinnaouis' original lender and cannot be vicariously liable for its predecessor's torts without an agreement so stating; (2) the Hinnaouis have not alleged tender and thus cannot rescind the contract until they do so; and (3) the Hinnaouis have failed to plead the claim with the particularity required by Federal Rule of Civil Procedure 9(b). (Motion at 18-21). The Opposition fails to respond to these points, only repeating the SAC's allegations that Bank of America fraudulently induced them to enter into a loan agreement even though Bank of America had nothing to do with the origination of the loan. Opp. at 18-19. Thus, the Hinnaouis' no-contract claim must be dismissed.

**H.** **Plaintiffs' Declaratory/Injunctive Relief Claim Fails.**

The Declaratory Judgment Act "is procedural only," "is not a theory of recovery," and "merely offers an *additional remedy* to litigants." *Adesokan v. U.S. Bank, N.A.*, No. 1:11–cv–01236–LJO–SKO, 2012 WL 395969, at *7 (E.D. Cal. Feb.

8

7, 2012) (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240 (1937);

*Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.*, 41 F.3d 764, 775 (1st Cir.

1994); and *Nat'l Union Fire Ins. Co. v. Karp,* 108 F.3d 17, 21 (2d Cir. 1997)).  The

Act requires a district court to "inquire whether there is a case of actual controversy

within its jurisdiction." *Am. States Ins. Co. v. Kearns,* 15 F.3d 142, 143 (9th Cir.

1994).  The question is whether there is a "substantial controversy, between parties

having adverse legal interests, of sufficient immediacy and reality to warrant the

issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S.

270, 273 (1941) (citing *Aetna Life Ins. Co.*, 300 U.S. at 239–42).  Because

Plaintiffs' declaratory/injunctive relief claim seeks determination of the same issues

and the same remedies as their other claims, it fails for the same reasons that – as

demonstrated in the Motion and above – those claims fail.  *Adesokan,* 2012 WL

395969, at *7.

### I.    <u>Leave To Amend Should Be Denied</u>

By their Opposition, Plaintiffs request leave to amend the SAC as to the

limited issue of whether Plaintiffs have adequately alleged facts to support "the legal

conclusion that moving Defendants are state actors for the purposes of HAMP."

Opp. at 25.  This request is improper, both because it relates to claims that have

already been dismissed with prejudice and because it violates the Court's rules.  *See*

L.R. 15-1 ("Any proposed amended pleading must be electronically filed as a

document separate from a related motion or stipulation."); *see also Ochiai v.*

*Regents of Univ. of California*, No. CV 09-07248 ODW (Ex), 2009 WL 4403312, at

*3, n.2 (C.D. Cal. Dec. 1, 2009) (denying plaintiff's request for leave to amend

because it was improperly requested in opposition motion, and needed to be

formally requested pursuant to Local Rule 15-1).

The Court should also deny Plaintiffs' request for leave to amend on the

merits, as any such amendment would be futile. *Johnson v. Buckley*, 356 F.3d 1067,

1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend.");

REPLY ISO MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT
LIBA/2300180.3

1   *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not

2   err in denying leave to amend where the amendment would be futile… or where the

3   amended complaint would be subject to dismissal.").  Plaintiffs have already

4   amended their claims twice, but, as evidenced by the incoherence of their self-

5   contradicting Second Amended Complaint and Opposition, are unable to state a

6   cognizable claim for relief against  Bank of America.  The Court should dismiss the

7   SAC in its entirety without leave to amend.

8   **III.**   **CONCLUSION**

9       For all of these reasons, as well as those set forth in the Motion, Defendant

10   respectfully requests that the Court grant its Motion, and dismiss the SAC with

11   prejudice.

12

13

14   Dated:  May 7, 2012                Respectfully submitted,

15

16                           By:  /s/ Seth M. Goldstein
                              James W. McGarry (*Pro Hac Vice*)

17                               *jmcgarry@goodwinprocter.com*
                              Seth M. Goldstein (SBN 232071)

18                               *sgoldstein@goodwinprocter.com*
                              **GOODWIN PROCTER LLP**

19

20                               Attorneys for Defendant
                              **BANK OF AMERICA, N.A.**

21

22

23

24

25

26

27

28

REPLY ISO MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT
LIBA/2300180.3

**PROOF OF SERVICE**

1

2    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 601 S Figueroa St., 41st Floor, Los Angeles, CA  90017.

3

4    On **May 7, 2012**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

5    **REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

6

7

8    | Christopher G. Weston | Counsel for Plaintiffs and The Class Members: *Jose Luis Rosas; Steven Zivanic; Yvonne Zivanic; Fernando Hinnaoui; Martha V. Hinnaoui; Sandra Enshiwat; Ali Reza Amirjalaly and Kian Kamrani* |
WESTON LAW CONNECTION CORP.

9    4311 Wilshire Boulevard, Suite 615
Los Angeles, CA 90010

10                                                   Tel:   323.936.0815
                                                     Fax:   323.936.0700
11                                                   Email: wlconnection@aol.com

12   Motaz M. Gerges                                 Counsel for Plaintiff and The Class
     MOTAZ M. GERGES LAW OFFICES                     Members: *Jose Luis Rosas; Steven
13   15315 Magnolia Blvd., Suite 429                 Zivanic; Yvonne Zivanic; Fernando
     Sherman Oaks, CA  91403                         Hinnaoui; Martha V. Hinnaoui;
14                                                   Sandra Enshiwat; Ali Reza Amirjalaly
                                                     and Kian Kamrani*
15                                                   Tel:   818.386.0000
                                                     Fax:   818.380.0100
16                                                   Email: mgerges@aol.com

17   Stephen P. Wiman                                Counsel for Defendant: *Carnegie
     Amber M. Grayhorse                              Mortgage, LLC*
18   NOSSAMAN LLP                                    Tel:   213.612.7800
19   777 South Figueroa Street, 34th Floor          Fax:   213.612.7801
     Los Angeles, CA 90017                           Email: swiman@nossaman.com
20                                                   Email: agrayhorse@nossaman.com

21   John Nadolenco                                  Counsel for Defendant: *CitiMortgage,
22   Steven E. Rich                                  Inc.*
     MAYER BROWN LLP                                 Tel:   213.229.9500
23   350 South Grand Avenue, 25th Floor             Fax:   213.625.0248
24   Los Angeles, CA 90071-1503                      Email: jnadolenco@mayerbrown.com
                                                     Email: srich@mayerbrown.com
25

26

27

28

- 1 -

PROOF OF SERVICE

LIBA/2300180.3

| | | |
|---|---|---|
| 1 | Stephen J. Kane (Pro Hac Vice) | Counsel for Defendant: *CitiMortgage,* |
| | MAYER BROWN LLP | *Inc.* |
| 2 | 71 South Wacker Drive | Tel:   312.701.8857 |
| 3 | Chicago, IL 60606 | Fax:   312.706.8311 |
| | | Email: skane@mayerbrown.com |
| 4 | | |
| 5 | Robin P. Wright | Counsel for Defendant: *Cal-Western* |
| | Nicole K. Neff | *Reconveyance Corporation* |
| 6 | WRIGHT FINLAY & ZAK LLP | *Tel:   949.477.5050* |
| | 4665 MacArthur Court, Suite 280 | *Fax:   949.477.9200* |
| 7 | Newport Beach, CA 92660 | Email: rwright@wrightlegal.net |
| 8 | | Email: nneff@wrightlegal.net |
| 9 | Peter Obstler | Counsel for Defendants |
| 10 | Zachary J. Alinder | *JPMorgan Chase Bank, N.A.,* |
| | Margaret A. DeGooyer | including as acquirer of certain assets |
| 11 | BINGHAM MCCUTCHEN LLP | and liability of Washington Mutual |
| 12 | Three Embarcadero Center | Bank from the FDIC, acting as |
| | San Francisco, CA 94111-4067 | Receiver; and *Deutsche Bank National* |
| 13 | | *Trust Company,* in its capacity as |
| 14 | | Trustee of |
| | | Washington Mutual Mortgage |
| 15 | | Securities Corp. 2005-AR6 |
| 16 | | Tel:   415.393.2000 |
| | | Fax:   415.393.2286 |
| 17 | | Email: peter.obstler@bingham.com |
| 18 | | Email: zachary.alinder@bingham.com |
| | | Email:margaret.degooyer@bingham.c |
| 19 | | om |
| 20 | Stuart B. Wolfe | Counsel for Defendants |
| 21 | Cathy L. Granger | *Wells Fargo Bank, N.A*, as Trustee for |
| | WOLFE & WYMAN LLP | Carrington Mortgage Loan Trust, |
| 22 | 2301 Dupont Drive Suite 300 | Series 2006-NC3 Asset-Backed Pass |
| 23 | Irvine, CA 92612-7531 | Through Certificates (Erroneously |
| | | sued herein as Wells Fargo Bank, N.A; |
| 24 | | and *Atlantic & Pacific Foreclosure* |
| 25 | | *Services* |
| 26 | | Tel:   949.475.9200 |
| | | Fax:   949.475.9203 |
| 27 | | Email: sbwolfe@wolfewyman.com |
| 28 | | Email: clgranger@wolfewyman.com |

- 2 -

PROOF OF SERVICE
LIBA/2300180.3

| | |
|---|---|
| 1 | Matthew D. Benedetto |
| | P. Patty Li |
| 2 | WILMER CUTLER PICKERING |
| 3 |   HALE AND DORR LLP |
| | 350 South Grand Avenue, Suite 2100 |
| 4 | Los Angeles, CA 90071 |
| 5 | |

Matthew D. Benedetto
P. Patty Li
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Counsel for Defendant: *Federal National Mortgage Association*
Tel:   213.443.5300
Fax:   213.443.5400
Email:
matthew.benedetto@wilmerhale.com
Email: patty.li@wilmerhale.com

Noah Levine (Pro Hac Vice)
WILMER CUTLER PICKERING
  HALE & DORR LLP
399 Park Avenue
New York, NY 10022

Counsel for Defendant: *Federal National Mortgage Association*
Tel:   212.230.8800
Fax:   212.230.8888
Email: noah.levine@wilmerhale.com

The documents were served by the following means:

☐   (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

☐   (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy  of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐   (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service.  A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐   (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐   (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

- 3 -

PROOF OF SERVICE
LIBA/2300180.3

1  ☑  (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the
office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set
2  forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is
generated automatically by the ECF system upon completion of an electronic filing. The
3  NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof
of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to
4  any document served in the traditional manner upon any party appearing pro se."

5

6

7       I declare under penalty of perjury that I am employed in the office of a member of the
bar of this Court at whose direction this service was made and that the foregoing is true and
8  correct.

9       Executed on **May 7, 2012**, at Los Angeles, California.

10

11  _____                                    _____
        Kemi Oyemade                                                    (Signature)
12     (Type or print name)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

PROOF OF SERVICE
LIBA/2300180.3