UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | ANNE KIELWASSER | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Motaz Gerges | Peiyin Li |
| | Deborah Walker |
| | Peter Obstler |
| | Steven Rich |
| | Seth Goldstein |

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**(filed 4/19/2012)

**DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** (filed 4/19/2012)

## I. INTRODUCTION

On August 16, 2011, plaintiffs Jose Luis Rosas et al. filed a putative class action complaint against defendants Carnegie Mortgage ("Carnegie") et al. in the Los Angeles County Superior Court on behalf of themselves and all others similarly situated. On September 16, 2011, defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(c), asserting federal question jurisdiction based on plaintiffs' claims for breach of contract with a federal agency and violations of due process under the Fifth Amendment to the United States Constitution.

The Court granted plaintiffs leave to file their first amended complaint ("FAC") on August 16, 2011. Dkt. No. 72. The FAC asserted numerous state and federal claims against several national banks including CitiMortgage, Inc. ("Citi"); Washington Mutual Bank, F.A. ("WaMu"); JP Morgan Chase Bank, N.A. ("Chase"); and Bank of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

("BOA"). The FAC also asserted claims against the Federal National Mortgage Association ("Fannie Mae").

On March 12, 2012, the Court dismissed the federal claims in plaintiffs' FAC with prejudice, dismissed the remaining claims against Fannie Mae without prejudice, and declined to exercise jurisdiction over the state claims asserted against the remaining defendants. Dkt. 134 at 11.

Plaintiffs filed their operative second amended complaint ("SAC") on April 3, 2012. The SAC asserts eight claims for relief against Citi, WaMu, Chase, BOA, Fannie Mae, Indymac Bank F.S.B. ("Indymac"); Deutsche Bank National Trust Company ("Duetshe Bank"); Atlantic & Pacific Foreclosure Services ("A&P"); and Wells Fargo Bank, N.A. ("Wells Fargo"). Specifically the SAC asserts claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of California Civil Code Section § 2923.5; (4) wrongful foreclosure; (5) quiet title; (6) quasi-contract; (7) no-contract; and (8) declaratory and injunctive relief.

On April 19, 2012, Citi, Chase, BOA, Fannie Mae, and Wells Fargo filed the instant motions to dismiss, in which Deutsche Bank joined.[1] Dkt. Nos. 148–160. On April 30, 2012, plaintiffs filed separate oppositions to each motion. Dkt. Nos. 162–167. On February 27, 2012, defendants filed their replies. Dkt. Nos. 168–173. The Court heard oral argument on May 21, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Factual Background

Plaintiffs are California homeowners who obtained mortgage loans from defendants, defaulted on their loans, and have either lost their homes or are in the process of losing their homes through foreclosure. SAC at 21–28. Plaintiffs' allegations arise

---

[1] Chase moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

primarily out of defendants' purported obligations under the Home Affordable Modification Program ("HAMP").

Plaintiffs allege that they attempted to obtain loan modifications through HAMP but were denied. Plaintiffs allege that they are eligible for HAMP loan modifications but that defendants "summarily have refused" to modify plaintiffs' loans under HAMP and have failed to provide written notice or details explaining the denials.

Plaintiffs assert that the defendants other than Fannie Mae "have a pattern and practice of failing to properly determine whether non-GSE mortgagors whose loans it services meet minimum HAMP eligibility requirements and may therefore qualify for a HAMP mortgage modification."[2] SAC at 27–28.

Plaintiffs also allege that defendants other than Fannie Mae have wrongfully foreclosed or are in the process of wrongfully foreclosing on their homes. SAC at 55-58.

**B. HAMP**

The U.S. Treasury Department created HAMP in 2009, under the Emergency Economic Stabilization Act of 2008 ("EESA"), in an effort to assist homeowners facing foreclosure. Dkt. No. 83, Ex. 3 at 13 (Making Home Affordable Program, Handbook for Servicers of Non-GSE Mortgages describing HAMP and its eligibility requirements, hereinafter referred to as "MHA Handbook"). HAMP offers homeowners an opportunity to modify their mortgages. MHA Handbook at 13.

Specifically, HAMP provides financial incentives to loan servicers and investors in the form of compensation for successful loan modifications. Id. at 105. HAMP's potential benefits to homeowners include: (1) a reduction in borrowers' monthly payments toward principal, interest, taxes, and insurance to 31% of their gross income; (2) the prevention of foreclosures for borrowers who meet the HAMP minimum eligibility requirements; and (3) the protection of homeowners from having a loan modification conditioned upon waiver of rights. Id. at 52, 63–66, 78–79.

---

[2] All defendants excluding Fannie Mae are non-government-sponsored enterprises (non-GSEs).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

Private lenders can voluntarily enroll in HAMP by executing a Servicer Participation Agreement ("SPA") with Fannie Mae, which acts as a financial agent of the United States. Id. at 12, 19.

In order to qualify for a HAMP loan modification, a borrower must meet the following minimum criteria:

(1) the borrower's mortgage is a first lien originated before January 1, 2009;
(2) the mortgage has not been previously modified under HAMP;
(3) the borrower has defaulted (i.e., is 60 days or more delinquent) or default is reasonably foreseeable;
(4) the mortgage is secured by a one- to four-unit property (including a cooperative or condominium), one unit of which is the borrower's principal residence;
(5) the borrower has experienced financial hardship;
(6) the borrower's monthly mortgage payment, including principal, interest, taxes, insurance, and, where applicable, association fees prior to modification exceeds 31% of his or her gross monthly income;
(7) the unpaid principal balance on the mortgage is less than or equal to $729,750 for one unit.

MHA Handbook at 51–52 .

If a borrower meets these requirements, a servicer must then conduct a "net present value" ("NPV") test to see if the loan will yield a more positive financial outcome if it is modified than if the property is foreclosed upon. Id. at 85–89. If the test yields a positive outcome, the servicer must provide a loan modification. Id. at 86. If the test yields a negative outcome, the servicer has the option of offering a loan modification, but in the case of a negative outcome for investor-owned mortgages, investor approval is required. Id.

If a loan meets all the requirements to qualify for a HAMP modification, the servicer must offer a 90-day trial modification period in which the borrower makes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

payments based on the standard modification waterfall calculation.[3] Id. at 89. The modification becomes permanent once the trial period is successfully completed. Id. at 89, 93. If a borrower is not eligible for a permanent HAMP modification, the servicer must still consider other available "loss mitigation options, including but not limited to refinance, forbearance, non-HAMP modifications," and other programs. Id. at 92.

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).

---

[3] The standard modification waterfall calculation determines the cashflow resulting from a modification. See MHA Handbook at 78–80. A modification is not required if the reduction does not achieve the rate of 31% of a borrower's gross monthly income. Id. at 78.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

**B.     Federal Rule of Civil Procedure 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).  A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### C.   Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity.  Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud."  Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003).  A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim.  Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)."  Id.  However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements.  Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth.  In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).  Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false."  Cafasso, ex rel. United States v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

When a party pleads fraud against a corporation, the already heightened pleading standard is further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (Cal. Ct. App. 1991).

## IV. DISCUSSION

### A. Whether the Court Has Jurisdiction Pursuant to the Class Action Fairness Act

As noted above, in the March 12, 2012 order, the Court dismissed all of plaintiffs' federal claims, dismissed all state claims against federal defendant Fannie Mae, and declined to reach whether plaintiff's state law claims against the non-federal defendants should be dismissed. In their instant motions to dismiss, the non-GSE defendants assert that this Court also has jurisdiction pursuant to the Class Action Fairness Act ("CAFA").[4] The Court agrees.

The Class Action Fairness Act provides federal jurisdiction over class actions where the aggregate amount in controversy exceeds $5 million and at least one member of the proposed class is a citizen of a different state from any defendant. 28 U.S.C § 1332(d)(2). Because the complaint alleges a "nationwide class," SAC at p. 48, minimal diversity necessarily exists. Second, "[i]n actions seeking declaratory and injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Chapman v. Duetsche Bank Nat'l Trust Co., 651 F.3d 1039, 1045 n.2 (9th Cir. 2011). Furthermore, "'[i]f the primary purpose of the lawsuit is to enjoin a bank from selling or transferring the property, then the property is the object of the litigation.'" McNeely v. Wells Fargo Bank, 2011 WL 5320997, at *4 (C.D. Cal. Nov.

---

[4] Plaintiffs do not dispute in their oppositions that jurisdiction is proper under CAFA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

1, 2011) (internal citation omitted).  Because plaintiffs seek to "enjoin all foreclosures [n]ationwide [of] mortgages owned by Fannie Mae, or serviced by one of the mortgage loan servicers who have agreed to administer the HAMP program," SAC at 10, and alleges that defendants have no right to payment on plaintiffs' loans, id. at 59–63, the SAC puts more than $5 million in controversy.  Accordingly, the Court finds that it has jurisdiction pursuant to CAFA, and therefore reaches plaintiffs' non-federal claims.  And, for the reasons discussed below, the Court dismisses each of plaintiffs' claims as to all defendants.

**B.  Plaintiffs' First and Second Claims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiffs allege that defendants breached their HAMP contracts with Fannie Mae as well as their implied covenant of good faith and fair dealing.  SAC 49–52.

The Court previously dismissed plaintiffs' claims for breach of contract and breach of the implied covenant of good faith as against Fannie Mae because plaintiffs did not allege facts showing that they had standing to enforce SPAs.  Dkt. 134 at 9.  Plaintiffs nevertheless reassert these claims alleging that they are third-party beneficiaries of the SPAs.[5]  SAC at 50.

---

[5] In their oppositions to the motions to dismiss filed by Citi, BOA, and Chase, plaintiffs argue that they have valid claims for breach of contract based on alleged violations of Trial Period Plans ("TPPs").  A TPP is a trial arrangement where the borrower makes reduced monthly mortgage payments while the servicer reviews the borrower's financial situation to determine whether the borrower qualifies for a permanent loan modification.  Plaintiffs contend that the TPPs were breached when the defendants did not permanently modify their loans.  This argument is unavailing.  Plaintiffs' oppositions improperly attempt to present new allegations absent from the SAC.  See Nguyen v. JP Morgan Chase Bank, 2012 WL 294936, at *3 (C.D. Cal. Feb. 1, 2012) (noting that a "[p]laintiff cannot defend against a motion to dismiss by relying on new allegations in [its] Opposition that are absent from the current complaint"); Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (holding that courts "'*may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss'") (citation omitted) (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

In dismissing the FAC's claims for breach of contract and breach of the implied covenant of good faith and fair dealing, the Court noted that "[n]umerous" courts have rejected identical claims for lack of standing. Dkt. 134 at 9 (citing Nguyen v. BAC Loan Servicing, LP, No. C-10-01712 RMW, 2010 U.S. Dist. LEXIS 105704, at *13 (N.D. Cal. Oct. 1, 2010) ("[M]ortgage loan borrowers do not have standing as 'intended beneficiaries' of HAMP SPAs."); Villa v. Wells Fargo Bank, No. 10CV81, 2010 U.S. Dist. LEXIS 23741, at *3 (S.D. Cal. Mar. 15, 2010); Zendejas v. GMAC Wholesale Mortg. Corp., No. 1:10-CV-00184, 2010 U.S. Dist. LEXIS 59793 (E.D. Cal. Jun. 16, 2010)) (dismissing plaintiffs' claim for breach of the SPA between Fannie Mae and BAC Home Loan Servicing)).

Although the Court believes that further amendment would be futile, because the Court grants plaintiffs leave to amend their seventh claim for "no contract," the Court grants plaintiffs' request for leave to amend their first and second claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

### C. Plaintiffs' Third Claim for Violation of Section 2923.5

Plaintiffs allege that the non-GSE defendants failed to contact them to discuss possible modifications of plaintiffs' mortgage loans in violation of California Civil Code

---

Here, the SAC's contract-based claims are premised on alleged breaches of HAMP SPAs that the non-GSE defendants entered into with Fannie Mae. Indeed, plaintiffs purport to represent a class of borrowers that "[s]pecifically exclude[s]" borrowers that "have received a trial or permanent HAMP modification." SAC at 48. In any event, it is unlikely that plaintiffs' would be able to state a viable claim for breach of TPPs. This is so because several courts have found that HAMP trial plans do not create binding contracts requiring permanent modification. See, e.g., Grill v. BAC Home Loan Serv., LP, 2011 WL 127891, at *4 (E.D. Cal. Jan. 14, 2011); Lucia v. Wells Fargo Bank, N.A., 798 F. Supp. 2d 1059, 1068 (N.D. Cal. 2011); Nungaray v. Litton Loan Serv., LP, 200 Cal. App. 4th 1499, 1504 (Cal. Ct. App. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

Section 2923.5.[6]  SAC at 52–55.

      The Court finds that plaintiffs' allegations fail to state claim upon which relief can be granted because Section 2923.5 does not provide a private right of action.  Under California law, a statute will only be deemed to contain a private right of action if the Legislature has manifested an intent to create such a right.  Moradi-Shalal v. Fireman's Fund Ins. Companies, 46 Cal. 3d 287, 305 (1988); Vikco Ins. Servs. v. Ohio Indemnity Co., 70 Cal. App. 4th 55, 62–63 (1999) ("If the Legislature intends to create a private cause of action, we generally assume it will do so directly, . . . in clear, understandable, unmistakable terms.") (internal quotations omitted).  Here, nothing in the text of Section 2923.5 provides for a private right of action or suggests in "clear, understandable, and unmistakable terms" that the Legislature intended to create such a right.  Accordingly, the majority of courts that have considered this issue have found that there is no private right of action for individual borrowers to enforce Section 2923.5.  See, e.g., Canales v. Federal Home Loan Mortg. Corp., 2011 WL 3320478, at *6 (C.D. Cal. Aug. 1, 2011); Aspray v. Federal Home Loan Mortg. Corp. 2011 WL 153226, at *4 (C.D. Cal. Apr. 20, 2011) (observing "no language indicating an intent to create a private right of action"); Wiebe v. NDEX West, LLC, 2010 WL 2035992, at *4–5 (C.D. Cal. May 17, 2010); (Gaitan v. Mortg. Elec. Registration Sys., Inc., 2009 WL 32447249, at *7 (C.D. Cal. Oct. 5, 2009) ("Section 2923.5 contains no language that indicates any intent whatsoever to create a private right of action."); compare Ortiz v. Accredited Home Lender, Inc., 639 F. Supp. 2d 1159, 1166 (S.D. Cal. 2009) ("[T]he California legislature would not have enacted this 'urgency' legislation, intended to curb high foreclosure rates in the state, without any accompanying enforcement mechanism."); Mabry v. Superior Court, 185 Cal. App. 4th 208, 217 ("A private right of action may inhere within a statute, otherwise silent on the point, when such a private right of action is necessary to achieve the statute's policy objectives.").

      Because leave to amend would be futile, the Court dismisses plaintiffs' third claim with prejudice.

---

    [6] California Civil Code § 2923.5 provides that before the filing of a notice of default, a "mortgagee, beneficiary or authorized agent" must "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  Cal. Civ. Code § 2923.5(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

**D.  Plaintiffs' Fourth Claim for Wrongful Foreclosure**

Plaintiffs assert that the beneficial interests in their mortgages have been transferred to private investors and therefore that defendants do not have standing to enforce their loan agreements.  SAC at 55–58.

The Court finds that plaintiffs' claims for wrongful foreclosure must be dismissed for at least two reasons.

First, as the Court explained in dismissing the FAC's wrongful foreclosure claim against Fannie Mae, Dkt. 134 at 10, a borrower must "allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (Cal. Ct. App. 1996).  "The rules which govern tenders are strict and are strictly applied." Nguyen v. Calhoun, 105 Cal. App. 4th 428, 439 (Cal. Ct. App. 2003) (internal quotation and citation omitted).  The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." Gaffnew v. Downey Sav. & Loan Ass'n, 200 Cal. App. 3d 1154, 1165 (Cal. Ct. App. 1988).  Here, plaintiffs fail to allege that they tendered the amount due on their loans, and their claim for wrongful foreclosure therefore fails.  See Guerrero v. Greenpoint Mortg. Funding, 2010 WL 411710, at *1 (9th Cir. Oct. 20, 2010) (plaintiffs "lacked standing to bring a claim for 'wrongful foreclosure,' because they failed to allege actual, full, and unambiguous tender of the debt owed on the mortgage").

Second, the Court rejects plaintiffs' contention that defendants' lack standing to enforce plaintiffs' mortgage notes.  In California, a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may initiate foreclosure.  Cal. Civ. Code § 2924(a)(1). "Because of the exhaustive nature" of California's nonjudicial foreclosure scheme, "California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute." Gomes v. Countrywide Home Loans, 192 Cal. App. 4th 1149, 1154 (Cal. Ct. App. 2011) (internal quotations omitted).  And, as this Court has recognized, "[t]here is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose." Cerecedes v. U.S. Bankcorp, 2011 WL 2711071, at *5 (C.D. Cal. July 11, 2011).  Therefore, even if defendants lack a beneficial interest in plaintiffs' notes, such an interest is unnecessary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

"to commence a non-judicial foreclosure sale." Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010).

Because leave to amend would be futile, the Court dismisses plaintiffs' fourth claim with prejudice.

### E.  Plaintiffs' Fifth Claim for Quiet Title

Plaintiffs allege that obligations owed to defendants under the applicable Deeds of Trust were fulfilled when defendants "received funds in excess of the balance on the Note as proceeds of sale through securitization(s) of the loan and insurance proceeds from Credit Default Swaps." SAC at 59. Plaintiffs therefore claim that they are entitled to a judicial declaration that the titles to their properties are "vested solely in Plaintiffs and that Defendants have no right, title, estate, lien, or interest in the Property [sic] . . . ." Id. at 59–60.

Plaintiffs have failed to state a claim for quiet title for two reasons.

First, plaintiffs have failed to allege that they have tendered the amount due on their loan obligations. The California Supreme Court has held that it is "settled . . . that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649 (1934); accord Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (Cal. Ct. App. 1994). Indeed, this Court has repeatedly cited that rule in dismissing claims for quiet title. See, e.g., Yanik v. Countrywide Home Loans, 2010 WL 4256312, at *7 (C.D. Cal. Oct. 18, 2010); Paek v. Plaza Home Mortg., 2009 WL 1668576, at *4 (C.D. Cal. June 15, 2009). Plaintiffs may not avoid their obligation to tender by alleging that defendants have "no interest" in plaintiffs' properties. SAC at 59. This is so because a "plaintiff in a quiet title suit is not helped by the weakness of his adversary's title but must stand upon the strength of his or her own." Shimpones v. Stickney, 219 Cal. 637, 649 (1934). Nor can plaintiffs evade the tender requirement by alleging that their loans were paid by third-party sources through securitization and credit default swaps. SAC at 59. "Even if the mortgage is extinguished," plaintiffs "cannot, without paying [their] debt, quiet title." Ramirez v. SCME Mortg. Bankers, 2010 WL 2839476, at *4 (S.D. Cal. July 19, 2010); see also Pederson v. Greenpoint Mortg. Funding, 2011 WL 3818560, at *12–13 (E.D. Cal. Aug. 29, 2011) (dismissing quiet title

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

claim alleging securitization of loan deprived defendant of interest in loan); Edwards v. Wachovia Mortg., 2011 WL 589831, at *4 (S.D. Cal. Feb. 10, 2011) (dismissing quiet title claim for failure to allege tender despite allegation that "note may have already been paid by a third-party).

Second, and more fundamentally, plaintiffs' theory that lenders that received funds through loan securitizations or credit default swaps must waive their borrowers' obligations fails as a matter of law. Federal courts have repeatedly rejected precisely this theory. For example, in Flores v. Deutsche Bank Nat'l Trust Co., 2010 WL 2719848, at *4 (D. Md. July 7, 2010), the borrower argued that his lender "already recovered for [the borrower's] default on her mortgage payments, because various 'credit enhancement policies,'" such as "a credit default swap or default insurance," "compensated the injured parties in full." The court rejected the argument, explaining that the fact that a "mortgage may have been combined with many others into a securitized pool on which a credit default swap, or some other insuring-financial product, was purchased, does not absolve [the borrower] of responsibility for the Note." Id. at *5; see also Fourness v. Mortg. Elec. Registration Sys., 2010 WL 5071049, at *2 (D. Nev. Dec. 6, 2010) (dismissing claim that borrowers' obligations were discharged where "the investors of the mortgage backed securities were paid as a result of . . . credit default swaps and/or federal bailout funds); Warren v. Sierra Pac. Mortg. Servs., 2010 WL 4716760, at *3 (D. Ariz. Nov. 15, 2010) ("Plaintiffs' claims regarding the impact of any possible credit default swap on their obligations under the loan . . . do not provide a basis for a claim for relief"). Accordingly, plaintiffs cannot assert a viable claim for wrongful foreclosure based on the allegation that their loan obligations were somehow relieved by payments made by third parties.

Although the Court believes that further amendment would be futile, because the Court grants plaintiffs leave to amend their seventh claim for "no contract," the Court grants plaintiffs' request for leave to amend their fifth claim for quiet title.

### F.    Plaintiffs' Sixth Claim for Quasi-Contract

Plaintiffs allege that the non-GSE defendants have been "unjustly enriched by collecting monthly payments" even though plaintiffs' loan obligations were "fulfilled"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

when "lenders received the balance on the Note as proceeds of sale through securitization" of the loan.[7] SAC at 60–61.

The Court finds that plaintiffs' quasi-contract allegations fail to state a claim upon which relief can be granted. Even if unjust enrichment were an independent claim, "it does not lie where the parties have an enforceable express contract." Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1370 (2010); accord Paracor Fin. Inc. v. Gen Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996). Because plaintiffs allege that they entered into loan agreements with defendants, these agreements govern, and plaintiffs' quasi-contract claims must be dismissed. Further, plaintiffs' theory that the alleged securitization of their loans extinguish their obligations to make monthly mortgage payments fails as a matter of law. Indeed, "[t]here is no legal authority that the sale or pooling of investment interests in an underlying note can relieve borrowers of their mortgage obligation or extinguish a secured party's rights to foreclose on secured property." Taylor v. CitiMortgage, Inc., 2010 WL 4683881, at *3 (D. Utah Nov. 10, 2011); see also Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886, 899 (D. Haw. 2011).

Although the Court believes that further amendment would be futile, because the Court grants plaintiffs leave to amend their seventh claim for "no contract," the Court grants plaintiffs' request for leave to amend their sixth claim for quasi-contract.

### G. Plaintiffs' Seventh Claim for "No Contract"

Plaintiffs allege that defendants used "unlawful lending practices" to approve "predatory real estate loans to unqualified buyers." SAC at 61. Plaintiffs further allege that plaintiffs did not have a "meeting of the minds" with their original lenders because while plaintiffs expected that they would pay off their loans, the original lenders expected that plaintiffs would default. Id. at 62. According to plaintiffs, this means that their loan documents are "void *ab initio*." Id. at 63.

---

[7] Plaintiffs' "quasi-contract" claim is synonymous with unjust enrichment, see FDIC v. Dintino, 167 Cal. App. 4th 333, 346 (2008), which "is not an independent cause of action under California law." In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig., 754 F. Supp. 2d 1145, 1193 (C.D. Cal. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

Plaintiffs' allegations of "no contract" fail to state a claim upon which relief can be granted for at least two reasons.

First, "courts in California continually treat tender or at least the allegation of the ability to do so as a necessary part of a valid claim for rescission of a contract." Davenport v. Litton Loan Servicing, 725 F. Supp. 2d 862, 880 (N.D. Cal. 2010) (collecting cases); see Cal. Civ. Code § 1691(b) ("to effect a rescission a party to the contract must . . . [r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise"); Hague v. Wells Fargo Bank, 2012 WL 1029688, at *7 (N.D. Cal. Mar. 26, 2012) (dismissing "no contract" claim for failure to allege tender). Because plaintiffs have failed to allege tender or the ability to do so, they fail to state a viable claim for "no contract."

Second, plaintiffs have failed to state their "no contract" claim with particularity as required by Federal Rule of Civil Procedure 9(b). Plaintiffs' claim sounds in fraud because they allege that their "participation in the mortgage contracts [was] procured by overt and covert misrepresentations and nondisclosures." SAC at 63; see Javaheri v. JPMorgan Chase Bank, N.A., 2011 WL 1131518, at *4 (C.D. Cal. Mar. 24, 2011) (holding that "no contract claim" was in fact an allegation of fraud and thus is subject to the requirements of Rule 9(b)). A party claiming fraud must "state with particularity the circumstances constituting fraud or mistake" in order to allow a defendant to prepare an adequate answer. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiffs may not "lump multiple defendants together but [must] . . . differentiate their allegations . . . and inform each defendant separately of the allegations." Lipscomb v. Mortgage Elec. Registration Sys., 2011 WL 3361132, at *5 (E.D. Cal. Aug. 3, 2011) (citation omitted). Here, the SAC makes no attempt to separate the allegations against each defendant or to identify the alleged misrepresentations with the requisite particularity to support plaintiffs' claims. See SAC at 61–63. Plaintiffs' allegations therefore fail to meet the Rule 9(b) requirements. See Javaheri, 2011 WL 1131518, at *3–4 (holding that a "no contract" claim fell "exceedingly short of the Rule 9(b) requirements" and was conclusorily pled, where the plaintiff alleged no meeting of the minds because he "'expected that he would borrow money from [defendant] . . . pay it back, and then . . . own the Property' while '[defendant] expected that Plaintiff . . . would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | ROSAS, ET AL. v. CARNEGIE MORTGAGE, LLC, ET AL. | | |

not be able to pay it back, and then [defendant] or the investors would own the Property'").

Thus, plaintiffs have failed to state a claim for "no contract." However, the Court grants plaintiffs leave to amend their complaint in order to allege tender and to set forth with particularity the factual circumstances supporting their allegation.

### H.    Plaintiffs' Eighth Claim for Injunctive and Declaratory Relief

Plaintiffs' final claim for declaratory and injunctive relief, SAC at 63–64, also fails.

As the Court noted in dismissing the FAC's claim for declaratory and injunctive relief against Fannie Mae, "declaratory and injunctive relief are prayers for relief, not causes of action." Dkt. No. 134 at 10–11; see also Canales, 2011 WL 3320478, at *10 (citing McDowell v. Watson, 59 Cal.App.4th 1155, 1159 (1997); Jenkins v. MCI Telcoms Corp., 973 F. Supp. 1133, 1139 n.10 (C.D. Cal. 1997)).

Accordingly, the Court dismisses plaintiffs' claim for declaratory and injunctive relief with prejudice.

### V.    CONCLUSION

In accordance with the foregoing, the Court hereby DISMISSES plaintiffs' third, fourth, and eighth claims respectively for violation of California Civil Code Section 2923.5; wrongful foreclosure; and declaratory and injunctive relief WITH PREJUDICE. The Court dismisses plaintiffs' first, second, fifth, sixth, and seventh claims respectively for breach of contract; breach of the implied covenant of good faith and fair dealing; quiet title; quasi-contract; and "no contract" without prejudice. Plaintiffs shall have **thirty (30)** days to file an amended complaint addressing the deficiencies noted herein. The Court denies Chase's motion to dismiss for lack of subject matter jurisdiction as moot.

IT IS SO ORDERED.

00:11
CMJ