BINGHAM MCCUTCHEN LLP
Peter Obstler (SBN 171623)
peter.obstler@bingham.com
Zachary J. Alinder (SBN 209009)
zachary.alinder@bingham.com
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286

Attorneys for Defendants
JPMorgan Chase Bank, N.A., including as acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC, acting as receiver, and Deutsche Bank National Trust Company, in its capacity as Trustee of Washington Mutual Mortgage Securities Corp. 2005-AR6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS ROSAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CARNEGIE MORTGAGE, LLC, et al.,<br><br>Defendants. | Case No. CV-11-07692 CAS (CWx)<br><br>**NOTICE OF NONOPPOSITION IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6) OF DEFENDANT JPMORGAN CHASE BANK, N.A. AND MOTION TO DISMISS AND JOINDER OF DEUTSCHE BANK NATIONAL TRUST COMPANY, IN ITS CAPACITY AS TRUSTEE OF WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. 2005-AR6**<br><br>Hearing Date: August 27, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 2nd Floor<br>Judge: Hon. Christina A. Snyder<br>Complaint filed: August 17, 2011<br>FAC filed: November 28, 2011<br>SAC filed: April 3, 2012<br>TAC filed: June 25, 2012 |

1

NOTICE OF NONOPPOSITION TO MOTIONS TO DISMISS AND JOINDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs Jose Luis Rosas, Steven Zivanic, Yvonne Zivanic, Fernando Hinnaoui, Martha V. Hinnaoui, Sandra Enshiwat, Ali Reza Amirjalaly, and Kian Kamrani ("Plaintiffs") have not opposed the Motion to Dismiss submitted by Defendant JPMorgan Chase Bank, N.A. including as acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC, acting as receiver ("Chase"), or the Motion to Dismiss and Joinder in Motion to Dismiss filed by Defendant Deutsche Bank National Trust Company, in its capacity as Trustee of Washington Mutual Mortgage Securities Corp. 2005-AR6 ("DBNTC"), both of which seek an order from the Court dismissing the Third Amended Complaint ("TAC") in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Plaintiffs' deadline for filing and serving their opposition was August 6, 2012.  If Plaintiffs had opposed the Motion, Chase's deadline for filing and serving any reply would have then been Monday, August 13, 2012.

Pursuant to Local Rule 7-12, Plaintiffs' failure to file an opposition to Chase's Motion to Dismiss should be deemed as Plaintiffs' consent to this Court granting Chase's and DBNTC's Motions in their entirety.  *See* C.D. Cal. Civ. L.R. 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").  Consistent with Local Rule 7-12, Courts in this district generally dismiss actions where the Plaintiffs have failed to file an opposition.  *See, e.g., Johnson v. Winn Properties*, 2009 WL 223836 at * 1 (C.D. Cal. Jan. 28, 2009) (dismissing case within days of plaintiff's failure to oppose motion to dismiss); *Plascencia v. Recontrust Co.*, 2009 WL 250930 at *1 (C.D. Cal. Jan. 29, 2009) (same); *Naylor v. Flavan*, 2009 WL 1468708 at *8 (C.D. Cal. May 19, 2009) ("plaintiff's failure to file opposition to defendant's motion provides an independent and sufficient basis for dismissal of this action.").

These dismissals are also in accord with Ninth Circuit law. *See, e.g., Glassman v. Raytheon Non-Bargaining Retirement Plan*, 259 Fed.Appx. 932; 2007 WL 4386253 at *1 (9th Cir. 2007) (Central District did not abuse its discretion in dismissing complaint for failure to comply with Local Rule 7-12 when opposition was filed four days late) citing *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

Dismissal for failure to file an opposition to Chase's motion to dismiss for lack of subject matter jurisdiction is particularly appropriate because this Court ruled last week that claims involving conduct that affects or is subsumed by the OCC Consent Order are barred under Section 1818(i) as matter of federal law. In *Bakenie, et al., v. JPMorgan Chase Bank, N.A.*, et al., Case No. 12-cv-0060-JVS-MLG (C.D. Cal. August 6, 2012)), Judge Selna found that:

> Only the OCC has the authority to enforce the Consent Order. If Plaintiffs were to obtain the relief sought in the FAC – including the declaratory and injunctive relief regarding Chase Bank's foreclosure practices – it would "affect … enforcement of [the Consent Order.]" Given Congress' "far-reaching" withdrawal of jurisdiction over consent orders, the Court finds that it does not have subject matter jurisdiction over Plaintiffs' claim."

August 6, 2012 Order, attached as Exhibit A (citations omitted). Here, as in *Bakenie*, the only claims against Chase and DBNTC seek to address the same foreclosure practices that are directly addressed under the OCC Consent Order and the remedies sought against Chase and DBNTC mirror those provided for by the OCC Consent Order. *See* ECF No. 184 at 13-14. Therefore consistent with Judge Selna's ruling, Plaintiffs' claims against Chase and DBNTC should be dismissed for lack of subject matter jurisdiction.

Because (1) Plaintiff has not opposed Chase's Motion (ECF No. 184) or DBNTC's Motion or Joinder (ECF No. 185), and the deadline for opposing the Motions passed one week ago, (2) Plaintiffs' Complaint fails for lack of subject matter jurisdiction under Rule 12(b)(1), including pursuant to 12 U.S.C. 1818(i) of

the National Bank Act (*see also* Order Granting Motion to Dismiss for Lack of Subject Matter Jurisdiction in *Bakenie, et al., v. JPMorgan Chase Bank, N.A.*, et al., Case No. 12-cv-0060-JVS-MLG (C.D. Cal. August 6, 2012)), and, (3) Plaintiffs' Complaint also fails to state a viable claim against Chase under Rule 12(b)(6), as set forth in the Motions and Joinder (*see* ECF Nos. 184 and 185) including because of the lack of a representative plaintiff and on *res judicata* grounds, Chase and DBNTC respectfully request that the Court dismiss Plaintiffs' Complaint against Chase and DBNTC in its entirety and with prejudice.  Chase and DBNTC further respectfully submit that the Court should grant their Motions and Joinder without the need for a hearing, and therefore, the hearing, currently set for August 27, 2012, should be taken off calendar.[1]

Dated:  August 12, 2012   BINGHAM McCUTCHEN LLP

By:     /s/ Peter Obstler
Peter Obstler
Attorneys for Defendants
JPMorgan Chase Bank, N.A., including as acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC, acting as receiver, and Deutsche Bank National Trust Company, in its capacity as Trustee of Washington Mutual Mortgage Securities Corp. 2005-AR6

---

[1] In the event that Plaintiffs file, and the Court accepts submission of, any belated opposition to Chase's Motion to Dismiss and/or DBNTC's Motion to Dismiss and Joinder, Chase and DBNTC respectfully request that the Court grant 14 days from the date of the filing of any such papers to file a reply brief, and that the Court reschedule the hearing to a time convenient for the Court that would allow Chase and DBNTC an opportunity to reply.