UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | February 25, 2013 |
|----------|----------------------|------|-------------------|
| Title | JOSE LUIS ROSAS, ET AL. V. CARNEGIE MORTGAGE, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|------------------------|---------------------|---|
| CATHERINE JEANG | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Not present | Not present | |

**Proceedings:**    **(IN CHAMBERS:) DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS THIRD AMENDED COMPLAINT** (Filed July, 9, 2012) [178];

**DEFENDANTS ATLANTIC & PACIFIC FORECLOSURE SERVICES AND WELLS FARGO BANK N.A.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT** (Filed July 9, 12) [180];

**DEFENDANTS INDYMAC BANK F.S.B., AND WASHINGTON MUTUAL BANK F.A.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT; MOTION TO STRIKE CLASS ALLEGATIONS** (filed July 9, 2012) [183]**;**

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT** (filed July 9, 2012) [184]

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR JOINDER IN MOTION TO DISMISS THIRD AMENDED COMPLAINT** (filed July 9, 2012) [185];

**DEFENDANT CITIMORTGAGE INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT** (filed July 9, 2012) [187]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-7692 CAS (CWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | JOSE LUIS ROSAS, ET AL. V. CARNEGIE MORTGAGE, LLC, ET AL. | | |

## I.   INTRODUCTION

On August 16, 2011, plaintiffs Jose Luis Rosas et al. filed a putative class action complaint against defendants Carnegie Mortgage ("Carnegie"), et al. in the Los Angeles County Superior Court on behalf of themselves and all others similarly situated.  On September 16, 2011, defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(c), asserting federal question jurisdiction based on plaintiffs' claims for breach of contract with a federal agency and violations of due process under the Fifth Amendment to the United States Constitution.

Plaintiffs filed their first amended complaint ("FAC") on August 16, 2011.  Dkt. No. 72.  The FAC asserted numerous state and federal claims against several national banks including CitiMortgage, Inc. ("Citi"); Washington Mutual Bank, F.A. ("WaMu"); JP Morgan Chase Bank, N.A. ("Chase"); and Bank of America ("BOA").  The FAC also asserted claims against the Federal National Mortgage Association ("Fannie Mae").

On March 12, 2012, the Court granted defendants' motions to dismiss plaintiffs' federal claims with prejudice.  Dkt. No. 134 at 11.  The Court also agreed to exercise jurisdiction over the state law claims asserted against Fannie Mae, but dismissed those claims  without prejudice.  Id.  The Court declined to exercise jurisdiction over the state claims asserted against the remaining defendants.  Id.

Plaintiffs filed their second amended complaint ("SAC") on April 3, 2012.  The SAC named Indymac Bank F.S.B. ("Indymac"); Deutsche Bank National Trust Company ("Deutsche Bank"); Atlantic & Pacific Foreclosure Services ("A&P"); and Wells Fargo Bank, N.A. ("Wells Fargo") as additional defendants.  The SAC asserted claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of California Civil Code Section § 2923.5; (4) wrongful foreclosure; (5) quiet title; (6) quasi-contract; (7) no-contract; and (8) declaratory and injunctive relief.

On May 21, 2012, the Court dismissed plaintiffs' third, fourth, and eighth claims with prejudice.  Dkt. No. 174.  Although the Court believed that further amendment of plaintiffs' first, second, fifth, and six claims would be futile, because the Court granted plaintiffs leave to amend their SAC to allege tender and to set forth with particularity the factual circumstances supporting their seventh claim for "no contract," the Court granted plaintiffs' request for leave to amend their remaining claims.  Dkt. No. 174.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | JOSE LUIS ROSAS, ET AL. V. CARNEGIE MORTGAGE, LLC, ET AL. | | |

On June 22, 2012, plaintiffs filed their third amended complaint ("TAC"). Dkt. 176. Plaintiffs' TAC asserted the remaining claims from the SAC including: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) quiet title; (4) quasi-contract; and (5) no-contract. Dkt. No. 176.

On July 9, 2012, Citi, Chase, BOA, Fannie Mae, and Wells Fargo filed the instant motions to dismiss, in which Deutsche Bank joined.[1] Dkt. Nos. 178, 180, 183-85, 187. Plaintiffs did not file oppositions to these motions. The Court held a hearing on August 27, 2012. At oral argument, plaintiffs' counsel stated that plaintiffs' oppositions to defendants' motions to dismiss the SAC would serve as plaintiffs' oppositions to the instant motions to dismiss. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiffs are California homeowners who obtained mortgage loans from defendants, defaulted on their loans, and have either lost their homes or are in the process of losing their homes through foreclosure. TAC ¶¶ 49–84. Plaintiffs' allegations arise primarily out of defendants' purported obligations under the Home Affordable Modification Program ("HAMP"), a program the U.S. Department of Treasury ("Treasury") established, pursuant to the Emergency Economic Stabilization Act of 2008 ("EESA"), 12 U.S.C. §§ 5201, et seq., to prevent avoidable foreclosures by offering financial incentives for borrowers, servicers and investors to enter into loan modifications that are economically sound for all parties. See 12 U.S.C. § 5219(a)(1).

Plaintiffs allege that they attempted to obtain loan modifications pursuant to HAMP but were denied. In particular, plaintiffs allege that they are eligible for HAMP loan modifications but that defendants "summarily have refused" to modify plaintiffs' loans under HAMP and have failed to provide written notice or details explaining the denials. TAC ¶ 104. Plaintiffs also allege that defendants have wrongfully foreclosed or are in the process of wrongfully foreclosing on their homes. TAC ¶ 103.

---

[1] Chase and Indymac move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); the other defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) only.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | JOSE LUIS ROSAS, ET AL. V. CARNEGIE MORTGAGE, LLC, ET AL. | | |

Additional background facts are known to the parties, and are discussed in this Court's prior ruling on defendants' motions to dismiss the SAC. Dkt. No. 176.

## III.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | JOSE LUIS ROSAS, ET AL. V. CARNEGIE MORTGAGE, LLC, ET AL. | | |

Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.     Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | JOSE LUIS ROSAS, ET AL. V. CARNEGIE MORTGAGE, LLC, ET AL. | | |

set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

When a party pleads fraud against a corporation, the already heightened pleading standard is further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (Cal. Ct. App. 1991).

## IV.    DISCUSSION

### A.    Plaintiffs' First and Second Claims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs allege that upon defaulting on their mortgage payments, the parties entered into Forbearance Plans (FB)s and/or Temporary Partial Payment Plans (TPPs), in which defendants would restructure plaintiffs loans in exchange for plaintiff making reduced payments.[2] TAC ¶¶ 142–45. Plaintiffs contend that these promises were contained in the TPPs and were supported by additional "verbal assurances" made by defendants. TAC ¶

---

[2]This allegation differs from plaintiffs' breach of contract claims in the FAC and SAC. In the FAC and SAC, plaintiffs, attempting to act as third-party beneficiaries of the Servicer Participation Agreements ("SPA") between the defendants and the federal government, alleged that defendants breached their HAMP contracts with Fannie Mae as well as their implied covenant of good faith and fair dealing. SAC at 50. In dismissing these claims, the Court noted that "[n]umerous" courts have rejected identical claims for lack of standing. Dkt. No. 174 (citing Nguyen v. BAC Loan Servicing, LP, No. C-10-01712 RMW, 2010 U.S. Dist. LEXIS 105704, at *13 (N.D. Cal. Oct. 1, 2010) ("[M]ortgage loan borrowers do not have standing as 'intended beneficiaries' of HAMP SPAs.")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | JOSE LUIS ROSAS, ET AL. V. CARNEGIE MORTGAGE, LLC, ET AL. | | |

157.  Plaintiffs contend that defendants breached these agreements when they failed to permanently modify plaintiffs' loans.  TAC ¶ 149.

In response, defendants argue that plaintiffs cannot establish a breach of contract claim, because defendants never agreed to modify plaintiffs' original loans.  See, e.g., Def. BOA's. Mot. at 7–8.  Defendants argue that the only contracts between the parties were the TPPs, which did not contain a permanent loan modification guarantee.  See, e.g., id.  Rather, defendants argue, the express terms of the TPPs stated that even if plaintiffs made timely payments, they would not necessarily be entitled to a permanent loan modification.  See, e.g., id.

Defendants further argue that because plaintiffs cannot establish the existence of a binding contract requiring defendants to modify plaintiffs loans, plaintiffs cannot establish a claim for a breach of implied covenant, because California Law requires the existence of a contract as a prerequisite to any claim alleging the breach of the implied covenant of good faith and fair dealing.  See, e.g., Def. BOA's. Mot. at 7-8.

Plaintiffs have not filed an opposition to the instant motions, and as such have not directly replied  to defendants' arguments.  However, in plaintiffs' opposition to defendants' motions to dismiss the SAC, plaintiffs argued that even if the defendants' did "not breach the letter" of the TPPs, they still acted in a manner that breached the covenant of good faith and fair dealing.  Dkt. 167 at 22–23.

The Court finds that plaintiffs' breach of contract allegations fail to state a claim upon which relief can be granted, because plaintiffs cannot establish the existence of a contract between the parties requiring defendants to modify plaintiffs' original loans.  Plaintiffs have not alleged that defendants breached an express term of the parties' TPP agreements, and as such have not pled sufficient facts to sustain a breach of contract claim.  See Kilaita v. Wells Fargo Home Mortg., 2011 WL 6153148, at *4 (N.D. Cal. Dec. 12, 2011) ("In order to properly plead the existence of such a term, a plaintiff must either 'set forth in haec verba' all the terms of the contract or state the legal effect of those terms"); Levy v. State Farm Mut. Auto. Ins. Co., 150 Cal. App. 4th 1, 5 (2007) ("Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity.")  The TPPs foreclose that possibility, as by their plain terms, plaintiffs are not guaranteed a loan modification.  See e.g., Dkt No. 178 (Request for Judicial Notice ("RJN"), Ex. 3); Dkt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | | Date | February 25, 2013 |
|---|---|---|---|---|
| Title | JOSE LUIS ROSAS, ET AL. V. CARNEGIE MORTGAGE, LLC, ET AL. | | | |

184 (RJN, Ex. I; Ex. H; Ex. O); Dkt. 187 (RJN, Ex. C § 2.G).[3] Accordingly, this Court agrees with the numerous other courts that have found that HAMP trial plans do not create binding contracts requiring permanent loan modification. See, e.g., Lonberg v. Freddie Mac, 776 F. Supp. 2d 1202, 1209 (D. Or. 2011) (noting that "every court that has reviewed this issue has unanimously agreed that a defendant's failure to provide a permanent loan modification solely on the basis of the existence of a TPP does not sufficiently state a breach of contract claim") (collecting cases).

Nor can plaintiffs establish a breach of contract claim based on defendants' alleged verbal assurances. First, the plain terms of the TPPs are unambiguous as to whether a

---

[3] Although when ruling on a Rule 12(b)(6) motion a court generally may not consider materials outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials), a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Federal Rule of Evidence 201 authorizes a court to take judicial notice of "matters of public record," Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986), or any other "adjudicative" facts, which are "facts concerning the immediate parties." See United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976); In re Homestore.com, Inc. Sec. Lit., 347 F. Supp. 2d 814, 816-17 (C.D. Cal. 2004). Additionally, a court may review documents where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). Though a court must accept as true all material allegations in the complaint when considering a Rule 12(b)(6) motion, "a court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell, 266 F.3d at 988; Neilson v. Union Bank of California, N.A. 290 F. Supp.2d 1101, 1114 (C.D. Cal. 2003) (finding judicial notice proper where plaintiffs relied on the terms of a contract in their complaint, defendants submitted the contract with their complaint, and authenticity was undisputed). Here, the exhibits submitted in connection with defendants' RJN are referenced in the plaintiff's complaint. Accordingly, the Court GRANTS defendants' request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | JOSE LUIS ROSAS, ET AL. V. CARNEGIE MORTGAGE, LLC, ET AL. | | |

modification of the original loans is required, and therefore it is impermissible to modify the meaning of the TPP via extrinsic evidence of "verbal assurances." See Casa Herrera, Inc. v. Beydoun, 32 Cal. 4th 336, 343 (2004) ("The parol evidence rule . . . prohibits the introduction of any extrinsic evidence, whether oral or written, to vary, alter or add to the terms of an integrated written instrument.") (internal citations and quotation marks omitted). Moreover, any agreement to modify the terms of a loan agreement must be made in writing. Secrest v. Sec. Nat. Mortg. Loan Trust 2002-2, 167 Cal. App. 4th 544, 553 (2008) ("An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds.") (internal citations omitted). And even if it were permissible for the Court to consider defendants' alleged verbal promises, "[u]nless an agreement to restructure a loan embodies definite terms, capable of enforcement, it is not a legally valid contract." Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 483 (1989); see also Peterson Dev. Co. v. Torrey Pines Bank, 233 Cal. App. 3d 103, 115 (1991) ("When the commitment does not contain all of the essential terms . . . the prospective borrower cannot rely reasonably on the commitment, and the lender is not liable for either a breach of the contract or promissory estoppel."); Kruse v. Bank of America, 202 Cal. App. 3d 38, 60 (1988) (explaining that the essential terms of a loan agreement are "the amount of the loan, the rate of interest, the terms of repayment, applicable loan fees and charges"). Because plaintiffs have not alleged that defendants specified the precise terms of the modified loans, plaintiffs cannot establish a breach of contract claim.

Because the Court finds that plaintiffs' breach of contract allegations fail to state a claim upon which relief can be granted, plaintiffs' claim for breach of the covenant of good faith and fair dealing also fails. Under California law, "every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Storek & Storek, Inc. v. Citicorp Real Estate, Inc., 100 Cal. App. 4th 44, 55 (2002). However, the scope of conduct prohibited by the covenant is limited, and is "circumscribed by the purposes and express terms of the contract." Carma Developers, Inc. v. Marathon Dev. Cal. Inc., 2 Cal. 4th 342, 373 (1992). Accordingly, a court may not imply a covenant of good faith and fair dealing which contradicts the express terms of an agreement. Storek, 100 Cal. App. 4th at 55.

Plaintiffs allege that defendants breached this implied covenant by failing to extend plaintiffs "an offer for permanent modification that is affordable or anywhere in line with the repeated promises [d]efendants [sic] representatives made to [p]laintiffs." TAC ¶ 161.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-7692 CAS (CWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | JOSE LUIS ROSAS, ET AL. V. CARNEGIE MORTGAGE, LLC, ET AL. | | |

Plaintiffs further allege that defendants breached this covenant by "foreclosing on the property despite the existence of the purported permanent loan modification contract."  Id.

As noted, plaintiffs had no right to a permanent loan modification under the express terms of the TPP agreements they signed.  Instead, plaintiffs agreed to continue making payments under the agreement in exchange for defendants' forbearance in exercising its right to foreclose on plaintiffs' properties immediately.  Nowhere in these agreements did defendants agree to offer plaintiffs an "affordable" loan modification and only agreed to forgo foreclosing if the parties failed to reach a permanent agreement at the expiration of the TPPs.  See, e.g., Dkt 178 (RJN, Ex. 3); Dkt 184 (RJN, Ex. I at Ex. H; Ex. O); Dkt 187 (RJN, Ex. C § 2.G).  As such, plaintiffs cannot establish a breach of the implied covenant of good faith and fair dealing, because defendants' conduct was expressly permitted by their contracts with the plaintiffs.

Plaintiffs have failed to state a claim for breach of contract or for breach of the implied covenant of good faith and fair dealing.  Because the Court concludes that further amendment would be futile, the Court dismisses plaintiffs' first and second claims with prejudice.

### B.    Plaintiffs' Third and Fourth Claim for Quiet Title and Quasi Contract

In support of their claim for quiet title, plaintiffs allege that their obligations owed to defendants under the applicable Deeds of Trust were fulfilled when defendants "received funds in excess of the balance on the Note as proceeds of sale through securitization(s) of the loan and insurance proceeds from Credit Default Swaps." TAC ¶ 169.  Therefore, plaintiffs allege that they are entitled to a judicial declaration that title to their respective properties are "vested solely in Plaintiffs and that Defendants have no right, title, estate, lien, or interest in the Property [sic] . . . ." TAC  ¶ 170.  Similarly, plaintiffs' claim for quasi-contract alleges that the non-Government Sponsored Entities (GSE) defendants have been "unjustly enriched by collecting monthly payments" even though plaintiffs' loan obligations were "fulfilled" when "lenders received the balance on the Note as proceeds of sale through securitization" of the loan.  TAC ¶¶ 175–176.

For both causes of actions, plaintiffs simply reassert unmodified allegations identical to those presented the SAC.  Compare SAC at 59–61, with TAC ¶¶ 169–176.  However, the Court previously found that these same allegations fail to state a claim for which relief may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | JOSE LUIS ROSAS, ET AL. V. CARNEGIE MORTGAGE, LLC, ET AL. | | |

be granted. Dkt. No. 174 at 13–15. Accordingly, because plaintiffs have failed to amend their claims for quiet title and quasi-contract, the Court dismisses these claims with prejudice.

**C.     Plaintiffs' Fifth Claim for "No Contract"**

In support of their claim for no contract, plaintiffs allege that defendants "routinely approved predatory real estate loans to unqualified buyers" and "implemented unlawful lending practices" by encouraging "loan officers to falsify" borrower's income and assets "when borrowers were not qualified." TAC ¶¶ 185–88. Plaintiffs further allege that plaintiffs did not have a "meeting of the minds" with their original lenders because while plaintiffs expected that they would pay off their loans, the original lenders expected that plaintiffs would default. TAC ¶ 190. According to plaintiffs, this means that their loan documents are "void *ab initio*." TAC ¶ 196. These allegations are nearly identical to the allegations contained in the SAC. Compare TAC at 38-41, with SAC at 61–63. In fact, the only additional factual allegations contained in the TAC are the allegations with respect to the alleged promise of a permanent loan modification, and that plaintiffs relied on these promises "to their detriment." TAC ¶¶ 180–184.

These additional factual allegations do not cure the inadequacies of the SAC, and therefore plaintiffs' allegations of "no contract" fail to state a claim upon which relief can be granted for the same reasons set forth in the Court's ruling on defendants' motions to dismiss the SAC. See Dkt. No. 174 at 15–17. First, plaintiffs fail to allege tender or the ability to do so, which precludes them from stating a claim for "no contract" under California law. See Hague v. Wells Fargo Bank, 2012 WL 1029688, at *7 (N.D. Cal. Mar. 26, 2012) (dismissing a "no contract" claim for failure to allege tender). Second, plaintiffs continue to fail to state their "no contract" claim with particularity, as required by Federal Rule of Civil Procedure 9(b). The SAC made no attempt to separate the allegations against each defendant or to identify the alleged misrepresentations with the requisite particularity required under Rule 9(b). See SAC at 61–63. The TAC is no different in this respect. Plaintiffs continue to lump multiple defendants together and fail to differentiate their allegations. See TAC ¶¶ 178–196. As a result, the addition of plaintiffs' allegations that defendants reneged on their verbal assurances to modify plaintiffs' loans fails to remedy the SAC's deficiencies. See, e.g., Javaheri v. JPMorgan Chase Bank, N.A., 2011 WL 1131518, at *3–4.

JS - 6

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7692 CAS (CWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | JOSE LUIS ROSAS, ET AL. V. CARNEGIE MORTGAGE, LLC, ET AL. | | |

Thus, plaintiffs have failed to state a claim for "no contract." Moreover, because the Court believes that further amendment would be futile, the Court dismisses plaintiffs' fifth claim for "no contract" with prejudice.

**V.      CONCLUSION**

In accordance with the foregoing, the Court hereby DISMISSES plaintiffs' TAC in its entirety. Because the Court finds that further leave to amend would be futile, dismissal is WITH PREJUDICE. <u>Schreiber</u>, 806 F.2d at 1401. The Court denies Chase's and Indymac's motions to dismiss for lack of subject matter jurisdiction as moot.

IT IS SO ORDERED.

_____ : _____

Initials of
Preparer                                    MS